## IN THE SANDUSKY MUNICIPAL COURT
## ERIE COUNTY, OHIO

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. CVF 0800975 |
| Plaintiff, | |
| vs. | Judge |
| **ANDREA L. BRENT** | |
| Defendant and Third-Party Plaintiff | |
| vs. | **ANSWER, COUNTERCLAIM AND THIRD PARTY COMPLAINT OF DEFENDANT** |
| **MIDLAND CREDIT MANAGEMENT, INC.**<br>8875 Aero Drive<br>San Diego, California 92123 | |
| Serve: **Robin R. Pruitt**<br>8875 Aero Drive<br>Suite 200<br>San Diego, CA 92123 | |
| Third-Party Defendant | |

### ANSWER

Defendant, Andrea L. Brent, through her undersigned counsel, files her Answer to the Plaintiff's Complaint as follows:

1. Defendant denies that she originally owed any claim to CITIBANK USA at any time. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies such remaining allegations.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Exhibit B is a document attached to the Plaintiff's Complaint, the contents of which speak for itself. Defendant denies the allegations, stated as facts in Exhibit B, that she had an account with CITIBANK USA, that she failed to make payments on the account, that she had any business dealings with Plaintiff and that any demand has been made upon her for payment of the alleged debt. Defendant further denies that she ever received monthly statements pertaining to the alleged account or ever had any records of the account in her possession. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Exhibit B and Paragraph 5 of Plaintiff's Complaint and therefore denies such allegations.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that she has made no payments to Plaintiff on the alleged debt and denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Complaint.

Wherefore, having fully answered, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs.

## COUNTERCLAIM & THIRD-PARTY COMPLAINT

Defendant, through her undersigned counsel, files her Counterclaim against Plaintiff, Midland Funding LLC ("Midland"), and her Third-Party Complaint against Third-Party Defendant, Midland Credit Management, Inc. ("MCM"). These claims are brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the common law of Ohio.

## PARTIES

1. Defendant/Third-Party Plaintiff Andrea L. Brent (Defendant or Brent) is a natural person residing in Sandusky, Erie County, Ohio.

2. Upon information and belief, Midland is a Delaware Limited Liability Company, with a regular place of business in San Diego, California. Midland regularly conducts business in the sate of Ohio. Midland acquires consumer debts when in default and is engaged in the business of collecting those debts.

3. MCM is a Kansas corporation engaged in the business of collecting debts in Ohio and throughout the country. MCM's headquarters are located in San Diego, California. MCM regularly attempts to collect debts alleged to be due another.

## FACTS COMMON TO ALL COUNTS

4. Midland, through its attorneys, filed this Complaint in an attempt to collect the debt allegedly owed it by Defendant. Upon information and belief, Midland is and

has been a plaintiff in tens of thousands of debt collection lawsuits in Ohio and across the country.

5. Defendant had no knowledge of this alleged debt, nor the existence of MCM and/or Midland, prior to her receipt of the summons and Complaint in this action. Defendant had no prior contact from either entity in person, by telephone or by mail.

6. Defendant, upon learning that she had been sued for a debt she knew nothing about, became extremely upset and distraught.

7. MCM, as servicer of the alleged Midland account hired counsel and directed counsel to initiate this action based on the representations made by an MCM employee contained in the affidavit attached as Exhibit B (Form 400) to the Complaint. (Exhibit is attached hereto as Exhibit B). Exhibit B purports to represent facts pertaining to the alleged debt within the personal knowledge of the affiant.

8. The MCM employee who authored Exhibit B (Form 400) on February 4, 2008, swore under penalty of perjury that such employee possessed personal knowledge that:

   a. As of November 10, 2000, Defendant owed a balance of $4,516.57 on a CITIBANK USA account;

   b. That Defendant failed to make payments on the account;

   c. That demand had been made of Defendant to make payments on the account more than thirty (30) days previous to his signature;

   d. That the balance due as of November 10, 2000 continued to earn annual interest at the rate of 8%; and

   e. That the defendant is not a minor or mentally incapacitated "based upon business dealings with the defendant".

9. Upon information and belief, Form affidavits, such as the one attached to this Complaint, are signed by MCM employees who have no personal knowledge of any of the facts asserted.

10. Midland's Complaint alleges that Defendant entered into a written contract with CITIBANK USA and alleges that the attached Exhibit A is that agreement. Exhibit A does not identify Defendant as a party to any agreement and contains no signatures or any information pertinent to the parties to the agreement. (Exhibit is attached hereto as Exhibit A).

11. Notwithstanding the fact that Exhibit A is not a written agreement executed by Defendant, that document states that the "terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota".

12. South Dakota Statute 54-2-13(1) states that an action upon a contract, obligation or liability, express or implied, can only be commenced within six years after the cause of action accrues.

13. Upon information and belief, MCM and Midland filed this suit in an attempt to collect a debt when they had no evidentiary basis to support their claims.

14. MCM and Midland filed this suit in an attempt to collect a debt knowing that even based upon the scant factual information in their possession the suit was clearly time-barred.

15. MCM and Midland filed this suit knowing that they did not and cannot establish that Defendant owed the alleged debt.

16. Upon information and belief, MCM and Midland have a standard practice of filing lawsuits which have no evidentiary factual basis and that are not warranted under the applicable law, such as this one, with a goal of obtaining a default judgment.

5

17. Upon information and belief, MCM and Midland attach virtually identical form affidavits to each of these lawsuits, alleging facts to which the MCM employees have no personal knowledge. MCM and Midland have no intention to pursue the claims if challenged, voluntarily dismissing the suits, or failing to appear.

18. In the past year, Midland has filed approximately 80 consumer collection cases in Sandusky, Ohio Municipal Court. There have been filed approximately 375 additional consumer collection cases in Findlay Municipal Court, Vermilion Municipal Court, and the Municipal Courts of Lake County, Ohio alone - courts which have computerized records available for review and verification.

## CLASS ALLEGATIONS

19. Defendant/Third-Party Plaintiff brings this action on behalf of two classes, pursuant to Rule 23 of the Ohio Rules of Civil Procedure.

20. Class 1 consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) where a form affidavit was attached to the complaint, and (e) the suit was filed on or after a date one year prior to this action.

21. Class 2 consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) beyond the statute of limitations and (e) which action was filed on or after a date one year prior to this action.

22. The class members are so numerous that joinder is impracticable.

23. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

6

    a. Whether Midland and MCM have a practice of filing false form affidavits;

    b. Whether Midland and MCM have attempted to collect debts by filing time-barred debt collection actions, and

    c. Whether such practices violate the FDCPA.

24. The claims of Defendant are typical of the claims of class members. All are based on the same facts and the same legal theories.

25. Defendant will fairly and adequately represent the interests of the class members. Defendant has retained counsel experienced in consumer credit and debt collection abuse cases.

26. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

## COUNT ONE
(Violation of the FDCPA – 15 U.S.C. § 1692 *et seq.*)

27. Defendant re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

28. Defendant is a "consumer" as defined by 15 U.S.C. § 1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. § 1692a(5).

29. MCM and Midland are regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

30. The acts and omissions of MCM and Midland violated the FDCPA, including, but not limited to:

   a. Using false, deceptive, and misleading representations and means in connection with Defendant's alleged debt by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

   b. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by threatening or taking actions that cannot legally be taken or that are not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   c. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by using false representations and deceptive means to collect or attempt to collect Defendant's alleged debt in violation of 15 U.S.C. § 1692e(10);

   d. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by falsely representing or implying that Defendant's alleged debt has been turned over to innocent purchasers for value in violation of 15 U.S.C. §1692e(12); and

   e. Employing other false, deceptive, or misleading representations in connection with the collection of Defendant's alleged debt in violation of 15 U.S.C. § 1692e.

31. As a direct and proximate result of Midland and MCM's violations of the FDCPA, Defendant has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as the cost of defending the unwarranted and illegal collection lawsuit against her.

32. As a result of Midland and MCM's violations of the FDCPA, Defendant is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both Midland and MCM.

Wherefore Defendant prays for judgment against Plaintiffs in an amount of damages exceeding $25,000, for reasonable attorney fees, for pre and post judgment interest, for statutory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## COUNT TWO
### (Intentional and/or Negligent Infliction of Emotional Distress)

33. Defendant re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

34. Midland and MCM instituted a civil debt collection lawsuit against Defendant without a reasonable ground to do so.

35. Filing a time-barred debt collection lawsuit against a person who does not owe the debt is atrocious and utterly intolerable in a civilized community.

36. Midland and MCM knew or should have known that filing an unjustified lawsuit created a high probability that Defendant would suffer emotional distress as a result. Midland and MCM acted with deliberate disregard of that probability.

37. Midland and MCM acted without ordinary care under the circumstances in instituting the lawsuit against Defendant.

38. Defendant has suffered severe and extreme emotional distress due to the actions of Midland and MCM.

39. As a result of Midland and MCM's conduct, Defendant is entitled to actual damages, punitive damages in an amount necessary and appropriate to punish them for their unlawful conduct and deter them from such future conduct, and in addition the costs of this matter.

Wherefore Defendant prays for judgment against Plaintiffs in an amount of damages exceeding $25,000, for reasonable attorney fees, for pre and post judgment interest, for statutory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

## **PRAYER FOR RELIEF ON BOTH COUNTS**

Defendant/Third-Party Plaintiff, Andrea Brent, prays that this Court grant the following relief in favor of Defendant and the class members against Midland and MCM:

1. Declare that Midland and MCM's collection actions violate the FDCPA;

2. Enter judgment in favor of Defendant/Third-Party Plaintiff against Midland and MCM for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees, pre and post judgment interest exceeding $25,000;

3. Certify this action as a class action and enter judgment in favor of the class members against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys fees as provided by § 1692k(a) of the FDCPA in an amount exceeding $25,000; and

      4.      Grant such further relief as deemed just, with pre and post injunctive relief.

### JURY DEMAND

The Defendant hereby demands trial by jury of the above case.

Respectfully submitted,

Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address: dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address: dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile:   (419) 624-0707

Attorneys for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing **Answer, Counterclaim, and Third Party Complaint of Defendant** was forwarded by first-class mail to the following:

Brian C. Block
Melissa Hager
Javitch, Block & Rathbone LLP
1100 Superior Ave, 19th Floor
Cleveland, Ohio 44114-2518

Attorneys for Plaintiff

This 15th day of May, 2008.

Donna J. Evans, Esq. (0072306)
Attorney for Defendant