IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| Plaintiff, | ) | JUDGE: Katz |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrea Brent, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |

**Plaintiff Midland Funding, LLC and
Third-Party Defendant Midland Credit Management, Inc.'s
Answer to Plaintiff's Counterclaim and Third-Party Complaint**

Now comes Plaintiff, Midland Funding, LLC ("Midland"), and Third-Party Defendant, Midland Credit Management, Inc. ("MCM"), by and through undersigned counsel, and for their Answer to Defendant Andrea L. Brents's counterclaim and third-party complaint, state as follows:

**Parties**

1. Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Defendant's counterclaim and third-party complaint.

2. Midland admits that it is a Delaware Limited Liability Company, and that it acquires consumer debts when in default, but otherwise denies the allegations contained in paragraph 2 of Defendant's counterclaim and third-party complaint.

1

3. MCM admits that it is a Kansas corporation and that its headquarters are located in San Diego, California, but otherwise denies the allegations contained in paragraph 3 of Defendant's counterclaim and third-party complaint.

### Facts Common to all Counts

4. Midland and MCM admit that Midland, through its attorneys, filed a complaint to collect the debt allegedly owed it by Defendant, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of Defendant's counterclaim and third-party complaint.

5. Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Defendant's counterclaim and third-party complaint.

6. Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Defendant's counterclaim and third-party complaint

7. MCM admits that it hired counsel, and that an MCM employee executed the affidavit referenced in Defendant's counterclaim and third-party complaint, but Midland and MCM otherwise deny the remaining allegations contained in paragraph 7 of Defendant's counterclaim and third-party complaint.

8. Midland and MCM state that Exhibit B, referenced in paragraph 8 of Defendant's counterclaim and third-party complaint, speaks for itself.

9. Midland and MCM deny the allegations contained in paragraph 9 of Defendant's counterclaim and third-party complaint.

10. In response to the allegations contained in paragraph 10 of Defendant's counterclaim and third-party complaint, Midland and MCM state that the complaint and the exhibit attached thereto speak for themselves.

11. Midland and MCM admit that Exhibit A referenced in the complaint contains language that states that the "terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota," but otherwise deny the allegations contained in paragraph 11 of Defendant's counterclaim and third-party complaint.

12. Midland and MCM states that there is no such statute as "South Dakota Statute 54-2-13(1), so they are without knowledge or information to sufficient to form a belief as to the allegations contained in paragraph 12 of Defendant's counterclaim and third-party complaint.

13. Midland and MCM deny the allegations contained in paragraph 13 of Defendant's counterclaim and third-party complaint.

14. Midland and MCM deny the allegations contained in paragraph 14 of Defendant's counterclaim and third-party complaint.

15. Midland and MCM deny the allegations contained in paragraph 15 of Defendant's counterclaim and third-party complaint.

16. Midland and MCM deny the allegations contained in paragraph 16 of Defendant's counterclaim and third-party complaint.

17. Midland and MCM deny the allegations contained in paragraph 17 of Defendant's counterclaim and third-party complaint.

18. Midland and MCM are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of Defendant's counterclaim and third-party complaint.

## Class Allegations

19. Midland and MCM need not admit nor deny the allegations contained in paragraph 19 of Defendant's counterclaim and third-party complaint.

20. Midland and MCM admit that Defendant has defined a putative class as, but deny the propriety of a class action in response to paragraph 20 of Defendant's counterclaim and third-party complaint.

21. Midland and MCM admit that Defendant has defined a putative class as, but deny the propriety of a class action in response to paragraph 21 of Defendant's counterclaim and third-party complaint.

22. Midland and MCM deny the allegations contained in paragraph 22 of Defendant's counterclaim and third-party complaint.

23. Midland and MCM deny the allegations contained in paragraph 23 (a) – (c) of Defendant's counterclaim and third-party complaint.

24. Midland and MCM deny the allegations contained in paragraph 24 of Defendant's counterclaim and third-party complaint.

25. Midland and MCM deny the allegations contained in paragraph 25 of Defendant's counterclaim and third-party complaint.

26. Midland and MCM deny the allegations contained in paragraph 26 of Defendant's counterclaim and third-party complaint.

## Count One

27. Midland and MCM incorporate by reference herein their answers to paragraphs 1-26 of their answer in response to the allegations contained in paragraph 27 of Defendant's counterclaim and third-party complaint.

28. Midland and MCM are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of Defendant's counterclaim and third-party complaint..

29. Midland and MCM deny the allegations contained in paragraph 29 of Defendant's counterclaim and third-party complaint.

30. Midland and MCM deny the allegations contained in paragraph 30 (a) – (e) of Defendant's counterclaim and third-party complaint.

31. Midland and MCM deny the allegations contained in paragraph 31 of Defendant's counterclaim and third-party complaint.

32. Midland and MCM deny the allegations contained in paragraph 32 of Defendant's counterclaim and third-party complaint.

### Count Two

33. Midland and MCM incorporate by reference herein their answers to paragraphs 1-32 of their answer in response to the allegations contained in paragraph 33 of Defendant's counterclaim and third-party complaint.

34. Midland and MCM deny the allegations contained in paragraph 34 of Defendant's counterclaim and third-party complaint.

35. Midland and MCM deny the allegations contained in paragraph 35 of Defendant's counterclaim and third-party complaint.

36. Midland and MCM deny the allegations contained in paragraph 36 of Defendant's counterclaim and third-party complaint.

37. Midland and MCM deny the allegations contained in paragraph 37 of Defendant's counterclaim and third-party complaint.

38. Midland and MCM deny the allegations contained in paragraph 38 of Defendant's counterclaim and third-party complaint.

39. Midland and MCM deny the allegations contained in paragraph 39 of Defendant's counterclaim and third-party complaint.

### Prayer for Relief on Both counts

Plaintiff Midland and Third-Party Defendant MCM prays that this Court grant the following relief in their favor:

1. Declare that Midland and MCM's collection actions did not violate the FDCPA;
2. Enter judgment in favor of Midland and MCM, and award them the costs of defending this action;
3. Deny certification of this action as a class;
4. Grant such further relief as deemed just.

### Jury Demand

Midland and MCM hereby demand trial by jury of the above case.

### Affirmative Defenses

1. Defendant has failed to state a claim upon which relief can be granted.
2. MCM is not liable for a violation of the FDCPA because any violation, which MCM denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.
3. Plaintiff failed to dispute the validity of the debt, thereby giving rise to a statutory assumption as to the validity of the debt.
4. Plaintiff is equitably estopped from disputing the validity of the debt when her silence led to the filing of the state court action.

6

5. Plaintiff's claims are barred by laches, estoppel, waiver, unclean hands, and/or failure to mitigate her damages.

6. Plaintiff is not entitled to an injunction under the FDCPA.

7. Defendant reserves the right to assert additional defenses as discovery proceeds.

8. Defendant Midland Funding, LLC is not a debt collector, and Midland Funding, LLC did not engage in any debt collection activity.

Wherefore, having fully responded to Defendant's counter-claim and third-party complaint, MCM and Midland pray that the same be dismissed and that they be permitted to go hence with the costs of this action borne entirely by Defendant.

Respectfully Submitted:

/s/ R. Glenn Knirsch
R. Glenn Knirsch, SCR#0080770
Javitch, Block, & Rathbone LLP
1100 Superior Avenue, 18th Floor
Cleveland, Ohio 44114
Ph:	(216) 623-0000 x. 3088
Fax:	(216) 525-4962
E-mail: gknirsch@jbandr.com
Attorney for Plaintiff/ Counter-Defendant,
**Midland Funding, LLC**

## PROOF OF SERVICE

I hereby certify that on June 18, 2008 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties, by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ R. Glenn Knirsch
R. Glenn Knirsch, SCR#0080770