# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Midland Funding LLC

        Plaintiff (s),

vs.

Andrea L. Brent

        Defendant(s).

Case No.   3:08cv1434

Judge David A. Katz

**NOTICE:**

**CASE MANAGEMENT CONFERENCE**

This case is subject to the provisions of LR 16.1 of the Local Rules of the Northern District of Ohio entitled Differentiated Case Management (DCM). All counsel are expected to familiarize themselves with the Local Rules as well as with the Federal Rules of Civil Procedure. The Court shall evaluate this case in accordance with LR 16.1 and assign it to one of the case management tracks described in LR 16.2(a). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and time lines governing discovery practice, motion practice and for trial. Discovery shall be guided by LR 26.1 et seq. and motion practice shall be guided by LR 7.1(b)-(j) et seq.

### SCHEDULING OF CASE MANAGEMENT CONFERENCE

All counsel and/or parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on **August 5, 2008** at **9:30 a. m.** before Judge David A. Katz, in Room 307, United States Courthouse, 1716 Spielbusch Avenue., Toledo, Ohio.

Local Rule 16:3(b) requires the attendance of both parties and lead counsel. "Parties" means either the named individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the actual facts of the case. "Party" does not mean in-house counsel or someone who merely has "settlement authority." If the presence of a party or lead counsel will constitute an undue hardship, a written motion to excuse the presence of such person must be filed well in advance of the CMC, with copies of said motion delivered to all other counsel in the case, at least two (2) days prior to the conference.

-2-
## TRACK RECOMMENDATION

Pursuant to Local Rule 16.2(a), and subject to further discussion at the CMC, the Court recommends the following track:

|      | EXPEDITED | __X__ | STANDARD |      | ADMINISTRATIVE |
|------|-----------|-------|----------|------|----------------|
|      | COMPLEX   |       | MASS TORT |     |                |

____ RECOMMENDATION RESERVED FOR CMC.

## APPLICATION OF FED.R.CIV.P. 26(a)

Rule 26(a) of the Federal Rules of Civil Procedure, as amended December 1, 2000, mandate a series of required disclosures by counsel in lieu of discovery requests unless otherwise stipulated or directed by order of the Court or by local rule. In the above entitled case, Rule 26(a) shall apply as follows:

__x__ All disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures (Rule 26(a)(l)), Disclosure of Expert Testimony (Rule 26(a)(2)), and Pre-Trial Disclosures (Rule 26(a)(3)).

____ Initial Disclosures (Rule 26(a)(1)) shall not apply; Disclosure of Expert Testimony (Rule 26(a)(2)) and Pre-Trial Disclosures (Rule 26(a)(3)) shall apply.

__x__ Prior to the Case Management Conference, the parties may undertake such informal or formal discovery as they mutually agree. Absent such agreement, counsel are reminded that, no preliminary _formal_ discovery may be conducted prior to the CMC except as such discovery as is necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief. This limitation in no way affects any disclosure required by Fed.R.Civ.P.26(a)(1) or by this order.

## CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.

## PREPARATION FOR CMC BY COUNSEL

The general agenda for the CMC is set by Local Rule 16.3(b).  **Counsel for the plaintiff shall arrange with opposing counsel for the meeting of the parties as required by FED.R.CIV.P. 26(f) and Local Rule 16.3(b).  A report of this planning meeting shall be electronically filed no later than 3 days before the CMC.  The report shall be in a form substantially similar to Attachment l.**

As part of their pre-CMC planning conference, counsel should determine whether there will be discovery of electronically stored information ("ESI") or E-discovery.  If counsel anticipate any E-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard as set forth in Appendix K to the Local Civil Rules (copy enclosed as Attachment #2).

## FILING OF DISCOVERY MATERIALS

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

## DEPOSITIONS PRACTICES

The Judges of the Northern District of Ohio have recently adopted LR 30.1 which governs the taking of depositions.   Counsel are expected to comply with the rule in its entirety.

## OTHER DIRECTIVES

In all cases in which it is anticipated that a party will seek fee shifting pursuant to statutory or case-law authority, any party so anticipating requesting fees shall file with the Court (and serve all counsel)  at or prior to the CMC a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim.  Such estimate shall include, but not be limited, to the following:

**ATTORNEY'S FEES**                                                                                **COSTS**

| | | | |
|---|---|---|---|
| Preliminary Investigation & Filing Complaint | $ | Depositions | $ |
| Procedural motions practice | $ | Experts | $ |
| Discovery | $ | Witness Fees | $ |
| Dispositive Motions Practice | $ | Other | $ |
| Settlement Negotiations | $ | | |
| Trial | $ | | |
| **TOTAL FEES** | $ | **TOTAL COSTS** | $ |

-4-

## RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.

GERI M. SMITH,
Clerk of Court


   **/s/ Cindy Reynolds**
Cindy Reynolds
Courtroom Deputy for Judge Katz

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

,                                                 **Case No.**

                    **Plaintiff,**         **REPORT OF PARTIES'
PLANNING MEETING**

          **-vs-**                               **JUDGE**

,

                    **Defendant.**

1.     Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on _____, and was attended by:

_____ **Counsel for Plaintiff(s)** _____

_____ **Counsel for Defendant(s)** _____

2.     **The parties:**

\_\_\_\_\_ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior order; or

\_\_\_\_\_ Will exchange such disclosures by _____

3.     **The parties recommend the following track:**

\_\_\_\_\_ Expedited     \_\_\_\_\_ Standard     \_\_\_\_\_ Complex

\_\_\_\_\_ Administrative     \_\_\_\_\_ Mass Tort

4.     This case \_\_\_\_\_ is / \_\_\_\_\_ is not suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

\_\_\_\_\_ Early Neutral Evaluation     \_\_\_\_\_ Mediation     \_\_\_\_\_ Arbitration

\_\_\_\_\_ Summary Jury Trial     \_\_\_\_\_ Summary Bench Trial

**5.** **The parties \_\_\_\_\_ do/ \_\_\_\_\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).**

**If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the Judge's Chambers (419 213-5710) prior to the Case Management Conference. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.**

**6.** **The parties agree that this case \_\_\_\_\_ does / \_\_\_\_\_ does not involve electronic discovery.**

**7.** **Recommended Discovery Plan: (Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules):**

**(a)** **Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: _____**

**_____**

**_____**

**(b)** **Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):**

**_____**

**_____**

**_____**

**(c)** **Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): _____**

**_____**

**_____**

      **(d)**    **Discovery Deadlines:**

           **(i)**    **Liability:**    _____

           **(ii)**    **Damages:**    _____

**8.**    **Recommended dispositive motion date:**    _____

**9.**    **Recommended cut-off for amending the pleadings and/or adding additional parties:**

    _____

**10.**    **Recommended date for status hearing and/or final pretrial settlement conference:**

    _____

**11.**    **Other matters for the attention of the Court:**    _____

_____

_____

                **Attorney for Plaintiffs:**    __s/_____

                **Attorney for Defendants:**    __s/_____

**LR - APPENDIX K**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DEFAULT STANDARD FOR DISCOVERY OF
ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")

1. **Introduction**. The court expects the parties to cooperatively reach agreement on how to conduct e-discovery. In the event that such agreement has not been reached by the time of the Fed. R. Civ. P. 16 scheduling conference, the following default standards shall apply until such time, if ever, the parties reach agreement and conduct e-discovery on a consensual basis.

2. **Discovery conference**. Parties shall discuss the parameters of their anticipated e-discovery at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the court, consistent with the concerns outlined below.

Prior to the Rule 26(f) conference, the parties shall exchange the following information:

a. A list of the most likely custodians of relevant electronically stored information ("identified custodians"), including a brief description of each person's title and responsibilities (see ¶ 7).

b. A list of each relevant electronic system that has been in place at all relevant times[1] and a general description of each system, including the nature, scope, character, organization, and formats employed in each system. The parties should also include other pertinent information about their electronically stored information and whether that electronically stored information is of limited accessibility. Electronically stored information of limited accessibility may include those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

c. The name of the individual designated by a party as being most knowledgeable regarding that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document retention policies for the systems identified above (see ¶ 6).

---

[1] For instance, in a patent case, the relevant times for a patent holder may not only be the time of the alleged infringement, but may also be the date the patent(s) issued or the effective filing date of each patent in suit.

    d.    The name of the individual who shall serve as that party's "e-discovery coordinator" (see ¶ 3).

    e.    Provide notice of any problems reasonably anticipated to arise in connection with e-discovery.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the Rule 26(f) conference, the parties shall either agree on a date by which this information will be mutually exchanged or submit the issue for resolution by the court at the Rule16 scheduling conference.

    **3.**    **E-discovery coordinator**. In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through which all e-discovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless of whether the e-discovery coordinator is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

    a.    Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

    b.    Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.

    c.    Prepared to participate in e-discovery dispute resolutions.

The Court notes that, at all times, the attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process. The ultimate responsibility for complying with e-discovery requests rests on the parties. Fed. R. Civ. P. 37(f).

    **4.**    **Timing of e-discovery**. Discovery of relevant electronically stored information shall proceed in a sequenced fashion.

    a.    After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronically stored information, and produce relevant responsive electronically stored information in accordance with Fed. R. Civ. P. 26(b)(2).

    b.    Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

    c.    On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted

absent exceptional circumstances, where good cause and specific need have been demonstrated.

    5. **Search methodology**. If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronically stored information. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery coordinators, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

    6. **Format**. If, during the course of the Rule 26(f) conference, the parties cannot agree to the format for document production, electronically stored information shall be produced to the requesting party as image files (e.g., PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronically stored information in their native format.

    7. **Retention**. Within the first thirty (30) days of discovery, the parties should work toward an agreement (akin to the standard protective order) that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronically stored information. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

    a.    Take steps to ensure that relevant e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that relevant electronically stored information maintained by the individual custodians shall not be altered.

    b.    Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of identifying the relevant document custodians, the retention coordinators shall implement the above procedures and each party's counsel shall file a statement of compliance as such with the court.

    8. **Privilege**. Electronically stored information that contains privileged information or

attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

    9.    <u>**Costs**</u>. Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.