IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDLAND FUNDING LLC,
    Plaintiff,

Case No. 3:08-cv-01434

    Plaintiff,

**REPORT OF PARTIES'
PLANNING MEETING**

-vs-

**JUDGE** DAVID A. KATZ

ANDREA BRENT

    **Defendant.**

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b), a meeting was held on July 22, 2008 _____, and was attended by:

R. Glenn Knirsch    Counsel for Plaintiff(s) Midland Funding, et al.

Donna J. Evans    Counsel for Defendant(s) Andrea Brent

2. The parties:

\_\_\_\_\_ Have exchanged the pre-discovery disclosures required by Rule 26(a)(l) and the Court's prior order; or

_X_ Will exchange such disclosures by August 19, 2008

3. The parties recommend the following track:

\_\_\_\_\_ Expedited    _X_ Standard    _X_ Complex

\_\_\_\_\_ Administrative    \_\_\_\_\_ Mass Tort

4. This case \_\_\_\_\_ is / _X_ is not suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

\_\_\_\_\_ Early Neutral Evaluation    \_\_\_\_\_ Mediation    \_\_\_\_\_ Arbitration

\_\_\_\_\_ Summary Jury Trial    \_\_\_\_\_ Summary Bench Trial

5. The parties ____do/ _X_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

If you are consenting to the jurisdiction of the United States Magistrate Judge, please contact the Judge's Chambers (419 213-5710) prior to the Case Management Conference. A Consent to the Exercise of Jurisdiction will then be issued for signature by all parties and the case will be sent to the Magistrate Judge for the Case Management Conference and all further proceedings.

6. The parties agree that this case _X_ does / ____ does not involve electronic discovery.

7. Recommended Discovery Plan: (Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules):

(a) Describe the subjects on which discovery is to be sought, the nature and extent of discovery and any potential problems: ~~Document production and interrogatories as to customer~~mer account information and collection efforts; depositions of Midland parties and employees re: ~~policies, procedures; discovery on underlying account and damages issues and Defendant~~'s obligation on the consumer account. Potential Problems – Attorney client privilege in re: ~~underlying collection matter and counterclaim seeking policies related thereto.~~

(b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):

Customer account information electronically stored in Midland system – initial production of screen shots and data compilations of accounts – (all customer data to be preserved, pending determination of necessity of additional discovery) legal and/or compliance department electronic communications/data (if stored on computers separate from customer database system). Computer programming logic for account activity determinations (code).

(c) Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): ~~None anticipated at present – expert in computer data~~ mining may be retained re class certification issues if needed/possible expert re: bonafide error ~~defense.~~

6

    (d)    **Discovery Deadlines:**

        (i)    Liability:    February 1, 2009

        (ii)    Damages:    February 1, 2009

8. **Recommended dispositive motion date:** May 1, 2009

9. **Recommended cut-off for amending the pleadings and/or adding additional parties:**

    December 1, 2008

10. **Recommended date for status hearing and/or final pretrial settlement conference:**

    July 15, 2009

11. **Other matters for the attention of the Court:**

Class Certification Motion - April 1, 2009

Discovery Cutoff - February 1, 2009

 

**Attorney for Plaintiffs:**    s/ R. Glenn Knirsch (per e-mail approval)
R. Glenn Knirsch

**Attorney for Defendants:**    s/ Donna J. Evans
Donna J. Evans

7