**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **MIDLAND FUNDING LLC**<br><br>    Plaintiff,<br>vs.<br><br>**ANDREA L. BRENT**<br><br>    Defendant and Third-Party Plaintiff<br>vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**<br><br>    Third-Party Defendant | Case No. 3:08-CV-1434<br><br>Judge David A. Katz<br><br>**<u>FIRST AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT OF DEFENDANT</u>** |

**<u>COUNTERCLAIM & THIRD-PARTY COMPLAINT</u>**

Defendant, through her undersigned counsel, files her Counterclaim against Plaintiff, Midland Funding LLC ("Midland"), and her Third-Party Complaint against Third-Party Defendant, Midland Credit Management, Inc. ("MCM"). These claims are brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Ohio Consumer Sales Practices Act, O.R.C. § 1345 et seq.

**<u>PARTIES</u>**

1. Defendant/Third-Party Plaintiff Andrea L. Brent (Defendant or Brent) is a natural person residing in Sandusky, Erie County, Ohio.

2. Upon information and belief, Midland is a Delaware Limited Liability Company, with a regular place of business in San Diego, California. Midland regularly conducts

business in the sate of Ohio. Midland acquires consumer debts which are in default and is engaged in the business of collecting debts.

3. MCM is a Kansas corporation engaged in the business of collecting debts in Ohio and throughout the country. MCM's headquarters are located in San Diego, California. MCM regularly attempts to collect debts alleged to be due to another.

**FACTS COMMON TO ALL COUNTS**

4. Midland, through its attorneys, filed this Complaint in an attempt to collect the debt allegedly owed it by Brent. Upon information and belief, Midland is and has been a plaintiff in tens of thousands of debt collection lawsuits in Ohio and across the country.

5. Brent had no knowledge of the alleged debt, nor the existence of MCM and/or Midland, prior to her receipt of the summons and Complaint in this action. Defendant had no prior contact from either entity in person, by telephone or by mail.

6. Brent, upon learning that she had been sued for a debt that she knew nothing about, became extremely upset and distraught.

7. Midland allegedly purchased Defendant's debt from Citibank USA on June 29, 2007. Upon information and belief upon Midland's purchase of Defendant's alleged Citibank account, Midland was provided with a computer tape which contained only scanty information about Defendant's alleged debt.

8. The account information provided to Midland by Citibank USA was loaded into the MCM computer system.

9. Neither the data nor any document provided to Midland regarding Defendant's alleged debt included any written credit card agreements, account statements, or

information pertaining to any interest rate that was part of the alleged agreement between Brent and the credit card issuer.

10. MCM commenced collection activities on behalf of Midland attempting to collect the face value of the debt plus 10% interest from the date of purchase.

11. MCM, as servicer of the alleged Midland account eventually transferred the account to hired counsel to continue collection efforts. MCM's counsel initiated this action supported only by the representations made by an MCM employee contained in an affidavit attached as Exhibit B (Form 400) to the Complaint. Exhibit B purports to represent facts pertaining to the alleged debt within the personal knowledge of the affiant.

12. The MCM employee who authored Exhibit B (Form 400) on February 4, 2008, swore under penalty of perjury that such employee possessed personal knowledge that:

    a. As of November 10, 2000, Defendant owed a balance of $4,516.57 on a CITIBANK USA account;

    b. That Defendant failed to make payments on the account;

    c. That demand had been made of Defendant to make payments on the account more than thirty (30) days previous to his signature;

    d. That the balance due as of November 10, 2000 continued to earn annual interest at the rate of 8%; and

    e. That the defendant is not a minor or mentally incapacitated "based upon business dealings with the defendant".

13. Upon information and belief, Form affidavits, such as the one attached to this Complaint, are generated automatically by the MCM computer upon request and are

3

routinely provided to MCM employees who sign hundreds of these each day with no personal knowledge of any of the facts asserted.

14. After the MCM employees place their signatures on the affidavits, they are given to another MCM employee to notarize. The signatures are not witnessed by the notary.

15. Midland's Complaint alleges that Brent entered into a written contract with CITIBANK USA and alleges that the attached Exhibit A is that agreement. Exhibit A does not identify Brent as a party to any agreement and contains no signatures or any information pertinent to the parties to the agreement.

16. Upon information and belief, no account records are attached to the Complaint because MCM and Midland did not have any.

17. The Complaint seeks a judgment against Defendant for the sum of $4,516.57, the amount alleged by MCM to be the final balance of the Citibank account as of November 10, 2000.

18. The Complaint also seeks interest on the amount of $4,517.57 at the rate of 8% per annum from November 10, 2000.

19. Upon information and belief, MCM and Midland filed this suit in an attempt to collect a debt using a deceptive and misleading affidavit as the only evidentiary basis to support their claims.

20. Upon information and belief, Midland and MCM attempted to collect interest from Defendant that was not authorized by law or agreement.

21. MCM and Midland filed this suit knowing that they did not and cannot establish that Defendant owed the alleged debt.

22. Upon information and belief, MCM and Midland have engaged in a pattern and practice of filing lawsuits knowingly using affidavits signed by persons who lack personal knowledge of the matters attested to.

23. Upon information and belief, MCM and Midland use virtually identical form affidavits in these lawsuits, alleging facts that are not in the possession of MCM and to which the MCM employees have no personal knowledge.

24. In the past year, Midland has filed approximately 80 consumer collection cases in Sandusky, Ohio Municipal Court. There have been filed approximately 375 additional consumer collection cases in Findlay Municipal Court, Vermilion Municipal Court, and the Municipal Courts of Lake County, Ohio alone - courts which have computerized records available for review and verification.

25. Upon information and belief, MCM and Midland have no intention to pursue the claims if challenged, ceasing collection activities if the account is disputed.

## CLASS ALLEGATIONS

26. Defendant/Third-Party Plaintiff brings this action on behalf of three (3) classes, pursuant to Rule 23 of the Ohio Rules of Civil Procedure.

27. Class 1 consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) where a form affidavit used in the suit was filed with the Court, and (e) the suit was filed on or after a date one year prior to the commencement of this action.

28. Class 2 consists of (a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) where Midland or MCM sought to collect interest prior to the date the account was purchased when no interest rate was provided by the seller and (e) which action was filed on or after a date one year prior to the commencement of this action.

5

29. Class 3 consists of (a) all natural persons, (b) in Ohio, (c) from whom Midland or MCM attempted to collect interest at the rate of 10% when no interest rate was provided by the seller, and (d) on or after a date one year prior to the commencement of this action.

30. The class members are so numerous that joinder is impracticable.

31. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

    a. Whether Midland and MCM have a practice of filing false form affidavits;

    b. Whether Midland and MCM have attempted to collect interest which is not authorized by law or agreement, and

    c. Whether such practices violate the FDCPA and/or the OCSPA.

32. The claims of Defendant are typical of the claims of class members. All are based on the same facts and the same legal theories.

33. Defendant will fairly and adequately represent the interests of the class members. Defendant has retained counsel experienced in consumer credit and debt collection abuse cases.

34. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

**COUNT ONE**
**(Violation of the FDCPA – 15 U.S.C. § 1692 *et seq.*)**

35. Defendant re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

36. Bent is a "consumer" as defined by 15 U.S.C. § 1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. § 1692a(5).

37. MCM and Midland are regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

38. The acts and omissions of MCM and Midland violated the FDCPA, including, but not limited to:

   a. Using false, deceptive, and misleading representations and means in connection with Defendant's alleged debt by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2);

   b. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by threatening or taking actions that cannot legally be taken or that are not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   c. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by using false representations and deceptive means to collect or attempt to collect Defendant's alleged debt in violation of 15 U.S.C. § 1692e(10);

Case: 3:08-cv-01434-DAK Doc #: 22 Filed: 12/01/08 8 of 11. PageID #: 125

  d. Using false, deceptive, and misleading representations and means in connection with the collection of Defendant's alleged debt by falsely representing or implying that Defendant's alleged debt has been turned over to innocent purchasers for value in violation of 15 U.S.C. §1692e(12); and

  e. Employing other false, deceptive, or misleading representations in connection with the collection of alleged debts in violation of 15 U.S.C. § 1692e.

 39. As a direct and proximate result of Midland and MCM's violations of the FDCPA, Brent and the members of her class have suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst negative other harmful emotions, as well as the cost of defending unwarranted and illegal collection lawsuits.

 40. As a result of Midland and MCM's violations of the FDCPA, Brent and the members of her class are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both Midland and MCM.

 Wherefore Brent on her behalf and on behalf of the members of her class prays for judgment against Plaintiff and Third Party Defendant in an amount of damages exceeding $25,000, for reasonable attorney fees, for pre and post judgment interest, for statutory damages and for such other and further relief that may be equitable, including pre and post injunctive relief.

8

## COUNT TWO
### (Violation of the Ohio Consumer Sales Practices Act – ORC § 1345 et seq.)

41. Defendant re-alleges and incorporates every allegation contained in each of the preceding paragraphs as if fully set forth herein.

42. MCM and Midland's conduct as described above was unfair and/or deceptive and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.02(A).

43. MCM and Midland's conduct as described above was also an unconscionable consumer act or practice and therefore constituted a knowing violation of the prohibitions contained in Ohio Rev. Code § 1345.03(A).

44. As a direct and proximate result of Plaintiff and Third Party Defendant's violations, Defendant and the members of her class sustained damages in an amount to be proved at trial.

## PRAYER FOR RELIEF ON BOTH COUNTS

Defendant/Third-Party Plaintiff, Andrea Brent, prays that this Court grant the following relief in favor of Defendant and the class members against Midland and MCM:

1. Declare that Midland and MCM's collection actions violate the FDCPA;

2. Declare that Midland and MCM's actions violate the OCSPA.

3. Enter judgment in favor of Bent and the members of her class against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys' fees, pre and post judgment interest exceeding $25,000;

4. Certify this action as a class action and enter judgment in favor of the class members against Midland and MCM for actual and statutory damages, costs, and reasonable

attorneys fees as provided by § 1692k(a) of the FDCPA and the OCSPA in an amount exceeding $25,000; and

      5.      Grant such further relief as deemed just, with pre and post injunctive relief.

## JURY DEMAND

Brent hereby demands trial by jury of the above case.

Respectfully submitted,

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address:  dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address:  dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3000
Facsimile:    (419) 624-0707

Attorneys for Defendant/Third-Party Plaintiff

10

## **CERTIFICATION**

This is to certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access the filing through the Court's system on this 1st day of December, 2008.

>*/s/Dennis E. Murray, Sr.*
>Dennis E. Murray, Sr., Esq. (0008783)
>Donna J. Evans, Esq. (0072306)
>Attorneys for Defendant/Third-Party Plaintiff