IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| Plaintiff, | ) | JUDGE: Katz |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrea Brent, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |

**Plaintiff Midland Funding, LLC and
Third-Party Defendant Midland Credit Management, Inc.'s
Answer to Plaintiff's First Amended Counterclaim and Third-Party Complaint**

Now comes Plaintiff, Midland Funding, LLC ("Midland"), and Third-Party Defendant, Midland Credit Management, Inc. ("MCM"), by and through undersigned counsel, and for their Answer to Defendant Andrea L. Brent's first amended counterclaim and third-party complaint, state as follows:

**Parties**

1. Admitted.

2. Midland admits that it is a Delaware Limited Liability Company, that its principal place of business is in San Diego, California, and that it acquires consumer debts when in default, but otherwise denies the allegations contained in paragraph 2 of Defendant's amended counterclaim and third-party complaint.

3. Admitted.

1

**Facts Common to all Counts**

4. Midland and MCM admit that Midland, through its attorneys, filed a complaint to collect the debt allegedly owed it by Defendant, but are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of Defendant's amended counterclaim and third-party complaint.

5. Midland and MCM deny that there was no contact with the Defendant by telephone or by mail prior to her receipt of the summons and Complaint in this action. In addition, Midland and MCM deny that Defendant had no knowledge of the debt at issue. Otherwise, Midland and MCM are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Defendant's amended counterclaim and third-party complaint.

6. Midland and MCM deny the allegations contained in paragraph 6 of Defendant's amended counterclaim and third-party complaint

7. Midland admits that it purchased Defendant's debt from Citibank USA on or about June 29, 2007, and that it was provided with a computer tape which contained information about Defendant's alleged debt, but Midland and MCM otherwise deny the remaining allegations contained in paragraph 7 of Defendant's amended counterclaim and third-party complaint.

8. Midland and MCM admit the allegations contained in paragraph 8 of Defendant's amended counterclaim and third-party complaint.

9. Midland and MCM deny the allegations contained in paragraph 9 of Defendant's amended counterclaim and third-party complaint.

10. Midland and MCM deny the allegations contained in paragraph 10 of Defendant's amended counterclaim and third-party complaint.

11. Midland and MCM admit that the account was transferred to legal counsel who had been retained, and that MCM's counsel initiated this action, but otherwise deny the allegations contained in paragraph 11 of Defendant's amended counterclaim and third-party complaint.

12. In response to paragraph 12 of Defendant's amended counterclaim and third-party complaint, Midland and MCM state that Exhibit B referenced in Defendant's amended counterclaim and third-party complaint speaks for itself.

13. Midland and MCM deny the allegations contained in paragraph 13 of Defendant's amended counterclaim and third-party complaint.

14. Midland and MCM deny the allegations contained in paragraph 14 of Defendant's amended counterclaim and third-party complaint.

15. In response to paragraph 15 of Defendant's amended counterclaim and third-party complaint, Midland and MCM state that Exhibit B referenced in Defendant's amended counterclaim and third-party complaint speaks for itself.

16. Midland and MCM deny the allegations contained in paragraph 16 of Defendant's amended counterclaim and third-party complaint.

17. In response to paragraph 17 of Defendant's amended counterclaim and third-party complaint, Midland and MCM state that the Complaint referenced in Defendant's amended counterclaim and third-party complaint speaks for itself.

18. In response to paragraph 18 of Defendant's amended counterclaim and third-party complaint, Midland and MCM state that the Complaint referenced in Defendant's amended counterclaim and third-party complaint speaks for itself.

19. Midland and MCM deny the allegations contained in paragraph 19 of Defendant's amended counterclaim and third-party complaint.

20. Midland and MCM deny the allegations contained in paragraph 20 of Defendant's amended counterclaim and third-party complaint.

21. Midland and MCM deny the allegations contained in paragraph 21 of Defendant's amended counterclaim and third-party complaint.

22. Midland and MCM deny the allegations contained in paragraph 22 of Defendant's amended counterclaim and third-party complaint.

23. Midland and MCM deny the allegations contained in paragraph 23 of Defendant's amended counterclaim and third-party complaint.

24. Midland and MCM are without information or knowledge sufficient to form a belief as to the allegations contained in paragraph 24 of Defendant's amended counterclaim and third-party complaint, and therefore deny same.

25. Midland and MCM deny the allegations contained in paragraph 25 of Defendant's amended counterclaim and third-party complaint.

**Class Allegations**

26. Midland and MCM need not admit nor deny the allegations contained in paragraph 26 of Defendant's amended counterclaim and third-party complaint.

27. Midland and MCM admit that Defendant has attempted to define a putative class, but deny the propriety of a class action in response to paragraph 27 of Defendant's amended counterclaim and third-party complaint.

28. Midland and MCM admit that Defendant has attempted to define a putative class, but deny the propriety of a class action in response to paragraph 28 of Defendant's amended counterclaim and third-party complaint.

29. Midland and MCM admit that Defendant has attempted to define a putative class, but deny the propriety of a class action in response to paragraph 29 of Defendant's amended counterclaim and third-party complaint

30. Midland and MCM deny the allegations contained in paragraph 30 of Defendant's amended counterclaim and third-party complaint.

31. Midland and MCM deny the allegations contained in paragraph 31 (a) – (c) of Defendant's amended counterclaim and third-party complaint.

32. Midland and MCM deny the allegations contained in paragraph 32 of Defendant's amended counterclaim and third-party complaint.

33. Midland and MCM admit that Defendant's counsel has some experience in consumer finance cases, but otherwise deny the allegations contained in paragraph 33 of Defendant's amended counterclaim and third-party complaint.

34. Midland and MCM deny the allegations contained in paragraph 34 of Defendant's amended counterclaim and third-party complaint.

## Count One

35. Midland and MCM incorporate by reference herein their answers to paragraphs 1-34 of their answer in response to the allegations contained in paragraph 35 of Defendant's amended counterclaim and third-party complaint.

36. Midland and MCM are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36 of Defendant's amended counterclaim and third-party complaint.

37. Midland denies the allegations contained in paragraph 37 of Defendant's counterclaim and third-party complaint.  MCM admits the allegations contained in paragraph 37 of Defendant's amended counterclaim and third-party complaint.

38. Midland and MCM deny the allegations contained in paragraph 38 (a) – (e) of Defendant's amended counterclaim and third-party complaint.

39. Midland and MCM deny the allegations contained in paragraph 39 of Defendant's amended counterclaim and third-party complaint.

40. Midland and MCM deny the allegations contained in paragraph 40 of Defendant's amended counterclaim and third-party complaint.

## Count Two

41. Midland and MCM incorporate by reference herein their answers to paragraphs 1-40 of their answer in response to the allegations contained in paragraph 41 of Defendant's amended counterclaim and third-party complaint.

42. Midland and MCM deny the allegations contained in paragraph 42 of Defendant's amended counterclaim and third-party complaint.

43. Midland and MCM deny the allegations contained in paragraph 43 of Defendant's amended counterclaim and third-party complaint.

44. Midland and MCM deny the allegations contained in paragraph 44 of Defendant's amended counterclaim and third-party complaint.

## Prayer for Relief on Both counts

Plaintiff Midland and Third-Party Defendant MCM prays that this Court grant the following relief in their favor:

1. Declare that Midland and MCM's collection actions did not violate the FDCPA;

2. Enter judgment in favor of Midland and MCM, and award them the costs of defending this action;

3. Enter judgment in favor of Midland and MCM and against Brent for attorney's fees resulting from defending this otherwise baseless claim, as provided for under 15 U.S.C. § 1692k.

4. Deny certification of this action as a class;

5. Grant such further relief as deemed just.

## Affirmative Defenses

1. Defendant has failed to state a claim upon which relief can be granted.

2. Defendant's amended claims were filed improperly and without leave of the court pursuant to Fed. R. Civ. P. 15.

3. MCM is not liable for a violation of the FDCPA because any violation, which MCM denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. Defendant failed to dispute the validity of the debt, thereby giving rise to a statutory assumption as to the validity of the debt.

5. Defendant is equitably estopped from disputing the validity of the debt when her silence led to the filing of the state court action.

6. Defendant's claims are barred by laches, estoppel, waiver, unclean hands, and/or failure to mitigate her damages.

7. Defendant is not entitled to an injunction, or to declaratory relief under the FDCPA.

8. Defendant's amended claims are beyond the applicable statute of limitations and do not relate back to Defendant's original claim.

9. Plaintiff and Third-Party Defendant reserve the right to assert additional defenses as discovery proceeds.

10. Plaintiff Midland Funding, LLC is not a debt collector, and Midland Funding, LLC did not engage in any debt collection activity.

Wherefore, having fully responded to Defendant's counter-claim and third-party complaint, MCM and Midland pray that the same be dismissed and that they be permitted to go hence with the costs of this action borne entirely by Defendant.

Respectfully Submitted:

Dated: December 18, 2008

/s/ Theodore W. Seitz
Theodore W. Seitz
Dykema Gossett PLLC
Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9149
tseitz@dykema.com

R. Glenn Knirsch, SCR#0080770
Javitch, Block, & Rathbone LLP
1100 Superior Avenue, 18th Floor
Cleveland, Ohio 44114
Ph:    (216) 623-0000 x. 3088
Fax:   (216) 525-4962
E-mail: gknirsch@jbandr.com

**PROOF OF SERVICE**

I hereby certify that on December 18, 2008 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to the parties, by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Theodore W. Seitz
Theodore W. Seitz
Dykema Gossett PLLC
Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9149
tseitz@dykema.com

LAN01\196735.1
ID\TWS