# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| Plaintiff, | ) | JUDGE: David A. Katz |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrea Brent, | ) | **IT IS SO ORDERED** |
| | ) | |
| Defendant, | ) | |
| | ) | /s/ David A. Katz |
| vs. | ) | David A. Katz, Senior Judge |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| | ) | |
| Third-Party Defendant | ) | |
| | ) | |

---

**MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR LEAVE TO FILE A NOTICE OF SUPPLEMENTAL NEW AUTHORITY FROM THE U.S. SIXTH CIRCUIT COURT OF APPEALS IN FURTHER SUPPORT OF PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, *INSTANTER***

---

Now comes Plaintiff, Midland Funding, LLC, ("Midland") and Third-Party Defendant, Midland Credit Management, Inc. ("MCM"), by and through undersigned counsel, and hereby requests that this honorable Court grant them leave to file a combined supplemental brief in further support of their motion for summary judgment (ECF Dkt. #35), and in opposition to plaintiff's motion for summary judgment (ECF Dtk. #34), a proposed copy of which is attached hereto as Exhibit 1.

The reason for this request is that on April 6, 2009, the United States Court of Appeals for the Sixth Circuit issued an order and opinion which altered in part, and clarified in part, what it means for a debt collector's communication to be false, deceptive, or misleading, in violation of Section 1692e of the Fair Debt Collection Practices Act ("FDCPA"). A copy of this decision, *Peggy Miller v. Javitch, Block, & Rathbone, et al.* is attached as Exhibit A to the proposed brief. On May 29, 2009, the Sixth Circuit then entered an order in *Miller* denying plaintiff-appellant's petition for rehearing *en banc,* which is attached as Exhibit B to the proposed Brief.

As Defendant Brent's claims against Midland and MCM are founded upon Section 1692e of the FDCPA, it is necessary for Midland and MCM to address the material influence that the *Miller* decision has upon the ultimate disposition of this matter, such that any decision rendered by this honorable Court is consistent with this new controlling Sixth Circuit precedent.

Midland and MCM will offer no objection to Brent's right to evaluate the *Miller* decision and file her own supplemental brief addressing this new controlling case law.