## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. 3:08-CV-1434 |
| Plaintiff, | |
| vs. | |
| | Judge David A. Katz |
| **ANDREA L. BRENT** | |
| Defendant and Third-Party Plaintiff | **DEFENDANT – THIRD-PARTY** |
| vs. | **PLAINTIFF'S RESPONSE TO MIDLAND** |
| | **FUNDING, LLC AND MIDLAND CREDIT** |
| **MIDLAND CREDIT MANAGEMENT,** | **MANAGEMENT, INC'S NOTICE OF** |
| **INC.** | **SUPPLEMENTAL NEW AUTHORITY** |
| Third-Party Defendant | |

Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland") have filed what they represent to be new authority to support their positions in the cross-motions for summary judgment pending before this Court. Midland cites to the April 6, 2009, 6th Circuit's affirmation of a district court's decisions in *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588 (6th Cir. 2009). The *Miller* court merely upheld a factual finding that certain statements made by a debt collector, in a collection complaint, were not "misleading" nor actionable under the Fair Debt Collection Practices Act. However, Midland had previously cited the district court decision. Therefore, the affirmance by the Circuit Court has little more to offer to the substantive discussions already presented. Furthermore, the statements challenged as misleading in *Miller*, are not the statements being challenged here. *Miller* also does not address Brent's claims under the Ohio Consumer Sales Practices Act nor Midland's attempts to collect interest in an incorrect amount and for a time period when Midland was not the alleged owner of the debt. Applying sound reasoning of the law to the facts of this case, this Court should grant

Defendant, Third-Party Plaintiff, Andrea Brent's ("Brent") motion for summary judgment and deny Midland's cross motion for summary judgment.

While Midland's attempt to use this alleged supplemental authority to reargue their motion for summary judgment is inappropriate; nevertheless, Brent must respond to the inaccuracies and obvious flaws in Midland's arguments.

## ANALYSIS

### I.  THE SIXTH CIRCUIT'S DECISION IN *MILLER* DOES NOT OFFER FURTHER SUPPORT TO MIDLAND'S MOTION FOR SUMMARY JUDGMENT.

The underlying facts in *Miller* began with the filing of a form "Complaint for Money Loaned" as a debt collection action in an Ohio court, as did Midland in this case.  This is where the similarities between *Miller* and *Brent* end.  *Miller* challenged several statements made in the collection complaint as misleading.[1]  Classifying the action as a "complaint for money loaned" was determined to be a litigation strategy attempting to exempt the suit from the requirements of Ohio Rule of Civil Procedure 10(D)(1), which requires that a copy of the account or written instrument be attached to the pleading.  *Miller*, 561 F.3d at 600.  The Court of Appeals agreed that, even though the description may be confusing, "the least sophisticated consumer, with a careful reading of the entire state court complaint, would understand that he or she was being sued for the collection of an unpaid credit card balance."  *Miller*, 561 F.3d at 595.

These same challenged statements appear in the debt collection complaint filed by Midland against Brent, but are not the subject of Brent's FDCPA violation allegations. Brent is

---

[1] The four potentially misleading statements were: "(1) the complaint was 'for money loaned' (2) [the plaintiff] was 'the owner of funds loaned on account number xxxx …'; (3) 'there is presently due the Plaintiff from the Defendant(s) on the money loaned on defendant's charge card debt …'; and (4) 'Plaintiff acquired for valuable consideration, all right, title, and interest in and to the claim set forth below originally owed by Defendant(s) …;'" *Miller*, 561 F.3d at 591.

not simply alleging that the complaint could have been drafted more precisely. As the Sixth

District recognized:

> "Section 1692e does not require clarity in all writings. What it says is that '[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt.' **A rule against trickery** differs from a command to use plain English and write at a sixth-grade level …"

*Miller*, 561 F.3d at 593-94 (emphasis added), quoting *Beler v. Blatt, Hasenmiller, Leibsker &*

*Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). It is the use of such "trickery" that is the subject

of Brent's allegations.

        In this case, Brent alleges that the Form 400 affidavits, one of which was attached

to the debt collection complaint filed against her in lieu of the copy of the written account

instrument, are false, deceptive and misleading in their content. (Brent's Motion for Summary

Judgment, Doc. 34, pp. 13 – 15.) Brent also alleges that the **use** of these affidavits constitutes a

deceptive means to attempt to collect debts. It is also an unfair and unconscionable means to

attempt to collect debts. By focusing on the wording on the "complaint for money" that the

Sixth District found was not misleading in *Miller*, Midland ignores those decisions in line with

Brent's contentions, where the use of inaccurate affidavits has been considered to be potential

FDCPA violations. See *Williams v. Javitch, Block & Rathbone*, 480 F.Supp.2d 1016 (S.D. Ohio

2007) (An affidavit can contain false or deceptive assertions about "the character of the debt" in

violation of Section 1692e(10) when the "account specialist" who executed the affidavit lacked

personal knowledge of the facts and may also violate Section 1992f, which prohibits the use of

"unfair or unconscionable means to collect a debt.), concurring with the decision in *Delawder v.*

*Platinum Financial*, 443 F.Supp.2d 942, 948 (S.D. Ohio 2005); and *Ison v. Javitch, Block &*

*Rathbone*, No. 1:04cv846, 2007 WL 2769674 (S.D. Ohio, Sept. 18, 2007).

**II.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD, AS ARTICULATED BY THE SIXTH CIRCUIT, DOES NOT SUPPORT MIDLAND'S ARGUMENTS AGAINST DECEPTION.**

Midland takes one statement out of context in the *Miller* decision and amazingly asserts that "in order for a statement made in the context of litigation to be actionable under the FDCPA, the complaint must '**go so far as to falsely describe [the] debt.'**" (Emphasis added by Midland), citing *Miller*, 561 F.3d at 594.  The Sixth Circuit never made that statement.  The Court of Appeals found that the statements alleged to be misleading *did not* go so far as to falsely describe the debt.  This is not the same as a judicial pronouncement that the statements *must* falsely describe a debt to be considered deceptive or misleading to the least sophisticated consumer.

A statement that does not falsely describe a debt can still represent a misleading or deceptive practice.  "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."  *Federal Home Loan Mortgage Corporation v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996).  Falsely representing that unpaid debts will be referred to an attorney is deceptive.  *United States v. National Financial Services*, 98 F.3d 131, 138-39 (4th Cir. 1996).  Correctly stating the amount of the debt in a time-barred lawsuit is a deceptive practice.  *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d767, 771 (8th Cir. 2001).

Midland essentially admits that it has made a statement which falsely described the debt.  Midland contends that "it is undisputed that **other than the statutory interest rate**, the information within the Jimenez affidavit matched the data transferred to it by Citibank." (Emphasis added).  The paragraph in the affidavit asserting the accrual of interest infers that it will be calculated at the statutory rate of 8% from the date CitiBank (or Associates) charged off

the account, as well as the complaint itself, not from the date Midland purchased it.  The information received from CitiBank states that the interest rate is 0% prior to the purchase of the debt by Midland.  Brent has alleged that this is a violation of Section 1692e(2)(A), a false representation of the amount of the debt.  Because a statement in an affidavit that the debt collector may be entitled to attorney fees, when they are not available, can be deemed confusing to the least sophisticated consumer[2], certainly an imprecise and/or inaccurate statement about the amount of interest being accrued is similarly misleading or deceptive.  "When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other . . . under the unsophisticated debtor standard."  *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003).

## III.  USE OF FORM 400 AFFIDAVITS ARE AN UNFAIR AND UNCONSCIONABLE MEANS TO COLLECT A DEBT.

Midland uses the Sixth Circuit's statements in *Miller* to allege another out of context assertion of the facts of this case as applied to the law.  Couched in a discussion of what would constitute an inherently misleading communication, Midland misses the distinction between a communication containing conflicting aspects (i.e. one that is susceptible to more than one reasonable meaning) and a communication that does not.  If a communication, read in its entirety, is susceptible to more than one interpretation, it is inherently misleading.  If the communication is internally consistent, then, to prove that it is confusing, the debtor must come forth with some additional evidence to demonstrate that a genuine issue of fact exists as to its meaning.  *Miller*, 561 F.3d at 594-95.

Midland asserts that by a careful reading of the complaint and the accompanying Jimenez affidavit, the least sophisticated consumer could understand that the suit is for the

---

[2] *Giones v. Javitch, Block & Rathbone*, 238 Fed.Appx. 24, 28 (6th Cir. 2007).

collection of an unpaid credit card balance.  However, it is not only the reader's ability to understand what a document says that is important.   If a document contains representations that are inconsistent with the actual facts or conveys information that is not correct, it is misleading to all who read it, regardless of whether the reader would be able to understand what it says.

Brent may have understood that she was being sued when she read the complaint and affidavit, however she has consistently denied the validity of the alleged debt, in contrast to the plaintiff in *Miller*.[3]   Additionally, Brent has pointed out that several of the statements made under oath in the Jimenez affidavit are not consistent with the facts and, therefore, are "false or misleading".  The Midland employees signing the Form 400 affidavits swear under penalty of perjury that this information is based upon their personal knowledge, when in reality the affidavits merely list some information that came from the electronic files sent to Midland from the seller of the debt.  The affiant had never had any business dealings or communications with the defendant.  The affiant states as "facts" information that Midland had no way of knowing, such as the "fact" the defendant is not a minor or a mentally incapacitated person.  These affidavits are used because Midland has no contract or statement of account to attach to the complaint, having chosen not to pay for extra documentation of these accounts.

Not only do these affidavits have the ability to confuse the "least sophisticated consumer", they are designed to mislead the courts who must make decisions on the majority of these cases without any input from these defendants.  It is undisputed that only a small fraction of the debtors, who are sued, answer the complaints or defend these cases.  When presented as the sole supporting documentation of the existence of a debt, use of the Form 400 affidavits is an unfair and unconscionable means to collect the debt.

---

[3] "She 'never denied in her complaint that she owed … a debt,' and she does not claim that JBR 'misstated or misrepresented the amount that she owed.'"  *Miller*, 561 F.3d at 595, quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006).

*Miller's* focus was on whether the defendant could understand she was being sued for the unpaid balance on a credit card, when the complaint sought payment of "money loaned". The Court in *Neill v. Bullseye Collection Agency, Inc.*, 2009 WL 1386155 (D. Minn.), relying on *Miller*, found it similarly immaterial that a collection letter used the phrase "SECOND NOTICE!!!" when it was actually the third letter received by the debtor. The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Midland's off-handed dismissal of the misstatements in the Jimenez affidavit, as non-material, is inconsistent with the intent of the FDCPA. These misstatements are not simply questionable descriptions with no relation to the merits of a claim. The affidavits contain statements of fact pertinent to the collection action, sworn to by a Midland employee and presented with a formal complaint to a judge. The *Miller* decision's requirement that a false or misleading statement be material does not require that Brent's claim be dismissed.

**IV. THE *MILLER* DECISION HAS NO BEARING ON BRENT'S CLAIM THAT MIDLAND ATTEMPTED TO COLLECT AN AMOUNT NOT PERMITTED BY LAW.**

Midland does not deny that it sent two letters to Brent attempting to collect a stated amount that included the balance listed as being due when the account was purchased from CitiBank, along with interest computed at 10%. Midland attempted unsuccessfully to contact Brent by telephone numerous times to collect this debt. Midland's internal records continued to calculate the amount owed by Brent, adding additional interest due at the rate of 10% per annum. An interest rate of 0% for this account was reported to Midland by CitiBank at the time of purchase. The statutory rate of interest in Ohio for the year of purchase, 2007, was

8%.  Brent claims that Midland's actions were attempts to collect an amount not permitted by law.

Brent's claim is not based upon her reaction to the letters.  Brent is not alleging that she was misled by two letters that she does not recall receiving.  Rather, Brent's claims are based on Midland's collection activities.  Midland's argument, that the letters, therefore, could not materially deceive Brent, makes no difference.  The FDCPA in §1692f(1) specifically prohibits the attempt to collect any amount, including interest, that is not expressly authorized by the agreement creating the debt or permitted by law.  Midland does not deny that it made the attempt.  It does not deny that it mailed letters to Brent asking for payment of an amount in excess of that permitted by law. The *Miller* decision addresses only misrepresentations under §1692e, not unfair and unconscionable practices under § 1692f and is inapplicable to this claim.

## CONCLUSION

The *Miller* decision is important for its clarification of the standards necessary to hold a communication misleading under the FDCPA that had been articulated in the many previous district court decisions.  However, as discussed above, this decision does not change the legal landscape one bit.   For all of the above reasons, as well as those set forth in Brent's earlier summary judgment briefs, this Court should grant summary judgment in Brent's favor as to Brent's counter claims and third-party claims asserted in this action.

Respectfully submitted,

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address:  dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address:  dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.

9

111 E. Shoreline Dr., Sandusky, Ohio 44870
Telephone:  (419) 624-3000
Facsimile:    (419) 624-0707
Attorneys for Defendant/Third-Party Plaintiff

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing **Defendant – Third-Party Plaintiff's Response to Midland Funding, LLC and Midland Credit Management, Inc's Notice of Supplemental New Authority** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic system.  Parties may access the filing through the Court's system on this 24th day of June, 2009.

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)

Attorneys for Defendant/Third-Party Plaintiff
