IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDLAND FUNDING LLC,

                       Plaintiff,              Case No. 3:08 CV 1434

-vs-

                                           O R D E R

ANDREA BRENT, et al.,

                       Defendant.

KATZ, J.

Although both parties have referred to Plaintiff Andrea Brent ("Brent") as a "Third Party Plaintiff," and Midland Credit Management ("MCM") as a "Third Party Defendant," Brent is actually a Counter Claimant and MCM is a Counterclaim Defendant. The "third party" language refers to Fed. R. Civ. P. 14 impleader actions. MCM's relationship is not based on impleader, but rather on joinder.

**I. Background**

Plaintiff Midland Funding LLC ("Midland") and its affiliated companies are in the business of purchasing written-off debt from credit-issuers and then pursuing collection of that debt in a variety of manners. The particular debt in question here is a credit card balance of $4,516.57 allegedly owed by Defendant Brent to a credit card issuer.

Midland filed a complaint against Brent in the Sandusky, Ohio Municipal Court to recover the amounts unpaid on the credit card. Brent answered and removed, denying the obligation to Citibank and Midland, and included a claim against Midland for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA"). In a "third party complaint" Brent added MCM as a "third party defendant" since MCM is the owner of the debt and contracted with Midland to collect it.

On December 1, 2008, Brent filed amended counterclaim "and third party complaint" against Midland and MCM adding a claim alleging violation of the Ohio Consumer Sales Protection Act, Ohio Rev. Code Ann. § 1345 *et seq.* (2008) ("OCSPA").

Both parties have filed motions for summary judgment on the issues of the FDCPA and the OCSPA claims, which are pending before the Court.

**II. Analysis**

"A federal court must look beyond nominal designation of the parties in the pleadings and should realign the parties according to their real interest in the dispute." *Safeco Ins. Co. v. City of White House, Tennessee*, 36 F.3d 540, 544 (6th Cir. 1994). This Court recently realigned parties in a similar situation. *See Wells Fargo Bank v. Gilleland*, 621 F.Supp.2d 545, 547; 2009 WL 1530156 *2, (N.D.Ohio 2009) ("By its own language, Rule 14 requires an indemnity claim in order to bring in a third-party defendant whereby the defendant is attempting to transfer liability from himself to a third-party defendant in the event he is found to be liable to the plaintiff"); see also *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

Here, Defendant Brent does not make a claim for indemnification. Brent's claims against MCM are limited to alleged violations of the FDCPA and OCSPA. Rather than claiming that MCM is liable to Brent for loss resulting in the suit between Brent and Midland, Brent raises an entirely different issue; namely, that MCM violated the FDCPA and OCSPA . Plaintiff Midland's original claim against Brent, on the other hand, was simply to recover amounts allegedly unpaid on a credit card. Therefore, Rule 14 is not applicable here and the term "third party defendant" does not correctly described MCM.

Since joinder of MCM was actually achieved by using Rules 13(h) and 20, MCM must either be a crossclaim defendant or a counterclaim defendant, depending upon the relationship between Brent and MCM. Party joinder "may be used by a Defendant only if the Defendant has asserted a counterclaim or crossclaim in the action." 4 James Wm. Moore et al., Moore's Federal Practice § 20.02[1][b] (3d ed. 2009). Rule 13 "makes clear that a Crossclaim by definition is directed against a co-party, e.g. a co-defendant, distinguishing it from a Counterclaim which is directed against an opposing party." *Brooks v. Hickman*, 101 F.R.D. 16, 17 (W.D.Pa.1984).

Indeed, a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. See Fed.R.Civ.P. 13(a)(c). A counterclaim defendant need not also be a plaintiff. See Fed.R.Civ.P. 13(h). In light of the fact that MCM is not a co-party with Brent, the claims asserted against MCM are properly termed counterclaims, making Brent a counterclaim plaintiff and MCM a counterclaim defendant as to those claims.

**III. Conclusion**

Andrea Brent and Midland Credit Management shall no longer be referred to, respectively, as "Third Party Plaintiff" and "Third Party Defendant." The Clerk's office is directed to amend the docket and term Brent a "Counter Claimant" and MCM a "Counter-Defendant."

IT IS SO ORDERED

                                                               s/ *David A. Katz*
                                                               DAVID A. KATZ
                                                               U. S. DISTRICT JUDGE