**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Midland Funding LLC, | ) | |
| | ) | |
|     Plaintiff/Counterclaim Defendant, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| vs. | ) | HON. DAVID A. KATZ |
| | ) | |
| Andrea Brent, | ) | |
| | ) | |
|     Defendant/Counterclaimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| | ) | |
|     Counterclaim Defendant. | ) | |
| | ) | |

**MIDLAND AND MCM'S MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION AND TO MODIFY THE COURT'S AUGUST 11,
2009 MEMORANDUM OPINION AND JUDGMENT**

**INTRODUCTION**

Plaintiff/Counterclaim Defendant Midland Funding, LLC ("Midland") and Counterclaim Defendant Midland Credit Management, Inc. ("MCM") bring this motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure and respectfully request this Court to reconsider and modify its August 11, 2009 Memorandum Opinion ("Opinion") and Judgment (ECF Dkt. #'s. 50 and 51) for the following reasons:

*First*, the Opinion contains several inadvertent mistakes of fact concerning the relationship between Midland and MCM that should be corrected and clarified.

*Second*, this Court committed a clear error of law by granting injunctive relief to Brent, without applying the requisite elements as defined by the United States Supreme Court and Rule 65 of the Federal Rules of Civil Procedure.

***Third***, the portion of Court's Opinion and Judgment concerning the conduct by Midland and MCM that is enjoined is contrary to Rule 65(d) of the Federal Rules of Civil Procedure.

Therefore, as more fully described below, Midland and MCM specifically request that this Court modify the Opinion and Judgment to correct several factual errors and/or vacate the portions of the Opinion and Judgment relating to the granting of injunctive relief.

## **RELEVANT PROCEDURAL HISTORY**

Defendant Brent's amended counterclaim class action is founded upon two premises: 1) that the affidavit attached to Midland's complaint is false; and 2) that Midland and MCM sought interest on Brent's account which was not permitted by law. Such conduct, alleges Brent, violated certain sections of the Fair Debt Collection Practices Act ("FDCPA"), as well as the Ohio Consumer Sales Practices Act ("OCSPA"). For such alleged violations, Brent prayed for the following relief:

1. Declare that Midland and MCM's collection actions violate the FDCPA;

2. Declare that Midland and MCM's actions violate the OCSPA;

3. Enter judgment in favor of Bent and the members of her class against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys' fees, pre and post judgment interest exceeding $25,000;

4. Certify this action as a class action and enter judgment in favor of the class members against Midland and MCM for actual and statutory damages, costs, and reasonable attorneys fees as provided by § 1692k(a) of the FDCPA and the OCSPA in an amount exceeding $25,000; and

5. Grant such further relief as deemed just, with pre and post injunctive relief.

(ECF Dkt. #22, Am. Countercl.)

At the Case Management Conference, the Court bifurcated the matter and set discovery and dispositive motion cut-off dates for "LIABILITY ONLY." (ECF Dkt. # 17) (emphasis in original). After discovery, the parties filed cross-motions for summary judgment as to liability. (ECF Dkt. #'s 34, 35.)

Brent argued in her Motion that the affidavit was false and that Midland and MCM had attempted to collect a higher interest than was allowable by Ohio law. (ECF Dkt. # 35.) Nowhere in the body of her Motion or brief in support, however, did Brent address her entitlement to equitable relief. *Id*. Moreover, while the parties' summary judgment replies analyzed whether or not injunctive relief could be sought under the FDCPA, the parties never addressed the requisites for the entering of a permanent injunction under the OCSPA against Midland or MCM. (ECF Dkt. #'s 42 and 43).

On August 11, 2009, this Court issued the Opinion which addressed each Motion and, in part, found that there was no material issue of fact that the affidavit attached to Midland's complaint was false. (ECF Dkt. # 50.) As such, the Court found that Midland and MCM had violated the FDCPA and the OCSPA by attempting to collect a debt with a false affidavit and further ordered that "Midland and MCM are enjoined under the OCSPA from using false affidavits as an attempt to collect debts." *Id*.

Also, on August 11, 2009, the Court entered a Judgment, which states in relevant part, as follows:

> FURTHER ORDERED that Andrea L. Brent's ("Brent") motion for summary judgment is granted with regard to the following: (1) Midland and MCM violated the Fair Debt Collection Protection Act (FDCPA) by attempting to collect a debt with a false affidavit; (2) Midland and MCM violated the Ohio Consumer Sales Protection Act (OCSPA) by attempting to collect a debt with a false affidavit; (3) Brent is entitled to declaratory judgment and injunctive relief for the violations of the OCSPA; and (4) Midland

3

and MCM are enjoined under the OCSPA from using false affidavits as an attempt to collect debts.

(ECF Dkt. #51.)

## ANALYSIS

**I.	Legal Standards.**

**A.	Rule 59(e).**

As this Court recently explained:

> [A] motion for reconsideration is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America,* 931 F.2d 380 (6th Cir.1991); *Shivers v. Grubbs,* 747 F. Supp. 434 (S.D.Ohio 1990). The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Generally three major situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or to prevent a manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters,* 178 F.3d 804, 834 (6th Cir.1999). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 395 (6th Cir.2007); *citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998).

*Liberte Capital Group v. Capwill*, ---F. Supp. 2d ---, 2009 WL 1883999, at *2 (N.D. Ohio July 1, 2009) (Katz, J.)

In addition, this Court has used motions filed under Rule 59(e) as a mechanism to correct factual errors in its orders. *See*, *e.g.*, *Fulton v. Fulton,* No. 3:08 CV 306, 2008 WL 2682564 (N.D. Ohio June 27, 2008) (Katz, J.) (granting in part, motion for reconsideration with regard to factual correction of prior order).

4

**B.     Rule 60.**

Federal Rule of Civil Procedure 60(b) (1) allows a federal Court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . ."  It is axiomatic that District Courts have broad discretion in reviewing Rule 60(b) motions.  *United States v. Proceeds of Sales of 3,888 Pounds Atl. Sea Scallops*, 857 F.2d 46, 48 (1st Cir. 1988).  With respect to motions pursuant to Rule 60, courts have held that "when an innocent mistake can be rectified without harm to anyone . . . it should be."  *In re UAL Corp.*, 411 F.3d 818, 823-24 (7th Cir. 2005).

**II.     This Court Should Correct Several Inadvertent Factual Errors In Its Opinion.**

As an initial matter, the Court's Opinion contains misstatements regarding the relationship and roles of Midland and MCM in this case.  For example, the Opinion states that "Brent also included MCM as a counterclaim defendant since MCM is the owner of the debt and contracted with Midland to collect it.  (Opinion at 3).  This statement is contrary to the undisputed evidence submitted to the Court:  Midland is the owner of the debt and Midland contracted with MCM to collect it. (Midland and MCM Summary Judgment Brief, Ex. B Frary Decl.,  ¶ 3, 6-8 (Exs 1 and 2 attached thereto) (filed under seal).

Moreover, the Opinion states the "Midland receives and fulfills about 200 to 400 requests for affidavits per day" and states that Ivan Jimenez and the other "specialists" in his department are Midland employees.  (Order at 8).  Both of these assertions are incorrect.  Pursuant to Mr. Jimenez's affidavit, which was confirmed by his deposition testimony, he is a MCM employee.  (Midland and MCM Summary Judgment Brief, Ex. E, Jimenez Dep. at p. 5) (filed under seal).  Midland does not have employees.  (Frary Decl., ¶3).  In addition, the record reflects that it is MCM, not Midland which receives and fulfills affidavit requests.  (Jimenez Dep. at pp. 15-18).

Each of the above factual errors should be corrected and the Opinion modified to accurately reflect the record.[1]

**III.   This Court Should Reconsider The Portion of Its Opinion and Judgment Regarding The Granting Of Injunctive Relief Against Midland and MCM.**

With respect to the granting of injunctive relief against Midland and MCM pursuant to the OCSPA, the Court made a mistake of law that causes a manifest injustice to Midland and MCM. As described in further detail below, this portion of the Opinion and Judgment should be vacated to allow the parties and this Court to address and consider applicable injunction standards, including those mandated by the U.S. Supreme Court and Rule 65 of the Federal Rules of Civil Procedure.

**A.   Pursuant to Authority from The U.S. Supreme Court, the Court Was Required to Apply A Four-Factor Test Prior To Entering Its Injunction Against Midland And MCM.**

In *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006), the Supreme Court restated the principles applicable to the grant of a permanent injunction, which are echoed in Rule 65 of the Federal Rules of Civil Procedure:

> **According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief**. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

547 U.S. at 391 (citations omitted) (emphasis added).

---

[1] Midland and MCM understand that changing these factual errors will likely not effect the Court's ruling on liability. However, Midland and MCM believe that these errors should be corrected to avoid future confusion as to the Midland and MCM's relationship, including with respect to the affidavit process.

Ultimately, in *eBay*, the Supreme Court vacated a lower court opinion that granted a permanent injunction because the lower court did not directly address all of the factors, specifically irreparable harm, that must be shown to obtain a permanent injunction. *eBay*, at 394. Courts from within the Sixth Circuit have noted and also applied the *eBay* factors in determining whether injunctive relief is an appropriate remedy. *See*, *e.g.*, *U.S. v. Matusoff Rental Co.* 494 F. Supp. 2d 740, 756 (S.D. Ohio 2007) (noting and applying the four requisites for injunctive relief mandated by *eBay*).

In this case, Brent did not brief, nor did Midland and MCM have the opportunity to address, whether injunctive relief is appropriate under these circumstances. Brent provided no evidence that she suffered an irreparable injury, that remedies available at law are insufficient to compensate for that harm, nor that the balance of equities lie in favor of an injunction. Nor did Brent provide evidence that absent an injunction, she is likely to suffer similar harm. Likewise, this Court did not address any of those factors prior to issuing a permanent injunction. In fact, Midland and MCM concede that the presentment of such evidence would have been a near impossibility—as discovery and the dispositive motions filed were strictly limited to liability only. Therefore, this Court erred as a matter of law when it granted such relief without addressing the necessary prerequisites.

    **B.**    **The Court Also Erred By Failing To Apply Rule 65 Standards to Brent's OCSPA Claim For Injunctive Relief.**

As noted by the Court in the Opinion, Section 1345.09(D) of the OCSPA provides for injunctive relief. While it is well-established that an evaluation of equitable standards is not required in some statutory actions where the legislature has indicated to the contrary, courts within the Sixth Circuit have specifically held that a party seeking injunctive relief under Section 1345.09(D) must first make a showing under Rule 65 that it is entitled to an injunction.

7

For example, as explained by the court in *Larry Mick v. Level Propane Gases, Inc.,* 168 F. Supp. 2d 804 (S.D. Ohio 2001):

> **While § 1345.09(D) gives Plaintiffs the right to seek injunctive relief, this Court concludes that in order to be entitled to an injunction the Plaintiffs must make a showing under Rule 65**. In *Ackerman*, the Ohio Supreme Court observed that "statutory actions granting governmental agents the right to sue for injunctive relief have a history and purpose different from equitable actions for injunctive relief…" *Ackerman*, 55 Ohio St.2d at 57, 378 N.E.2d 145. the Court went on to state that "[u]nlike equitable injunction actions which were developed in response to a … common-law system for redressing non-violent wrongs suffered by one individual at the hands of another … [statutory injunctions were] designed by the General Assembly to benefit society by proscribing behavior … which the General Assembly has determined not to be in the public interest." *Id.*
>
> Ohio courts have held that the normal balance of equities analysis for injunctive relief does not apply when the statute sets forth a clear standard for violation and where the wrong sought to be redressed is more public than private in nature. For example, statutory injunctive relief is available under R.C. § 713.13 for alleged zoning violations. *See City of Marion v. Turner*, No. 9-98-49, 1999 WL 181395 (Marion Co. March 12, 1999); *Camp Washington Community Board, Inc. v. Rece*, 104 Ohio App3d 750, 663 N.E.2d 373 (Hamilton Co. 1995). In contrast although R.C. § 309.12 and § 309.13 allow a taxpayer to file suit to enjoin county officials from the illegal expenditure of public funds, such actions are governed by general equitable principles. *See State ex rel. Jones v. Hamilton Co. Board of Commissioners*, 124 Ohio App.3d 184, 705 N.E.2d 1247 (Hamilton Co. 1997).
>
> This Court concludes that, unlike the statutes at issue in *Ackerman* or *Turner, supra*, R.C. § 1345.09(D) requires that the Court consider the balance of equities in determining whether injunctive relief is appropriate. While the statute provides that consumers may seek injunctive relief, the statute provides no prerequisites for issuance of the relief. Furthermore, the Court concludes that an injunction under the statute seeks to do justice preliminarily to the parties rather than the general public. Thus, this Court concludes that injunctive relief under § 1345.09(D) is governed by the same equitable principles that apply to injunctions generally.

168 F. Supp. 2d at 811 (emphasis added).

As shown by the above reasoning, injunctive relief is not compulsory upon a finding of a violation of the OCSPA. Rather, when a request for injunctive relief under the OCSPA is based upon a past wrong, a plaintiff must show a real or immediate threat that the plaintiff again will be wronged. *Davis v. Flexman*, 109 F. Supp. 2d 776, 783-84 (S.D. Ohio 1999) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

In sum, Rule 65 should have been examined by this Court before issuing the permanent injunction against Midland and MCM.[2] Therefore, this Court's Judgment enjoining Midland and MCM from filing "false affidavits" is premature; such a determination should be postponed until such time as the parties and this Court are able to fully address the mandatory prerequisites. The fact that class certification has yet to be determined, also militates in favor of this Court modifying its Opinion and Judgment.

### C. The Injunction Entered Against Midland and MCM Does Not Comport With Rule 65(d)'s Requirements.

Rule 65(d) requires that every order granting a permanent injunction, preliminary injunction, or a temporary restraining order "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." As held by the United States Supreme Court, "the specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible finding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). In this regard, Rule 65(d) of

---

[2] Moreover, a desire for a sweeping injunction does not relieve plaintiffs of the obligation to comply with the general rule that they must present facts sufficient to show that their individual needs require injunctive relief. *Bailey v. Patterson*, 369 U.S. 31, 82 (1962); *McCabe v. Atchison T. & S. F. Ry. Co.*, 235 U.S. 151 (1914).

9

the Federal Rules of Civil Procedure requires "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *See* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2955 (2d ed. 2009).

Here, this Court's Opinion and Judgment enjoins Midland and MCM from "using false affidavits as an attempt to collect debts." While on its face, this decree seems simple enough, it does create several issues that makes it run afoul of Rule 65(d). First, the injunction does not "describe in reasonable detail" the conduct restrained, and thus, creates confusion for Midland, MCM, and other potential litigants (including potential members of the putative classes). For example, it is unclear whether Midland is enjoined from using any form affidavit, only those affidavits signed by Ivan Jimenez, or just the subject "Form 400" affidavit itself. Further, the language in the injunction appears to amount to an "obey the law injunction," which the Sixth Circuit has held runs afoul of Rule 65(d). *See E.E.O.C. v. Wooster Brush Co. Employees Relief Ass'n,* 727 F.2d 566, 576 (6th Cir. 1984).

Finally, several months ago, Midland, MCM, and JBR modified the language in their affidavits in such a way that comports with the suggestions set forth by the Court in its Opinion (i.e., based upon the accuracy of the records kept and accuracy of the data). *Id.* at 12. Nevertheless, it is conceivable that Midland and MCM may still be taken to task for their new affidavits based upon the current language of the injunction, even if it is undisputed that Midland and MCM acted in good faith. By way of further illustration, suppose that the account information in a MCM affidavit is found to be "false" due to inaccuracies within the information supplied by the original creditor. While the Court's Opinion points to the application of the bona fide error defense (under the FDCPA and OCSPA) to such a situation (Opinion at 12), Midland

10

and MCM may still face potential contempt proceedings on this issue under the plain language of the injunction.  This likely was not the intent of this Court's Opinion and Judgment.  Thus, in order to "prevent manifest injustice" to Midland and MCM, the Court's Opinion and Judgment regarding the type of conduct being restrained should, at the very least, be modified so that Midland and MCM do not unwittingly violate it in the future.

## CONCLUSION

For all of the reasons set forth above, Midland and MCM respectfully request, pursuant to the Federal Rules of Civil Procedure 59 and 60, that the Court reconsider and modify its Opinion and Judgment to correct several inadvertent factual errors and vacate the portions which grant injunctive relief to Brent under the OCSPA.

Respectfully Submitted:

Dated:  August 25, 2009

*/s/ Theodore W. Seitz*
Theodore W. Seitz
Dykema Gossett PLLC
Co-Counsel for Midland Funding, LLC and
Midland Credit Management, Inc.
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9149
tseitz@dykema.com

R. Glenn Knirsch, SCR#0080770
Javitch, Block, & Rathbone LLP
1100 Superior Avenue, 18th Floor
Cleveland, Ohio 44114
Ph:     (216) 623-0000 x. 3088
Fax:    (216) 525-4962
E-mail: gknirsch@jbandr.com

11

## **PROOF OF SERVICE**

      I hereby certify that on August 25, 2009 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to parties by operation of the court's electronic filing system.

                                                */s/ Theodore W. Seitz*
                                                Theodore W. Seitz

LAN01\206120.2
ID\TWS - 097356/0045