**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **MIDLAND FUNDING LLC,** | Case No. 3:08-CV-1434 |
| Plaintiff/Counter-Defendant, | |
| vs. | |
| | Judge David A. Katz |
| **ANDREA L. BRENT, et al.** | |
| | **DEFENDANT/COUNTER CLAIMANT'S RESPONSE TO MOTION FOR RECONSIDERATION** |
| Defendant/Counter Claimant | |

Midland Funding LLC ("Midland"), Plaintiff/Counterclaim Defendant and Midland Credit Management, Inc. ("MCM"), Counterclaim Defendant (collectively also "Midland") seek a reconsideration and modification of this Court's August 11, 2009 Memorandum Opinion and Judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure. Midland takes issue with the Court's decision and the manner in which the Court granted the injunctive relief for which the issuance, the facts, and law were so clear and concerning which no party could, in good faith, object to. Midland **was** in clear violation of the Ohio Consumer Sales Practices Act.

It is an undisputed fact that Midland filed false affidavits throughout the United States. Brent alleged specific violations of the OCSPA for the use of false affidavits and she sought injunctive relief in her First Amended Counterclaim. In Brent's Motion for Summary Judgment, the relief was sought under O.R.C. § 1345.09, which specifically includes "a declaratory judgment, an injunction, or other appropriate relief." O.R.C. § 1345.09(D). The availability of injunctive relief under both the FDCPA **and** the OCSPA was briefed by Brent (ECF Dkt. #40, pp. 16-17), even though Midland chose only to address the availability of

injunctive and declaratory relief under the FDCPA. (ECF Dkt. #35, pp. 22-23; ECF Dkt. #43, p. 20).

The Court appropriately granted the injunction. It was authorized under the OCSPA. The Opinion was clear that the injunction restrains Midland from using such false affidavits in the conduct of its collection business. As to the differences in names, such mere clerical mistakes (as to abbreviations of the Midland names which were used in the Opinion) do not warrant reconsideration. They are quite appropriately modified under Rule 60(a). (If at all.)

**A. <u>Harmless Clerical Errors Do Not Create A Need to Grant A Party Relief From A Judgment.</u>**

Midland asserts that there are several inadvertent mistakes of fact present in the Judgment Entry. Although Midland argues that this Court should grant relief from judgment under Rule 60(b)(1), such relief would be inappropriate. What Midland and MCM really seek is the correction of a minor clerical error as to abbreviations used for their similar names. This is precisely the type of clerical mistake contemplated by Rule 60(a), corrected by the Court, at any time.

This Court made no mistakes of fact in its Opinion that would warrant relieving Midland from this judgment, as requested under Rule 60(b)(1). A simple clerical mistake by referring to Midland Credit Management (MCM) as Midland Funding (Midland), and vice visa is attributed to the similarity of the actual company names and the abbreviations used by both counsel in their briefs. In the Opinion, both corporations have been found to have liability under the causes of action asserted by Brent. Where, as here, the legal implications of misstated facts are not pertinent to the opinion's conclusions, the Court's decision should stand. *Fulton v. Fulton,* No. 3:08CV306, 2008WL2682564 (N.D. Ohio, June 27, 2008). As stated in Rule 61,

"[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

**B.  Injunctive Relief Was Properly Granted to Brent Under the Ohio Consumer Sales Practices Act.**

The federal rules do not describe motions to reconsider, however Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than 10 days after entry of that judgment. The Sixth Circuit has held that a motion to reconsider may be treated as a Rule 59(e) motion. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979).

A motion to alter or amend a judgment is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995). The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). This rule, added to the Federal Rules of Civil Procedure in 1946, gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982) *citing* Notes of Advisory Committee on 1946 Amendment to Rules, 28 U.S.C., p. 491; 5 F.R.D. 433, 476 (1946). The term "judgment" as used in the Federal Rules of Civil Procedure is defined in Rule 54(a). Rule 54(a) defines a judgment as "a decree and any order from which an appeal lies." Fed.R.Civ. P. 54(a). Thus, the word judgment encompasses final judgments and appealable interlocutory orders. *See Financial Services Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985) and *Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir. 1976).

Rule 59(e) provides the trial court an efficient means to correct an otherwise erroneous judgment. *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F.Supp.2sd 1013, 1024 (N.D.

3

Ohio 2004). It is not an opportunity to re-argue a case. *Id.* at 1025, citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). A court may grant a motion to amend or alter judgment only if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

A motion for reconsideration may not be used as a mechanism by a party simply disgruntled by the Decision of the Trial Court. "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue'". *McConocha v. Blue Cross and Blue Shield Mutual of Ohio,* 930 F. Supp. 1182, 1184, (N.D. Ohio 1996) quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994).

**1. There Is No Error of Law in This Court's Opinion.**

The Ohio Consumer Sales Practices Act ("OCSPA"), under O.R.C. § 1345.09(D) provides for injunctive relief for a prevailing party when a violation of the Act is determined. In issuing the injunction in this case, this Court properly considered all of the relevant factors needed to grant such relief.

Midland is one of the nation's largest collection agencies. The Court may take judicial notice of the public fact that Midland's parent company, Encore, is a NASDAQ publically traded corporation, symbol ECPG, with assets in the billions of dollars. *ACLU v. National Sec. Agency,* 493 F. 3d 644 (6th Cir. 2007). Collection against individual debtors in the United States is its business. Midland used false affidavits that violated OCSPA and which

4

were, in fact, criminal acts. O.R.C. § 2921.11. Even in this Court, Midland sought to justify its criminal misconduct. (See ECF Dkt. #35 pp. 19-21, describing any FDCPA violation as unintentional because Midland had the right to rely on authenticity of the information it received from Citibank and ignoring the fact that the affidavits contained additional untrue statements.)

If there ever exists a case for which injunctive relief is warranted, indeed demanded, this is that case.

The basic prerequisites for issuance of a permanent injunction are "the likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." *LaDuke v. Nelson*, 560 F.Supp. 158, 162 (E.D. Wash. 1982), citing *O'Shea v. Littleton*, 414 U.S.488, 502 (1974). "In general, courts will consider [four] factors in deciding whether to grant injunctive relief: (1) the likelihood or probability of a plaintiff's success on the merits; (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff; (3) what injury to others will be caused by the granting of the injunction; and (4) whether the public interest will be served by the granting of the injunction." *Mt. Eaton Community Church, Inc. v. Ladrach,* 9th Dist. No. 07CA0092, 2009-Ohio-77, at ¶15, quoting *Corbett v. Ohio Bldg. Auth.* (1993), 86 Ohio App.3d 44, 49.

When the four factors for injunctive relief, articulated by the Supreme Court, are considered, "[t]hese factors are meant to be balanced as they guide the Court in exercising its discretion; they are not due rigid application and need not be assigned equal weight." *Mick v. Level Propane Gases, Inc.*, 168 F.Supp.2d 804, 812-13 (S.D. Ohio 2001), citing *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). "While the Court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision." *Id.* at 813.

This Court had the authority to balance the equities and issue an appropriate remedy. The likelihood of success on the merits is not in question. This Court had found in favor of Brent on summary judgment. Brent's counterclaim seeks relief, not only for herself, but also on behalf of all similarly situated class members who would face the likelihood of future damage from the continuance of this practice. It is obvious that class members face a "likelihood of substantial and immediate irreparable injury." One or more members of the entire class were and are placed in actual peril. *Hvorick v. Sheahan*, 870 F.Supp. 864, 866 (N.D. Ill. 1994). Midland used these affidavits in an ongoing and pervasive part of its daily business of debt collection. Furthermore, Midland cannot, and indeed does not, argue that others will be injured with the granting of the injunction. It is certain that the public interest is served by granting the injunction.

The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court. *EBay, Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006), citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1982). This Court's ultimate decision regarding injunctive relief is given the highly deferential abuse-of-discretion standard. *H.D.V. – Greektown, LLC v. City of Detroit,* 568 F. 3d 609, 619 (6th Cir. 2009). To abuse its discretion, a district court must rely upon clearly erroneous factual findings, apply the law improperly, or use an erroneous legal standard. *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. Of Educ.,* 360 F. 3d 604, 611 (6th Cir. 2004). This Court appropriately exercised its discretion in granting the injunction. Midland may not seek to control the Court's exercise of such discretion. Midland has already been advised by the 6th Circuit Court in a mandamus action against Judge Solomon Oliver that it may not "control a district court in the exercise of discretionary duties." (See *In re: Midland Credit Management, Inc.; Encore Capital Group, Inc.,* No. 09-3210 (6th Cir., March 13,

2009), denying petition for a writ of mandamus from an order reopening discovery that did not fall outside the district court's broad discretion over discovery matters.)

### 2. The Court's Order and Memorandum Opinion Clearly Describes the Acts Restrained.

"'Manifest injustice' requires a showing that an order 'was plainly wrong and resulted in substantial prejudice to the aggrieved party.'" *Prater,* 272 F.Supp.2d at 710. quoting *Mack v. Great Atlantic and Pacific Tea Co., Inc.*, 871 F.2d 179, 186 (1st Cir. 1989).

Midland alleges that the injunction creates confusion because they are unable to determine the conduct restrained. However, the plain language in the Order describes clearly what aspects of the challenged affidavit the Court finds to be false.

Midland next alleges that a modification of the affidavits is now being used. This is an insufficient basis upon which to conclude that there is no need for injunctive relief. As the Supreme Court discussed in *Friends of the Earth v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167:

> It is well settled that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 l.Ed.2d 152 (1982). "[I]f it did, the courts would be compelled to leave '[t]he defendant … free to return to his old ways.'" *Id.*, at 289, n.10. * * * The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968).

528 U.S. at 189.

"[P]ast wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea v. Littleton,* 414 U.S. 488, 496 (1974). Midland has more than ample guidance in the Order. Don't use such a false affidavit. The injunction will greatly

7

serve the public's interest by insuring the cessation of affidavits which were sworn to be within the knowledge of the affiant, when they were not.

**CONCLUSION**

For all of the reasons set forth above, this Court should deny Midland and MCM's motion to reconsider and modify its Opinion and Judgment and should affirm the Order issued on August 11, 2009.

Respectfully submitted,

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
E-Mail Address: dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
E-Mail Address: dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Dr.
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Defendant/Counter Claimant

8

## **CERTIFICATION**

This is to certify that a copy of the foregoing **Defendant/Counter Claimant's Response To Motion For Reconsideration** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access the filing through the Court's system on this 11th day of September, 2009.

>              */s/Dennis E. Murray, Sr.*
> Dennis E. Murray, Sr., Esq. (0008783)
> Donna J. Evans, Esq. (0072306)
>
> Attorneys for Defendant/Counter Claimant