IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDLAND FUNDING LLC,

                Plaintiff,              Case No. 3:08 CV 1434

-vs-

                                                          <u>MEMORANDUM OPINION</u>
ANDREA L. BRENT,                                          <u>AND ORDER</u>

                Defendant.

KATZ, J.

This cause is before the Court on the joint motion (Doc. 52) of Plaintiff Midland Funding, LLC ("Midland") and counterclaim defendant Midland Credit Management (MCM) (Doc. 52) pursuant to Fed. R. Civ. Pro. 59(e) and Fed. R. Civ. Pro. 60 for reconsideration and modification of this Court's August 11, 2009, opinion and order granting partial summary judgment to Defendant Andrea Brent and denying Midland and MCM's motion for summary judgment (Docs. 50 and 51). The motion will be granted in part and denied in part.

**I. Background**

As is relevant to the present motion, this Court found, in its August 11 opinion and order, that Midland and MCM had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA"), and the Ohio Consumer Sales Protection Act, Ohio Rev. Code Ann. § 1345 *et seq.* (2008) ("OCSPA") by using a form affidavit that falsely claimed to be based on the affiant's personal knowledge in an attempt to collect a debt from Defendant Brent. This Court also determined that Brent was therefore entitled to a permanent injunction under Ohio law with respect to the OCSPA violations, though not under federal law with respect to the FDCPA violations. The Court's judgment order read as follows in relevant part:

> FURTHER ORDERED that Andrea L. Brent's ("Brent") motion for summary judgment is granted with regard to the following: (1) Midland and MCM violated the Fair Debt Collection Protection Act (FDCPA) by attempting to collect a debt with a false affidavit; (2) Midland and MCM violated the Ohio Consumer Sales Protection Act (OCSPA) by attempting to collect a debt with a false affidavit; (3) Brent is entitled to declaratory judgment and injunctive relief for the violations of the OCSPA; and (4) Midland and MCM are enjoined under the OCSPA from using false affidavits as an attempt to collect debts.

## II. Standard of Review

The purpose of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Generally, three major situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; or (3) to prevent a clear error of law or to prevent a manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir.2007); citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## III. Discussion

Midland and MCM request relief from this Court's judgment on two primary grounds:

2

first, that this Court's permanent injunction failed to comply with the familiar four-part test for injunctive relief that courts have found implicit in Fed. R. Civ. Pro. 65; and second, that the injunction failed to comply with the specificity requirements of Fed. R. Civ. Pro. 65(d).

To obtain an injunction under Fed. R. Civ. Pro. 65, it is well-established that a plaintiff must establish: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Midland and MCM are correct in noting that this Court did not consider these factors before granting a permanent injunction.

But this was not error, for "[w]here federal courts are called upon to adjudicate a claim predicated on state law, under either its diversity or pendent claim jurisdiction, there appears to be no question that the ultimate issue of whether injunctive relief may issue must be decided under applicable state law." *Sullivan By and Through Sullivan v. Vallejo City Unified School Dist.*, 731 F.Supp. 947, 956 (E.D. Cal. 1990) (citing 7 Moore's Federal Practice, Pt. 2, para. 65.18[1]). Thus, this Court was not required to consider the Rule 65 factors in determining whether a permanent injunction (as opposed to a preliminary injunction) should issue under Ohio law; these requirements only obtain where federal law furnishes the basis of the claim (and then only where these requirements have not been superseded by federal statute).

The question, then, is whether a showing similar to Federal Rule 65 is required to obtain an injunction under Ohio law for a violation of the OCSPA. Midland and MCM direct this Court to *Larry Mick v. Level Propane Gases, Inc.*, 168 F. Supp. 2d 804, 811 (S.D. Ohio 2001), where a

3

federal district court, interpreting Ohio law, found that such a showing was indeed required under the OCSPA. But the *Larry Mick* Court's interpretation of Ohio law appears to be inaccurate. Ohio Rev. Code Ann. § 1345.09(D) provides that "[a]ny consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates [the OCSPA]." The Ohio courts have interpreted the statute as follows: "Since the remedy of injunctive relief is statutory, it may be granted upon a showing the [O]CSPA has been violated, without regard to equitable principles that must ordinarily be demonstrated when a plaintiff seeks an injunction, such as irreparable injury or the absence of an adequate remedy at law." See Oh. Consumer L. § 2:132 (2009), and cases cited therein. In cases brought by consumers under the OCSPA, "[Ohio] courts have issued broad injunctions, usually enjoining the suppliers from engaging in the acts or practices the court has determined violate the [O]CSPA." *Id*. This Court, then, did not err in entering an injunction against the complained-of debt collection practice in the instant case.

A closer question is presented by Midland and MCM's contention that this Court's injunction did not comply with Fed. R. Civ. P. 65(d), which provides that every order granting a permanent injunction, preliminary injunction, or a temporary restraining order "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The Supreme Court has cautioned that "the specificity provisions of Rule 65(d) are no mere technical requirements," as the rule "was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible finding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

4

The permanent injunction entered by this Court prohibited Midland and MCM from "using false affidavits as an attempt to collect debts." Midland and MCM point out, however, that the injunction is phrased in language broad enough to cover a situation where an affidavit is "false" due to inaccurate information supplied by the original creditor. In its opinion, this Court suggested that such an inaccuracy would fall within the protection of the OCSPA's "bona fide error" defense; nonetheless, this sort of "good faith" error would be encompassed within the prohibitory terms of the injunction. Furthermore, the injunction is overly broad in another respect: this Court found the affidavit at issue in the instant case to be "false" in the specific sense that it purported to be based on the affiant's personal knowledge, when it was in fact not. But as this Court noted, "the actual account information [contained in the affidavit] is probably either correct or likely thought correct in good faith by Midland and MCM." (Doc. 50 at 12). It was therefore not appropriate to enjoin Midland and MCM from using affidavits that are false in *any* respect. Therefore, the permanent injunction is modified to read as follows: "Midland and MCM are enjoined under the OCSPA from using form affidavits that falsely claim to be based on the affiant's personal knowledge."

Finally, the parties appear to agree that the Court's opinion at times confused Midland and MCM. Specifically, the opinion stated that "Brent also included MCM as a counterclaim defendant since MCM is the owner of the debt and contracted with Midland to collect it. (Doc. 50 at 3), when it was Midland that was the owner of the debt and it was Midland that contracted with MCM to collect it. Moreover, the Opinion states "Midland receives and fulfills about 200 to 400 requests for affidavits per day" and states that Ivan Jimenez and the other "specialists" in his department are Midland employees (Doc. 50 at 8), where Jimenez is in fact an MCM employee

5

and it is in fact MCM which receives and fulfills affidavit requests. These minor factual errors are hereby corrected under Fed. R. Civ. Pro. 60(a), which provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

**IV. Conclusion**

For the reasons stated above, the the joint motion for reconsideration of Plaintiff Midland Funding, LLC ("Midland") and counterclaim defendant Midland Credit Management (MCM)(Doc. No. 52) is granted in part and denied in part. It is granted in part insofar as the Court's Judgment will be modified to read as follows: "Midland and MCM are enjoined under the OCSPA from using form affidavits that falsely claim to be based on the affiant's personal knowledge." Additionally, factual errors in the Memorandum Opinion will be corrected as set forth above. The motion is denied in part insofar as the injunction will stand as modified.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE