**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Midland Funding, LLC, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| Plaintiff, | ) | HON. DAVID A. KATZ |
| | ) | |
| vs. | ) | |
| | ) | |
| Andrea Brent, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

**<u>MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.'S
COMBINED MEMORANDUM IN OPPOSITION TO ANDREA BRENT'S MOTION
FOR LEAVE TO FILE A THIRD-AMENDED COUNTERCLAIM</u>**

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY • CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................. iv

STATEMENT OF ISSUES PRESENTED................................................................. vii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT.................................1

II.     BACKGROUND.......................................................................................2

      A.    The Underlying Dispute....................................................................2

      B.    Brent's Original Class Action Counterclaim Against Midland and MCM.............2

      C.    The Case Management Conference Order ............................................3

      D.    Brent Files A First Amended Counterclaim And The Parties File Cross-Summary Judgment Motions.................................................................................3

      E.    The Court Grants Partial Summary Judgment to Brent On Her FDCPA and OCSPA Claims Relating to The Filing of Jiminez's Affidavit...............................4

      F.    Brent Files A Proposed Second Amended Counterclaim And Then The Case Is Stayed While The Parties Engage In Mediation .......................................4

      G.    Brent's Motion for Leave to File A Proposed Third Amended Counterclaim .........5

III.    ARGUMENT ........................................................................................6

      A.    Brent's Motion For Leave Fails to Meet The Requirements of the Local Rules......6

      B.    Brent's Motion for Leave to Amend Must Be Denied Pursuant to Rule 16............7

            1.    Brent Has Failed To Demonstrate "Good Cause" To Modify This Court's Case Management Order ...........................................................7

            2.    Brent's Proposed Amendments Will Prejudice Midland and MCM...............9

      C.    Allowing Brent To Amend Her Claims For A Third Time Is Also Improper Under Rule 15 ........................................................................................11

            1.    Brent's Proposed Amended Counterclaim Is Futile On Several Grounds ......12

                  a.    Brent's Proposed Third-Amended Counterclaim Attempts to Add Plaintiffs Whose Claims Are Barred By Statute of Limitations ........12

                  b.    Brent's Proposed Misrepresentation Claims Are Also Futile.............15

                  c.    Brent's Proposed National Classes Cannot Not Be Certified ............17

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

d.      Brent's Proposed "Actual Damages" Subclass Runs Afoul Of the *Rooker-Feldman* Abstention Doctrine And Also Barred By *Res Judicata* ............................................................................................18

CONCLUSION ...................................................................................................................20

# INDEX OF AUTHORITIES

**Cases**

*Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007)........................................................ 19

*Arneil v. Ramsey*, 550 F. 2d 774 (2nd Cir. 1975) ....................................................... 14

*Ashcroft v. Iqbal*, ___ U.S. ____; 129 S. Ct. 1937 (2009) ......................................... 16

*Back v. Nestle USA, Inc.*, No. 08-290, 2008 WL 4399492 (E.D. Ky, Sept. 23, 2008).................. 6

*Barnes v. First American Title Ins.* Co., 473 F. Supp. 2d 798 (N.D. Ohio 2007) ...................... 13

*Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. Appx. 884 (6th Cir. 2009) .................... 20

*Checuti v. Conrail*, 291 F. Supp. 2d 664 (N.D. Ohio 2003)(Katz, J.) ................................. 7

*Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004)........................... 12, 13, 14

*Crawford v. Roane*, 53 F.3d 750 (6th Cir. 1995)...................................................... 11

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955 (11th Cir. 2008) .............................. 5

*Delman v. City of Cleveland Heights*, 534 N.E.2d 835; 41 Ohio St.3d 1 (Ohio 1989) ............... 16

*Doe v. SexSearch.com*, 551 F.3d 412 (6th Cir. 2008)............................................. 16, 17

*Dong ex rel. Dong v. Board of Educ.*, 197 F.3d 793 (6th Cir. 1999).............................. 17, 18

*First Nat'l Bank of Louisville v Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*,
    933 F.2d 466 (7th Cir. 1991) ................................................................... 8

*Ford Motor Company v. Kahne*, 379 F. Supp. 2d. 857 (E.D. Mich. 2005) ............................. 10

*Givens v. Homecomings Fin.*, 278 Fed. Appx. 607 (6th Cir. 2008) .................................. 20

*Inge v. Rock Financial Corp.*, 388 F.3d 930 (6th Cir. 2004).................................... 7, 9

*Inge v. Rock Financial Corporation,* 281 F.3d 613 (6th Cir. 2002) ................................. 8

*Johnson v. Riddle*, No. 2:98-CV-599 TS, 2007 WL 528719 (D. Utah Feb. 15, 2007).......... 14, 18

*Kelley v. Med-1 Soln's LLC*, 548 F.3d 600 (7th Cir. 2008)....................................... 19

*Konkol v. Diebold, Inc.*, ___ F.3d ___, 2009 WL 4909110 (6th Cir. 2009)................... 12

*Korodi v. Minot*, 531 N.E.2d 318; 40 Ohio App. 3d 1 (Ohio Ct. App. 1987) .................... 17

*Leary v. Daeshner*, 349 F.3d 888 (6th Cir. 2003)............................................. 1, 7, 8, 9

*McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220 (D. Kan. 2007) ......... 19

*Mitsubishi Aircraft Int'l v. Brady*, 780 F.2d 1199 (5th Cir. 1986)............................... 11

*O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152 (1st Cir. 2004).......................... 7

*P.R. Diamonds, Inc. v. Chandler*, 364 F.3d 671 (6th Cir. 2004) .................................. 6

*Priddy v. Edelman*, 883 F.2d 438 (6th Cir. 1989).................................................. 9

*Sherman v. Wilco Fireworks, Inc.*, 532 F.3d 709 (8th Cir. 2008)................................... 5

DYKEMA GOSSETT; A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

*Smith v. Nationwide Prop. And Casualty Co.*, 505 F.3d 401 (6th Cir. 2007) ................................ 16

*Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992) ........................................ 17, 18

*SMS Fin. Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235 (5th Cir. 1999) ............................ 12

*Snay v. Ameriwood Industries*, No. 3:01-CV-7577, 2002 WL 31888296 (N.D. Ohio December 5, 2002) ................................................................................................................. 1, 8, 9

*Stolicker v. Muller, Muller, Richmond, Harms, Myers and Sgroi*, 2006 WL 3386546 (W.D. Mich. Nov. 22, 2006) ................................................................................................ 19

*United States v. Medtronic*, 552 F.3d 503 (6th Cir. 2009) ................................................ 16

*Wade v Knoxville Utils Bd*, 259 F.3d 452 (6th Cir. 2001) ................................................. 8

## Statutes

15 USC § 1692e ........................................................................................................... 3

15 USC § 1629k(d) ..................................................................................................... 12

42 Pa. C. S. § 5524 (7) .............................................................................................. 16

Ala Code § 6-2-38(l) ................................................................................................. 16

## Rules

Fed. R. Civ. P. 9(b) ............................................................................................... 15, 16

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 17

Fed. R. Civ. P. 12(f) ................................................................................................... 5

Fed. R. Civ. P. 15 ............................................................................................... 5, 8, 13

Fed. R. Civ. P. 15(a) ................................................................................................... 8

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 8

Fed. R. Civ. P. 15(c) ................................................................................................... 16

Fed. R. Civ. P. 15(c)(3) ............................................................................................... 13

Fed. R. Civ. P. 16 ............................................................................................... 5, 8, 9

Fed. R. Civ. P. 16(b) ............................................................................................. 7, 8, 9

Fed. R. Civ. P. 23 ....................................................................................................... 17

Fed. R. Civ. P. 23(a)(2) ............................................................................................... 18

Fed. R. Civ. P. 59(e) or 60(b) ..................................................................................... 11

Local Rule 7.1(c) ......................................................................................................... 6

N.D. Ohio LCivR 16.1 and 7.1(h) .............................................................................. 7

DYKEMA GOSSETT· A PROFESSIONAL LIMITED LIABILITY COMPANY· CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

**Other Authorities**

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE
§ 1489 (2d ed. 1990) ............................................................................................................... 8

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

## STATEMENT OF ISSUES PRESENTED

Should Counterclaimant Andrea Brent be granted leave to file a Third-Amended Counterclaim, which seeks to broaden her Ohio based putative class action claims to include new plaintiffs from throughout the United States and also adds entirely new causes of action for common law misrepresentation and alleged violations of other states consumer law statutes, when: (1) the Court's deadline for amending the Case Management Order has already passed; (2) the Court has already issued a judgment as to liability; and (3) Brent's proposed Third Amended Counterclaims are futile?

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET·SUITE 900·LANSING, MICHIGAN 48933

# I. **INTRODUCTION AND SUMMARY OF ARGUMENT**

For a third time—and a year after the cut-off date set forth in this Court's Case Management Order—Counterclaimant Andrea Brent ("Brent") seeks leave to amend her class action counterclaims against Plaintiff/Counterclaim Defendant Midland Funding, LLC ("Midland") and Counterclaim Defendant Midland Credit Management, Inc. ("MCM"). Brent's motion provides no legal basis for the amendment, which comes on the heels of a previous attempt by Brent to amend her counterclaims. Brent filed both of her proposed amended counterclaims only after the parties had litigated Brent's First Amended Counterclaim through summary judgment; the Court having granted partial summary judgment in Brent's favor on liability issues.

Although based on no new underlying facts, Brent's proposed Third Amended Counterclaim brazenly seeks to expand her claims—which have always been limited to Ohio—into several broad nationwide classes. Brent also seeks to add a national class action claim for "misrepresentation." Simply put, Brent's Motion for Leave to file a Third Amended Counterclaim must be denied for at the least the following reasons:

***First***, Brent's proposed amendments are untimely and fail to meet the standards set forth by Rule 16(b) of the Federal Rules of Civil Procedure, which the Sixth Circuit has made clear allows leave to amend pleadings beyond the deadline set in a Court's case management order **only** if "good cause" is shown by the movant and if there is no potential prejudice to the non-movant." *Leary v. Daeshner*, 349 F.3d 888, 904-09 (6th Cir. 2003); s*ee also Snay v. Ameriwood Industries*, No. 3:01-CV-7577, 2002 WL 31888296 *7 (N.D. Ohio December 5, 2002)(Katz, J.)(Ex.1).

*Second*, even if Brent could meet Rule 16's standards, she cannot meet her burden under Rule 15, because her proposed amended counterclaims are futile on several grounds, including that they are beyond the statute of limitations, do not relate back to Brent's original counterclaims, fail to state a claim, and seek to add claims for actual damages that are barred by the *Rooker-Feldman* abstention doctrine and *res judicata*.

Therefore, Brent's Motion for Leave to file her Third Amended Counterclaim must be denied and her previously proposed "Second Amended Counterclaim" stricken, with her case to proceed under the claims set forth in her First Amended Counterclaim.

## II. **BACKGROUND**

### A. **The Underlying Dispute.**

As this Court is aware, the underlying facts of this case are relatively straightforward. Midland purchased Brent's defaulted Verizon Classic Visa credit card account, originally issued by Associates National Bank, which later merged with Citibank. Soon after Midland purchased Brent's account, it retained MCM to collect the account. After MCM received no response to its collection letters, it retained the Javitch Block ("JBR") law firm. Ultimately, on April 17, 2008, JBR filed a breach of contract complaint against Brent in Ohio state court (Sandusky County), which contained, among other items, an affidavit executed by MCM employee, Ivan Jiminez.

### B. **Brent's Original Class Action Counterclaim Against Midland and MCM.**

In response to the state court collection compliant, Brent filed class action counterclaims against Midland and MCM. Brent alleged violations of five separate subsections of the FDCPA, and individual claims for intentional and negligent infliction of emotional distress. (Doc. # 2.) Specifically, Brent alleged that Midland and MCM had a practice of filing lawsuits without evidentiary support and using "false affidavits" in Ohio state courts. (*Id*. at ¶¶ 9-16.) In addition, Brent alleged that Midland and MCM's lawsuit was filed beyond the statute of

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

limitations and that MCM and Midland had a practice of doing so. (*Id.* at ¶¶11-14). In this regard, Brent proposed a "Class 1" and "Class 2" based upon these allegations. *Id.* at ¶¶20-23. On June 13, 2008, MCM and Midland removed this action to this Court, and timely filed an answer, with affirmative defenses, to Brent's Counterclaim. (Doc. #1 and 2).

**C.     The Case Management Conference Order.**

In late July 2008, counsel for the parties met to complete the "Report of the Parties' Planning Meeting." Thereafter, on July 31, 2009, the parties submitted their report to the Court. (Doc # 12). Among other items, the report listed a proposed December 1, 2008 cut-off for amendments to the pleadings and joinder of parties. (Id.)

On August 6, 2008, the Court conducted a telephonic Case Management Conference with counsel ("CMC"). Thereafter, the Court issued its CMC Order, which among other items, set liability discovery and dispositive motion cut-off dates. In addition, the Court also set the deadline for amending pleadings and adding parties as "**DECEMBER 1, 2008**." (Doc # 13) (emphasis added). Over the next several months, the discovery and liability deadlines in the CMO were extended upon the request of the parties. (Doc. # 17 and 25). However, the parties never sought and the Court never altered the December 1, 2008 amendment deadline.

**D.     Brent Files A First Amended Counterclaim And The Parties File Cross-Summary Judgment Motions.**

On December 1, 2008, Brent filed an amended counterclaim and third party complaint. (Doc. # 22). Brent altered her previous counterclaims to allege that Midland and MCM violated five separate subsections of Section 1692e of the FDCPA, and two subsections of the Ohio Consumer Sales Practices Act. Brent removed her allegations of emotional distress. (*Id.* at ¶¶36-44). Brent also retracted her statute of limitations allegation and added two new proposed classes based upon Midland and MCM's collection of interest on accounts. (*Id.* at ¶¶ 28-31).

Brent's amended class action allegations were all Ohio based (*Id*. at ¶¶ 33-41). On December 18, 2008, Midland and MCM filed their answer, with affirmative defenses, to the First Amended Counterclaim. (Doc. # 25). Thereafter, the parties completed liability discovery and filed cross-motions for summary judgment. (Doc. # 34, 35, 40-43)(filed under seal).

**E.      The Court Grants Partial Summary Judgment To Brent On Her FDCPA and OCSPA Claims Relating to The Filing of Jiminez's Affidavit.**

On August 11, 2009, the Court granted Brent's summary judgment motion, in part, denied Midland and MCM's summary judgment motion, and entered judgment against Midland and MCM on Brent's claims that Midland and MCM submitted a "false affidavit" under the FDCPA and OCSPA. (Doc. # 50). The Court also entered an injunction against Midland and MCM under the OCSPA, which prohibited MCM and Midland from filing "false affidavits." The Court denied Brent's summary judgment motion with respect to her claims that Midland and MCM attempted to collect improper interest and should be enjoined under the FDCPA. (Doc. #51)

On August 25, 2009, Midland and MCM filed a Motion for Reconsideration regarding several factual errors in the Court's memorandum opinion, as well as to the granting of the injunctive relief. The Court later granted the Motion for Reconsideration, in part, and modified the injunction under the OCSPA. (Doc. # 56).

**F.      Brent Files A Proposed Second Amended Counterclaim And Then The Case Is Stayed While The Parties Engage In Mediation.**

On September 10, 2009, while Midland and MCM's Motion for Reconsideration was pending (and a month after the Court's summary judgment ruling on liability and after the case had been stayed pending mediation), Brent's counsel filed a Second Amended Counterclaim seeking to dramatically enlarge the scope of this action by setting forth four new nationwide

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

4

class actions.  (Doc. # 54, Second Am. Cntrclm, ¶¶ 19, 34 and 26-33).[1]  These proposed new

classes included one related to judgments entered against the putative class members.  (Id at ¶

28).

**G.     Brent's Motion for Leave to File a Third Amended Counterclaim.**

On December 8, 2009, Brent's counsel filed a "Notice of Failure of Second Mediation

and Request to Return to Active Status on the Court's Docket."  (Doc. # 61).  The Notice was

filed the very same day that the parties completed a second mediation session with former Judge

McQuade.  A few minutes after the Notice was filed, Brent filed her Motion for leave to file a

Third Amended Counterclaim *Instanter*. (Doc. # 62).  Brent's motion comes over a year after the

Case Management Order's deadline for amendment and seeks to move Brent's FDCPA affidavit

claims to nationwide class.  (*Id*. at ¶¶  26-27).  In addition, the proposed Third Amended

Counterclaim seeks to expand Brent's OCSPA claim to also include "substantially similar

consumer protection statutes of all other states."  (*Id*. at ¶¶ 42-44).  Moreover, Brent also seeks to

adds a national class action claim for "misrepresentation."  (*Id*. at ¶¶ 46-53).  In this regard,

Brent looks to mold her claims into two classes, the first one being based upon "false" affidavits,

which Brent looks to divide into two subclasses (one being limited to statutory damages; the

---

[1]  Brent's counsel apparently read this Court's August 31, 2009 Order (Doc. # 53) as granting her leave to file the Second Amended Counterclaim, even though such a motion was never made and ruled upon by the Court as required by Rules 16 and 15. *See, e.g.,  Sherman v. Wilco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008)(rejecting an amended pleading filed in the district court, because "the application of Rule 16(b)'s good cause requirement in not optional[,]" when a party seeks amendment beyond the deadline set forth in the case management order).  Of course, such a reading of the Order would be incorrect, because Midland and MCM were entitled to the opportunity to object to Brent's "Second Amended Counterclaim" under both Rule 15 and 16.  However, due to the stay entered on proceedings by the Court, Midland and MCM never had the opportunity to do so.  (Doc. # 53).  Midland and MCM made the Court aware of this in their Response to Brent's "Notice of Mediation Status."  (Doc. # 58). In turn, Brent acknowledged that Midland and MCM must be given the opportunity to object to the proposed Second Amended Counterclaim.  (Doc. #59).  Nevertheless, Brent has now abandoned her proposed Second Amended Counterclaim, and thus, it should be stricken pursuant to Fed. R. Civ. P. 12(f).  *See e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008).

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY· CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

second looking to capture any actual damages suffered by the putative class members, as a result of the affidavits filed in state court, no matter how divergent they may be.) (*Id*. at ¶ 27). Brent's second putative class remains grounded in her Ohio based improper statutory interest claim. (*Id*. at ¶ 28).

### III. <u>ARGUMENT</u>

**A.    Brent's Motion for Leave Fails To Meet The Requirements of the Local Rules.**

As an initial matter, Brent's Motion for Leave to Amend includes no memorandum of points and authorities in support. Thus, it contravenes Local Rule 7.1(c), "Memorandum by Moving Party[,]" which states that a "moving party must serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion." Brent's actions in this regard raise more than a procedural eyebrow. Quite apart from the lack of merit to Brent's motion, to be discussed in more detail below, her inattention to court rules may, single-handedly, doom her proposed amendment. "Failure to 'file a motion to amend ***along with an accompanying brief***, as required by the local rules governing practice before the district court,' is a sufficient ground for not allowing a complaint to be amended." *Back v. Nestle USA, Inc*., No. 08-290, 2008 WL 4399492 at *3 (E.D. Ky, Sept. 23, 2008) (emphasis added) (Ex. 2), quoting *P.R. Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004).

The lack of a brief may be excusable in some circumstances, such as when the motion sets forth detailed arguments with supporting authorities cited. However, this is not the case here. Brent's motion is two sentences long, noting only that "Brent believes that the filing of [the Third Amended Counterclaim] is mandated by the underlying facts." (Doc. # 63). The Sixth Circuit frowns on such minimalist tactics, and has upheld the denial of amendment for this very reason: "Plaintiff did not attempt to articulate the theories supporting leave to amend in any fashion, nor did she address the issues of delay, prejudice, or futility. Thus, the motion could

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

have been denied on this ground alone." *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937-938 (6th Cir. 2004). This Court has done the same under similar circumstances. *Checuti v. Conrail*, 291 F. Supp. 2d 664, 667 (N.D. Ohio 2003)(Katz, J.)(denying motion for leave to amend for failure to articulate the nature of the proposed amendment).

**B.**     **Brent's Motion For Leave to Amend Must Be Denied Pursuant to Rule 16.**

When a party seeks to amend a pleading after the schedule deadline for doing so, Rule 16(b), which governs the modification of scheduling orders, applies. *Leary v. Daeshner*, 349 F.3d 888, 904-09 (6th Cir. 2003). Specifically, this Rule states that "a schedule shall not be modified except upon a showing of **good cause** and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b) (emphasis added). The purpose of limiting the period for amending the pleadings is to assure "that at some point both the parties and the pleadings will be fixed." Advisory Committee Notes to the 1983 Amendments to Rule 16.

The local rules governing this Court follow this rationale. N.D. Ohio LCivR 16.1 and 7.1(h), *supra*. Therefore, Brent's Third Amended Counterclaim—filed well beyond the deadline enumerated by this Court's Rule 16 CMO—is untimely and should be rejected on that basis. *See*, *e.g.*, *Leary*, 349 F.3d at 906 (upholding denial of motion to amend and explaining that **"Rule [16] is designed to ensure that 'at some point both the parties and the pleadings will become fixed."**)(emphasis added); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (upholding denial of motion to amend which was filed after CMO deadline).

**1.**     **Brent Has Failed To Demonstrate "Good Cause" To Modify This Court's Case Management Order.**

In *Leary*, the Sixth Circuit explained the "intersection of Rule 15's liberal amendment mandate and Rule 16's good cause requirement, " and upheld the denial of plaintiffs' motion to

amend their complaint based upon the fact that it was beyond the motion to amend deadline set by the court's Rule 16 case management order.  349 F.3d at 907-908.  In doing so, the Sixth Circuit emphasized that "once the scheduling order's [i.e., case management] deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15.  *Id.* at 908 (emphasis added).  As this Court previously explained, the Sixth Circuit has determined that "good cause" is measured by "the moving party's diligence in attempting to meet the case management order's requirements."  *Snay v. Ameriwood Industries*, No. 3:01-CV-7577, 2002 WL 31888296 *7 (N.D. Ohio December 5, 2002)(Katz, J.)(denying motion for leave to amend under Rule 16 because plaintiff failed to meet "good cause" requirements of Rule 16) citing *Inge v. Rock Financial Corporation,* 281 F.3d 613, 625 (6th Cir. 2002).

Here, Brent cannot demonstrate "good cause" under Rule 16.  Indeed, she has never made any attempt whatsoever to do so, or even recognize that she must.[2]  To begin with, Brent's attitude toward amending her counterclaims have, at best, shown a cavalier disregard for the Federal and Local Rules:  Brent waited to file her Second Amended Counterclaim until after the parties had litigated her First Amended Counterclaim to completion.  She waited until the court had rendered judgment on that claim, and even after it amended its judgment via partial reconsideration.  She then filed the Second Amended Counterclaim as a *au fait accompli*, before

---

[2] Although Brent does not mention the legal ground for her motion, we may assume she brings it in reliance upon Fed. R. Civ. P. 15(a)(2), which directs the court to "freely give leave [to amend] when justice so requires."  Irrespective of Rule 16(b), that liberality, while applicable in most cases, does not apply here.  "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."  *Wade v Knoxville Utils Bd*, 259 F.3d 452, 459 (6th Cir. 2001).  Moreover, the Seventh Circuit has held that "[t]he presumption in favor of liberality in granting motions to amend, Fed. R. Civ. P. 15(a), *is reversed* after judgment has been entered."  *First Nat'l Bank of Louisville v Cont'l Illinois Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991) (Posner, J.) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1489 (2d ed. 1990) (emphasis added).

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

either counsel or this Court had an opportunity to opine on its propriety.  Then, rather than awaiting a discussion of its propriety, Brent moved to amend her counterclaim yet a third time, perhaps hoping the Court would assume the propriety of the Second Amended Counterclaim while debating the Third.  This does not show any diligence on the part of Brent.  *See*, *e.g.*, *Leary*, 349 F.3d at 908 (affirming district court's refusal to find good cause where plaintiff "was obviously aware of the claim for many months").  As this Court has explained when confronted with similar circumstances, the analysis need go no further, Brent's Motion for Leave must be denied.  *Snay*, 2002 WL 3188296 at *6-8 (denying motion for leave to amend under Rule 16(b) due to plaintiff's lack of diligence in pursing her motion beyond the deadline established in the CMO).

### 2.  Brent's Proposed Amendments Will Prejudice Midland and MCM.

In addition to Rule 16's explicit "good cause" requirement, the Sixth Circuit in *Leary* held that a court should also determine whether the nonmoving party could "**potentially**" be prejudiced by a decision to amend a scheduling order.  349 F.3d at 909 (emphasis added); *see also Inge,* 281 F.3d at 625.  Here, it is undisputed that Midland and MCM will be prejudiced if Brent's motion for leave to amend her counterclaims is granted a year after: (1)  the deadline in the CMO has passed; and (2) the Court has already ruled on the parties cross-summary judgment motions on liability.

Long ago, the Sixth Circuit established the rule that, "[a] party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of the claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint."  *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989).  This was further explained by *Ford Motor Company v. Kahne*, 379 F. Supp. 2d. 857 (E.D. Mich.

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

2005), in which the court denied a proposed amendment that was filed while summary judgment

motions were pending:

> In *Priddy v. Edelman*, the Sixth Circuit unambiguously stated: 'A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of the claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint.' 883 F.2d 438, 446 (6th Cir. 1989); *see also Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 ("When an amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.")(citing *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Courts have also found significant prejudice is caused by permitting a party to add a claim to its pleading after discovery has ended and after dispositive motions have been filed. *See Wade*, 259 F.3d at 459 (finding no abuse of discretion when district court found untimely motion to amend would cause significant prejudice when discovery had ended, the defendant had filed a summary judgment motion, and defendant would have to develop new defense); *Duggins, 195 F.3d at 834* ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.")

*Id.* at 876-878.

Each factor recited in the above cited cases is also present here. Eighteen months have

passed since Brent's original counterclaim; twelve months have passed since the CMO

amendment deadline. Brent's proposed Third Amended Counterclaim rests on the same facts,

but asserts new theories of liability that could have been included in her original counterclaim.

Her proposed amendment is untimely under the terms of the scheduling order, and Brent has

sought no extension, and offered no explanation for her delay.

Indeed, Brent's case against Midland and MCM has progressed even further than in

*Kahne* and the Sixth Circuit cases cited therein. In the year between her First Amended

Counterclaim and her proposed Third Amended Counterclaim, the parties completed liability

discovery, filed cross-motions for summary judgment, received a decision from the court on

those motions, received an amended decision on those motions, and attempted mediation.

Midland and MCM expended significant time and cost in responding to Brent's claims during

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

that time. Had Brent wished, at any point, to so greatly expand the scope of her action, she should have attempted to do so while the parties were still engaged in discovery, or at the very least, before summary judgment. Now, were the Court to allow amendment adding these new classes and claims, it would have to vacate its summary judgment ruling pursuant to Fed. R. Civ. P. 59(e) or 60(b). *Cooper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."); *see also Mitsubishi Aircraft Int'l v. Brady,* 780 F.2d 1199, 1203 (5th Cir. 1986) ("by the time the motion to amend was filed, there was no longer existent a claim to be amended, since summary judgment was already granted"). The Court would then be required to reopen liability discovery, and thus, delay the litigation for a substantial period, while the parties conducted nationwide discovery and took (and, in some cases, re-took) depositions in light of the national scope of the action. The parties and this Court have already expended significant resources litigating claims to summary judgment. To allow Brent to amend at this stage would make these substantial efforts for naught. Brent's proposed misrepresentation and new consumer statute claims further compounds the prejudice. These causes of action would have to be litigated from scratch. It is difficult to imagine a worse burden on the parties, or on this Court's time. To do so would substantially prejudice Midland and MCM.

**C.     Allowing Brent To Amend Her Claims For A Third Time Is Also Improper Under Rule 15.**

It is axiomatic that "[a]motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995). Here, several of these factors weigh against accepting Brent's proffered Third Amended Counterclaim. The

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

undue delay and prejudice factors are noted above. With respect to futility, the Sixth Circuit has explained that "[a] proposed amendment is futile if the complaint, as amended, would not withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Konkol v. Diebold, Inc.*, ___ F.3d ___, 2009 WL 4909110 at *11 (6th Cir. 2009) (for publication).

1. **Brent's Proposed Amended Counterclaim Is Futile On Several Grounds.**

a. <u>Brent's Proposed Third-Amended Counterclaim Attempts to Add Plaintiffs Whose Claims Are Barred By Statute of Limitations.</u>

Brent's proposed Counterclaim seeks to add classes of purported plaintiffs whose claims fall well outside the applicable statute of limitations. As this Court is aware, every claim brought pursuant to the FDCPA must be brought "within one year from the date on which the violation occurs." 15 USC § 1629k(d). Brent's proposed third-amended counterclaim adds classes of plaintiffs whose claims allegedly accrued "on or after June 16, 2007" (a year before Brent's own FDCPA claim). (Third Am. Cntrclm. at ¶ 27). It is now December, 2009, but Brent makes no argument as to why the new nationwide class action claims would be timely. Simply put, they are not.

Due to the fact that each of Brent's proposed national class actions contain new plaintiffs, whose claims fall outside the statute of limitations, Brent must make some argument that these claims relate back to her own original filing date. Courts that have considered what constitutes relation back when a party seeks to add plaintiffs via amendment have framed the inquiry as follows: "ask whether the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff and whether the defendant knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113,1132 (11th Cir. 2004) *citing SMS Fin. Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 245 (5th Cir. 1999). This approach, which represents

12

an "extension of Rule 15(c)(3) to amendments involving plaintiffs[,] rests on solid ground." *Id*. The Rules' advisory committee wrote that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." *Id*. citing Fed. R. Civ. P. 15 advisory committee's note to the 1966 Amendment. *See e.g.*, *Barnes v. First American Title Ins.* Co., 473 F. Supp. 2d 798, 800-02 (N.D. Ohio 2007)(Boyko, J.)(denying motion to amend to add new plaintiffs to class action and explaining that the "proposed new [p]laintiffs' claims do not relate back to the original complaint and must be defined as new parties and new claims.")

The Eleventh Circuit's ruling in *Cliff v. Payco Gen. Am. Credits, Inc.*, is exactly on point and illustrates the reasons why there can be no relation back for the Brent's amended national class claims in this case. 363 F.3d 1113 (11th Cir. 2004). In *Payco,* the original complaint set forth claims under the FDCPA on behalf of a putative class, which was limited to Florida debtors. *Id*. at 1117-19. The plaintiff later amended the complaint and added allegations on behalf of a proposed nationwide class that included debtors from outside Florida. *Id*. at 1119-21. The claims for the class members outside of Florida were beyond the FDCPA statute of limitations and so were time-barred unless they related back under Rule 15. The district court rejected plaintiff's amended national FDCPA class action complaint.

The Eleventh Circuit affirmed the district court. In doing so, the court recognized that plaintiff's amended claims arose "out of the same conduct as the claims in the original complaint." *Id*. at 1131, n. 14. The court, however, held that the more stringent standard under Rule 15(c)(3) applied to adding new plaintiffs beyond the statute of limitations. *Id*. at 1131-32.[3]

---

[3] "Rule 15 was amended in 2007 as part of the general restyling of the civil rules. As a result, former Rule 15(c)(3) is now Rule 15(c)(2)," but substantively remains unchanged. *Long v. Ford Motor Co.*, slip op., 2008 WL 2937751, *5, n. 6 (D. Ariz. July 23, 2008) (Ex. 3).

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

This standard (which the *Payco* court notes has been applied by other circuits using their own tests) focuses on whether the original complaint provided notice and would not unfairly prejudice the defendant. *Id.* With respect to the plaintiff's amended claims the court explained as follows:

> [Defendant] argues that [plaintiff's] amendment fails to satisfy the notice and prejudice requirements for relation back under either test, and we agree. Nothing prevented [plaintiff] from seeking to represent consumers outside Florida from the moment he initiated this lawsuit. When the statute of limitations ran on any alleged claims on June 1, 1999, [defendant] had been placed on notice only of its obligations to defend itself against the claims of Florida consumers.

*Id.* at 1132.

Other courts have followed the *Payco* analysis in denying similar attempts to move from state to national based FDCPA and state consumer law class action claims. Most notably, in *Johnson v. Riddle*, No. 2:98-CV-599 TS, 2007 WL 528719, *4-5 (D. Utah Feb. 15, 2007) (Ex. 4), the court rejected an attempt by the plaintiff to bring amended nationwide class action claims based upon the FDCPA, fraud, misrepresentation, and state consumer statutes. The plaintiff had originally brought putative classes comprising only Utah residents. *Id.* In rejecting the plaintiff's attempt to add national class action claims, the court explained as follows:

> Granting Plaintiff leave to amend her Amended Complaint to include the nationwide class would be futile. An amended complaint in a class action which broadens the definition of the proposed class does not relate back to the date of the filing of the original complaint so as to toll the applicable statute of limitations on the date of the filing of the complaint on behalf of persons who are members of the class under the broadened definition, but who are not members of the class as originally defined.

*Id*. at *5 (citing to *Payco*, 363 F. 3d at 1131-33), *Arneil v. Ramsey*, 550 F. 2d 774, 782 (2nd Cir. 1975).

Here it is undisputed that the Brent's original and first amended counterclaim pleadings, at most, put Midland and MCM on notice of only their obligation to defend themselves against

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

the claims of Andrea Brent and Ohio putative class members based upon alleged violations of the FDCPA and OCSPA. Therefore, the proposed national class claims in Third Amended Counterclaim (and Second Amended), which will be outside the applicable statute of limitations periods, do not relate back. Midland and MCM clearly will be prejudiced if the Court permits relation back on one or more of these new claims—Midland and MCM will be forced to defend against thousands of stale claims from new parties. Midland and MCM had no notice that Brent would attempt at any point to expand her counterclaim into a nationwide class action that would also include claims under all other states consumer statutes and a separate cause of action for misrepresentation. The prejudice inherent in such a move, at this late date, is substantial and would be unprecedented.

b.    <u>Brent's Proposed Misrepresentation Claims Are Also Futile.</u>

It is unclear upon which state or states' laws Brent bases her proposed misrepresentation claim. However, even if it is Ohio, such a claim is also futile, because Brent does not allege the elements necessary to sustain it. Although Brent does not specify whether hers is a claim for fraudulent or negligent misrepresentation, her proposed allegations are insufficient to plead either action.

As an initial matter, irrespective of which substantive state law applies, Brent's proposed misrepresentation claim fails to meet the pleading requirements of Rule 9(b), which mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." As explained by the Sixth Circuit, in order to be sufficient under Rule 9(b), the pleading must allege "the time, place, and content of the alleged misrepresentation on which the deceived party relied, the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud," which enables the other party to prepare an

informed pleading in response to the specific allegations of fraud." *United States v. Medtronic*, 552 F.3d 503, 518 (6th Cir. 2009).

Brent's proposed misrepresentation claim does not meet the mark of Rule 9(b). For example, Brent does not plead specifics regarding the time and place; instead, she paints in broad strokes by giving a period of 3 years and across the country, starting on "June 16, 2006 to date." (Third Am. Cntrclm. at ¶¶ 46-53).[4] Likewise, Brent does not specify which specific affidavits she may be referring or what is nature of the reliance. (Id.). This does not meet Rule 9(b)'s pleading requirements. *See also*, *Ashcroft v. Iqbal*, ___ U.S. ____; 129 S. Ct. 1937, 1949 (2009)(explaining that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")

Moreover, any claim for fraudulent misrepresentation under Ohio law must contain an allegation that the plaintiff justifiably relied on the representation at issue. *See, e.g., Doe v. SexSearch.com*, 551 F.3d 412, 417 (6th Cir. 2008) (upholding dismissal of a claim for fraudulent misrepresentation for failure to show justifiable reliance). The same is true of a claim for negligent misrepresentation: "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them ***by their justifiable reliance upon the information***, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838; 41 Ohio St.3d 1 (Ohio 1989)

---

[4] In addition, to the extent that Brent's misrepresentation claims are based on other states' substantive law, many new plaintiffs would also be outside the applicable statute of limitations period. *See*, *e.g.*, 42 Pa. C. S. § 5524 (7)(*Pennsylvania*: 2 year statute of limitations for fraud/misrepresentation); Ala Code § 6-2-38(l)(*Alabama*: 2 year statute of limitations for fraud/misrepresentation). Such claims would not relate back under Rule 15(c). *Smith v. Nationwide Prop. And Casualty Co.*, 505 F.3d 401 (6th Cir. 2007).

DYKEMA GOSSETT · A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

(emphasis added).  Moreover, "a claim for negligent misrepresentation requires 'a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction.'"  *Doe*, 551 F.3d at 418.

Brent has not alleged that she, nor anybody else, justifiably relied upon any information in Midland's affidavit.  She also alleges no "special relationship" that could provide the basis for a negligent misrepresentation claim under Ohio law.  She alleges only that "[a]ny required Class members' reliance upon the validity of the affidavits is ***presumed***."  (Third Amended Cntrclm. at ¶52) (emphasis added).

Ohio law does not presume justifiable reliance; a plaintiff must allege and prove it.  It is "well-established that when fraud is alleged as the basis for an action, five elements ***must be asserted in the complaint***:  (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) ***rightful reliance by the other to his detriment***; (5) an injury as a result of the reliance."  *Korodi v. Minot*, 531 N.E.2d 318, 321; 40 Ohio App. 3d 1 (Ohio Ct. App. 1987) (emphasis added).  Brent's failure even to allege such reliance subjects her claim to dismissal under Fed. R. Civ. P. 12(b)(6).  For this reason, its addition would be futile.

c.       Brent's Proposed Classes Cannot Not Be Certified.

The Sixth Circuit has long held that where a proposed amendment to assert a class action fails to allege facts from which the court can reasonably infer the mandatory prerequisites of Rule 23, the motion for leave to amend should be denied.  *Dong ex rel. Dong v. Board of Educ.*, 197 F.3d 793, 804 (6th Cir. 1999).

In *Smith v. Transworld Systems, Inc*., 953 F.2d 1025, 1033 (6th Cir. 1992)*,* the Sixth Circuit upheld the denial of a motion to amend a complaint to include FDCPA class action allegations.  The district court found the plaintiff's allegations insufficient to carry the plaintiff's

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY· CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

burden for certifying a class. *Id.* The Sixth Circuit affirmed: "[b]ecause Smith's proposed amendment failed to allege facts from which the district court could reasonably infer that the mandatory prerequisites of [Rule] 23(a) had been met, the district court properly denied Smith's motion [to amend]." *Id.*

Like in *Smith,* Brent's proposed amended counterclaims cannot satisfy the mandatory prerequisites of Rule 23. For example, they do not meet the commonality requirement of Fed. R. Civ. P. 23(a)(2) nor predominance requirement of Fed. R. Civ. P. 23(b)(3), as each of the proposed new putative class members' claims are based on divergent sets of facts and, particularly with respect to her state consumer law claims, are subject to the laws of all fifty states. *See Riddle*, 2007 WL 528719, *4-5 (declining to certify a proposed amended nationwide class based upon different states consumer statutes due to lack of commonality and the predominance of individual factual issues). Likewise, Brent's proposed amended claims seek actual damages for plaintiffs that did not challenge the debts, which Midland later collected via judgment or otherwise. However, Brent alleges that she did not know about the Citibank debt at issue, and that she did not owe it. This issue remains to be litigated in this case. Nevertheless, Brent's proposed brethren plaintiffs would make no such argument. In short, Brent would not adequately protect the interests of the various proposed classes, as their claims, based on divergent sets of law and facts in various jurisdictions, could entitle them to a better result than Brent's or a worse one. *See, e.g., Dong,* 197 F.3d at 804. Thus, the proposed amended class action claims are futile.

    d.    <u>Brent's Proposed "Actual Damages" Subclass Runs Afoul Of the *Rooker-Feldman* Abstention Doctrine And Is Also Barred by *Res Judicata*</u>.

Brent's proposed "actual damages" subclass is also futile on several grounds. First, courts have held that similar FDCPA claims for actual damages run afoul of the *Rooker-Feldman*

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

abstention doctrine, and thus, have acknowledged a lack of jurisdiction.  *See*, *e.g.*, *Kelley v. Med-1 Soln's LLC*, 548 F.3d 600, 607 (7th Cir. 2008)(holding that a federal court lacked jurisdiction over FDCPA claims that were inextricably entwined with state court collection judgments).  At some level, Brent understands this because she takes great pains in her proposed Third Amended Counterclaim to plead around any abstention issues by making clear that she is not asking this Court to overturn judgments.  (Third Am. Cntrclm. ¶ 40).  However, Courts have held that any FDCPA actual damage claims relating to state court judgments, irrespective of them not being styled as an attempt to overturn the judgments, are barred by the *Rooker-Feldman* doctrine. *Stolicker v. Muller, Muller, Richmond, Harms, Myers and Sgroi*, 2006 WL 3386546 (W.D. Mich. Nov. 22, 2006)(rejecting damage claims of FDCPA class that sought actual damages in the form from money collected via state court judgments, although not specifically stated as such by plaintiffs, because such is contrary to the *Rooker-Feldman* doctrine) (Ex 5);  *see also McCammon v. Bibler, Newman & Reynolds, P.A.*, 515 F. Supp. 2d 1220, 1229-30 (D. Kan. 2007) (denying FDCPA claims relating to actual damages resulting form state court default judgments that were entered as a result of fraud).

Moreover, *res judicata* would bar most of Brent's proposed plaintiffs from litigating their proposed actual damage claims, because under applicable state laws, each such claim could— and should—have been litigated in the original state debt-collection cases.  According to the Sixth Circuit, "[r]es judicata may bar any claims over which the federal courts have jurisdiction, including both claims of injuries caused by state-court judgments and general challenges to state statutes."  *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007).  The Sixth Circuit holds that, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Cadle Co. v. Reiner*,

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY · CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

*Reiner & Bendett, P.C.*, 307 Fed. Appx. 884, 889 (6th Cir. 2009) (Ex. 6) (emphasis in original). And, importantly, where a state-court defendant fails to raise a counterclaim that was permissible in that case and before that court, he cannot raise it again in federal court. *Cadle Co.*, 307 Fed. Appx. at 889-90.

Here, it is likely that very few of the proposed nationwide class members raised an FDCPA claim in their state-court collection cases, nor did any of them raise claims for actual damages growing out of the use of a defective affidavit. The *res judicata* doctrine covers just such situations. Any claim for actual damages caused by Midland's and/or MCM's collection of a debt pursuant to a valid state-court judgment, unquestionably arises out of the same transaction as the collection itself, and "could have been raised" in the initial action. Courts have had little trouble with this point. *See, e.g., Givens v. Homecomings Fin.*, 278 Fed. Appx. 607, 609 (6th Cir. 2008) (Ex. 7) (holding an FDCPA claim barred by both *res judicata* and *Rooker-Feldman* where the claim sought recompense for practices JP Morgan used in its prior, successful, eviction action against the plaintiff). Therefore, Brent's proposed actual damages subclass is also futile.

## IV.  **CONCLUSION**

For all of the above reasons, Brent's Motion for Leave to Amend must be denied, her proposed Second Amended Counterclaim stricken.

Dated:  December 28, 2009

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Theodore W. Seitz*
    Theodore W. Seitz (P60320)
    Attorneys for Defendant
    Dykema Gossett PLLC
    Capitol View
    201 Townsend Street, Suite 900
    Lansing, MI 48933
    (517) 374-9149
    tseitz@dykema.com

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

**PROOF OF SERVICE**

I hereby certify that on December 28, 2009 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to parties by operation of the court's electronic filing system

*/s/ Theodore W. Seitz*
Theodore W. Seitz

LAN01\210494.5
ID\TWS - 097356/0045

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·CAPITOL VIEW 201 TOWNSEND STREET SUITE 900 LANSING, MICHIGAN 48933

21