IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDLAND FUNDING LLC,

                Plaintiff,              Case No. 3:08 CV 1434

-vs-

                                      MEMORANDUM OPINION
ANDREA L. BRENT,                            AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on the motion of Andrea Brent, Defendant/Counterclaim Plaintiff, for leave to file a Third Amended Counterclaim Complaint (Doc. 62). The Plaintiff/Counterclaim Defendant Midland Funding, LLC ("Midland"), and Counterclaim Defendant Midland Credit Management, Inc. (MCM), have filed a response (Doc. 65), to which Brent has filed a reply (Doc. 71). In their response, Midland and MCM request that this Court strike the Second Amended Counterclaim (Doc. 54) which has already been filed in this matter. For the reasons stated below, the motion for leave to file (Doc. 62) will be denied and the request to strike the Second Amended Counterclaim granted.

**I. Background**

Some background is necessary. This case began life nearly two years ago, in April 2008, as a breach of contract action brought by Midland against Brent in the Municipal Court of Sandusky, Ohio, seeking recovery on a credit card debt. In response, Brent filed class-action counterclaims against both Midland and MCM, alleging violations of several provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a *et seq.*, and the Ohio Consumer Sales Protection Act (OCSPA), , Ohio Rev. Code Ann. § 1345 *et seq.* (2008) . The case was then removed to this Court on June 13, 2008, as involving a question of federal law.

On August 7, 2008, this Court issued a Case Management Conference (CMC) order (Doc. 13), a scheduling order containing deadlines that had been agreed to by the parties at their planning meeting. That order set December 1, 2008, as the deadline for amending the pleadings and adding new parties in this matter. Over the next several months, the discovery and liability deadlines contained in the CMC order were extended upon the request of the parties. (See Docs. 17 and 24). But the parties never sought, and the Court never altered, the December 1, 2008 amendment deadline.

In accordance with that deadline, Brent filed an amended counterclaim and third-party complaint on December 1, 2008. (Doc. 22). On December 18, 2008, Midland and MCM filed their answer, with affirmative defenses, to the First Amended Counterclaim. (Doc. 25). Thereafter, the parties completed liability discovery and filed cross-motions for summary judgment. (Docs. 34, 35, 40-43). On August 11, 2009, the Court ruled on these summary judgment motions in a lengthy memorandum opinion (Doc. 50). In that opinion, the Court denied Midland and MCM's motion for summary judgment, and granted Brent's motion for summary judgment in part. The Court held that Midland and MCM had violated the FDCPA and OCSPA by using a false affidavit in an attempt to collect a debt, and that Brent was entitled to declaratory and injunctive relief on this claim. Pursuant to this ruling, the Court entered an injunction against Midland and MCM, enjoining them from engaging in certain illegal debt collection practices. In response to Midland and MCM's joint motion for reconsideration (Doc. 52), this Court modified the injunction in an opinion issued on September 23, 2009 (Doc. 56).

On December 8, 2009, over a year after the initial deadline for amending pleadings had passed, after completion of liability discovery, and after this Court had ruled on dispositive

2

motions and entered injunctive relief, Brent filed the instant motion, seeking leave to amend her counterclaim complaint yet again in order to add new theories of liability and expand the scope of her claims.

**II. Discussion**

In the present case, there is no dispute that the deadline for amending pleadings has long passed, without request for an extension. The same is true of the previously-set discovery and dispositive motion deadlines. Under these circumstances, "the district court could allow Plaintiffs to file their second amended complaint only if the scheduling order was modified." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). Modification of a scheduling order is governed by Fed. R. Civ. P. 16(b)(4), which permits modification "only for good cause and with the judge's consent." This means that the party seeking amendment must show "good cause" for its failure to comply with the original schedule, "by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.

*Leary* makes clear that a party's request for leave to amend a complaint after a deadline set by the Court for doing so has long passed must be evaluated under the "good cause" standard required to modify a scheduling order prescribed by Rule 16, and not the more liberal standard for amendments prescribed by Rule 15. As the Sixth Circuit stated, "once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15." *Leary*, 349 F.3d at 908.

But requiring "good cause" for a belated amendment is consistent with the lenient Rule 15 standard as well. Rule 15 provides that leave should be "freely given" except in cases involving

3

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). In cases where the movant waits to pursue a claim until "after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed", the Sixth Circuit has found that "significant prejudice" would result to the non-moving party if amendment were permitted. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Thus, in such circumstances, the moving party must show "justification for the delay". See *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.").

In this case, Brent has not shown justification for seeking leave to again amend her counterclaim complaint after the completion of discovery and motion practice. Brent's proposed amendments primarily seek to pave the way for certifying this case as a nationwide class action. To this point, Brent has sought to represent only a statewide class. Brent argues that her proposed amendments are necessitated by her "obligation to protect the absent class members." (Doc. 71 at 6). This, of course, begs the question, because the "absent" nationwide putative class members will only attain that status if this Court permits Brent's proposed amendments. A more basic problem with this argument, however, is that Brent's status as a putative class representative has been clear since she first filed her class-action counterclaim in Sandusky Municipal Court back in 2008. Brent has thus been aware of her obligations as putative class representative for quite some

4

time now, and she offers no explanation why she could not have foreseen the potentiality of a national class prior to December 2008, when her amendment would have been timely.

Brent acknowledges that her proposed amendments rest on the same facts that gave rise to her First Amended Counterclaim Complaint. She argues, however, that the amendments are offered in an attempt to clarify the class definitions contained in the First Amended Counterclaim Complaint. But the proposed amendments do much more than merely "clarify." Instead, the proposed Third Amended Counterclaim Complaint offers new and sweepingly expanded theories of liability. It enlarges the putative class from one based only in Ohio to one based nationally, and claims violations of not just the OCSPA but "similar consumer protection statutes of all other states". (Doc. 62, Attachment 1 ["Third Am. Cntrclm."] at 10). It also adds an entirely new claim for common-law misrepresentation. (See *id*. at 11). None of these new theories were foreseeable based on the First Amended Complaint, and Brent has not provided any reason why these new claims could not have been asserted earlier.

In this case, Brent has waited until her initial claims were litigated through discovery and motion practice before seeking leave to amend to add new claims arising from the same facts. But "[a] party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed on the basis of the claims asserted in the original complaint before introducing entirely different legal theories in an amended complaint." *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989). This Court cannot grant her leave to file an amended complaint in these circumstances.

It is true that, as a result of this Court's grant of partial summary judgment and injunctive relief in her favor, Brent is in a stronger position in this litigation now than she was when this case

5

was initially removed here. But that does not give her license to pile on and seek to bolster her position by significantly expanding the scope of her claims. If leave to amend were "freely granted" in these circumstances, lawsuits would become amorphous ventures, subject to significant and unexpected change at nearly any stage of the proceedings. Prompt settlement of claims would be frustrated, because the ever-present prospect of the suit's expansion would render uncertain the terms on which settlement discussion might take place and make preliminary evaluation of a suit's scope and strength extremely difficult. That is why it is essential that this Court enforce the mandate of Rule 16, which seeks to ensure that "at some point both the parties and the pleadings will be fixed." Fed.R.Civ.P. 16, 1983 advisory committee's notes.

Brent correctly notes that the issue of class certification remains to be decided in this case. But that fact does not help her cause. The entire point of delaying decision on class certification until the resolution of dispositive motions was to determine to what extent the pleadings assert viable legal theories in the first place. Ruling on liability first was thus intended to create certainty as to the legal issues at play in the underlying suit prior to the class certification phase. To now permit amendment of the complaint to assert new theories of liability would be antithetical to the entire theory of bifurcating the liability and class certification issues in the first place. Instead, the proposed amendment would create an uncertain backdrop as the parties proceed to litigate class certification, as the parties will have to brief this issue without knowing whether, and to what extent, Brent's new claims are legally viable. If the Court had known that Brent would later seek to amend her complaint at the class certification phase, it would have been more expedient for the Court to simply rule on liability and class certification at the same time,

6

instead of ruling on liability twice before proceeding to class certification, or, alternately, ruling on class certification prior to the close of liability discovery.

There can be no question, moreover, that the prejudice to Midland and MCM will be significant if amendment were permitted. Because of Brent's failure to bring her new claims at an earlier stage, the parties have been forced to expend significant sums litigating and attempting settlement of this case over the past two years on the assumption that Brent's class action counterclaims were, as stated in her First Amended Counterclaim Complaint, limited to Ohio. If amendment is now permitted, the parties would have to expend substantial sums of money going forward in conducting liability discovery on a nationwide basis. The parties would also have to spend time and money preparing new summary judgment motions, whose filing would create even more delay. The initial round of motion practice in this case, for example, required nearly seven months to complete.

Moreover, permitting amendment would not be proper because many of Brent's new claims appear not to state proper causes of action. Every claim brought under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 USC § 1629k(d). But Brent seeks to add new plaintiffs whose claims accrued "on or after June 16, 2007". (Third Am. Cntrclm. at ¶ 27). For these new class claims to be timely, this Court would have to find that they "relate back" to the initial filing of Brent's class action counterclaim. In a case factually indistinguishable from the one at bar, the Eleventh Circuit held that the claims of new nationwide class members did not "relate back" to an initial class claim brought on behalf of Florida debtors, because the initial claim on behalf of the Florida class failed to place the defendant on notice of a

7

potential nationwide class. See *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004).

To the extent that Brent asserts new claims for fraudulent misrepresentation, she has failed to plead the circumstances surrounding the fraud with the particularity required by Fed. R. Civ. P. 9(b), as the frauds are alleged to have taken place generally over a three-year period "throughout the United States". (Third Am. Cntrclm at ¶ 46). To the extent that Brent's new claims seek damages arising from enforcement of state court judgments, see Thrd Am. Cntrclm at ¶ 47 (Seeking "actual damages in the form of . . . payment of funds to Midland, MCM or an MCM related company on a debt that they contend, in a sworn statement, that they did and do not owe."), they are barred by the *Rooker-Feldman* doctrine and *res judicata*, because alleged injury results from enforcement of a state court judgment finding the defendant liable on the debt owed. See *Givens v. Homecomings Financial*, 278 Fed.Appx. 607, 608 (6th Cir. May 20, 2008).

Midland and MCM also request that this Court strike the Second Amended Counterclaim Complaint, which was filed on September 10, 2009, after the close of discovery and ruling on dispositive motions but prior to this Court's ruling on Midland and MCM's joint motion for reconsideration. At the Second Amended Counterclaim Complaint was filed, this case was stayed pending the outcome of mediation (Doc. 53). Brent never formally moved for leave to file an amended complaint at that time, and Midland and MCM were not permitted an opportunity to respond to Brent's request, or any notice at all of the contents proposed Second Amended Counterclaim Complaint.

Clearly, the Court did not intend to grant leave for Brent to file her Second Amended Counterclaim Complaint under these circumstances, without any notice to the opposing party or

8

any chance for that party to object, and when the case was subject to a stay that would have prevented Brent from formally moving for leave to amend. The Court's own notes of the meeting wherein it directed Brent to file her Second Amended Counterclaim Complaint indicate that the Court's sole purpose in doing so was to assist the parties in their then-pending mediation by providing an indication of the theories Brent wished to pursue at the class certification phase. The Court did not intend its order to grant leave to Brent to file her amended counterclaim complaint without the showing of "good cause" requisite to such an amendment, or indeed without any indication of what the Second Amended Counterclaim Complaint contained. The Court cannot construe Brent's request at conference to file the complaint as a motion for leave to file, as doing so would run afoul of Local Rule 7.1(c), which requires that the moving party "serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion."

Brent has now abandoned her Second Amended Counterclaim Complaint. In any event, the Second Amended Counterclaim Complaint must be stricken as immaterial, for it too asserts new claims that were not foreseeable on the basis of the First Amended Counterclaim Complaint, and Brent has not demonstrated "good cause" for her substantial delay in bringing these new claims after the close of liability discovery and motion practice.

**III. Conclusion**

For the foregoing reasons, the motion for leave to file a Third Amended Counterclaim Complaint (Doc. 62) is denied, and the Second Amended Counterclaim Complaint (Doc. 54) is stricken pursuant to Fed. R. Civ. P. 12(f) as immaterial to the present action. As previously

9

indicated (Doc. 70), Brent will have 30 days from issuance of this decision to file a new motion for class certification.

    IT IS SO ORDERED.

                                                s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE