IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. 3:08-CV-1434 |
| Plaintiff/Counterclaim Defendant, | |
| vs. | |
| | Judge David A. Katz |
| **ANDREA L. BRENT** | |
| Defendant/Counterclaim Plaintiff | |
| vs. | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Counterclaim Defendant | |

**BRENT'S SUR-REPLY IN OPPOSITION TO MIDLAND'S MOTION FOR SUMMARY JUDGMENT AS TO BRENT'S CLAIM FOR ACTUAL DAMAGES**

Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland"), in their Reply memorandum in support of their pending Motion for Summary Judgment as to Counterclaimant Brent's Claim for Actual Damages, have made a false representation of fact.

Midland seems to be of the mindset that if it makes false and outrageous statements often enough, perhaps this Court will believe them, regardless of their truth. Toward this end, Midland engages in a lengthy dissertation in section II. A on pages 2 – 4 of their response, under the heading "Brent's Rule 26 Disclosures Did Not Identify Actual Damages, and Were Never Supplemented." That representation is patently untrue.

1

2

It is possible that Midland did not actually read Brent's response in opposition and hence it is possible that Midland's patently false statement was unintentional. Irregardless, Brent's memorandum did clearly explain that the Rule 26 Initial Disclosures were supplemented, and that they were supplemented on October 23, 2008. A copy of that supplemental document was attached to Brent's memorandum as Exhibit 6 (ECF Dkt. # 95 at pgs. 6-7). Midland could have, perhaps, challenged the supplement on some technical or procedural basis, but it would have been required to have said so. Stating that it was not provided to Midland, at all, is as deceptive and misleading as those actions of Midland that Brent is opposing under the FDCPA. Midland's continued spewing out of falsehoods neither assists this Court nor advances the cause.

Midland also states, several times, that there was never an amendment or supplement to Brent's Rule 26 disclosures. Furthermore, Midland seems to infer to this Court that the evidence Brent actually provided to Midland was never disclosed at all. This is a misrepresentation and it is wrong.

Brent points out these false statements, so this Court may review the true facts and conclude that it is the question of Brent's actual damages, which is in dispute. Midland's motion for summary judgment should be denied.

Respectfully submitted,

*/s/ Dennis E. Murray, Sr.*
Dennis E. Murray, Sr. (0008783)
(dms@murrayandmurray.com)
Donna Jean Evans (0072306)
(dae@murrayandmurray.com)
Murray & Murray Co., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio 44871-0019
Telephone: (419) 624-3000
Facsimile: (419) 624-0707
Attorneys for Defendant/Counterclaim Plaintiff

## CERTIFICATION

This is to certify that a copy of the foregoing **Brent's Sur-Reply in Opposition to Midland's Motion for Summary Judgment As to Brent's Claim for Actual Damages** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access the filing through the Court's system on this 16th day of September, 2010.

*/s/Dennis E. Murray, Sr.*
Dennis E. Murray, Sr., Esq. (0008783)
Donna J. Evans, Esq. (0072306)
Attorneys for Defendant/Counterclaim Plaintiff

3