## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| vs. | ) | HON. DAVID A. KATZ |
| | ) | |
| Andrea Brent, | ) | **And Related Cases:** |
| | ) | |
| Defendant/Counterclaimant, | ) | Case No. 3:11-cv-0096, N.D. Ohio |
| | ) | Case No. 3:10-cv-0091, N.D. Ohio |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc., | ) | |
| | ) | **JOINT MOTION FOR** |
| Counterclaim Defendant. | ) | **PRELIMINARY APPROVAL OF** |
| | ) | **PROPOSED CLASS SETTLEMENT** |

Andrea Brent, Hope Franklin, Martha Vassalle, Jerome Johnson, on the one hand ("Plaintiffs"), and Midland Funding, LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc., on the other hand ("Settling Defendants")(collectively "the Parties"), by their respective counsel, jointly move, pursuant to Fed. R. Civ. P. 23(e) for an Order: (1) preliminarily approving the Settlement Agreement Between Plaintiffs Individually and on Behalf of a Class, and Defendants Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc. and their affiliates, attached as Exhibit A to this Joint Motion (the "Agreement"), (2) certifying this case as a nationwide class action solely for the purpose of settlement, as provided in the Agreement, (3) approving the manner and form of providing notice to the Class Members, as provided in the Agreement, and (4) setting a final hearing date to determine whether the proposed settlement should be approved as fair, reasonable and adequate,

1

whether the proposed plan of distribution is fair and reasonable, and whether Class Counsel's request for an award of attorneys' fees and costs and Class Representative compensation should be approved ("Final Approval Hearing").

In support of this motion, the Parties state as follows:

1.     It is axiomatic the settlement of class action litigation is favored. *Robinson v. Shelby County Bd. of Educ.*, 566 F.3d 642, 648 (6th Cir. 2009); *see also Lisby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).  Nonetheless, class action settlements must be approved by the court after notice to class members "in such a manner as the court directs." Fed. R. Civ. P. 23(e).  The purpose of requiring court approval of class action settlements is to protect the rights of absent class members by ensuring that the settlement is fair and is not a result of fraud, overreaching or collusion.

2.     A class action settlement should be approved if the court determines that the settlement is "fair, reasonable, and adequate." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("*Int'l Union*").  Factors the Court should consider include:  "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union*, 497 F.3d at 631; *see also, Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993) (considering similar factors, including "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the

\\LA - 036745/000010 - 484123 v1

mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable").

3.     Courts have established a two-step process in reviewing proposed class action settlements under Rule 23(e):

> The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.' This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed to a fairness hearing. *Manual for Complex Litigation*, § 1.46 at 53-55 (West. 1977). If the . . . court finds a settlement proposal 'within the range of possible approval,' it then proceeds to the second step in the review process, the fairness hearing.

*Armstrong v. Board of School Directors*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds*; *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (same); *see also Horton v. Merrill Lynch, Inc.*, 855 F. Supp. 825, 827 (D.D.N.C. 1994) (in deciding whether to grant preliminary approval of a class settlement, the court need only consider "whether there is 'probable cause' to notify the class of the proposed settlement") (citations omitted); *Lindsey v. Memphis-Shelby County Airport Auth.*, 229 F.3d 1150 (Table) at *5 (6th Cir. Aug. 15, 2000) (noting that if a proposed settlement is preliminarily approved, "notice must be given to class members who may be affected, and a fairness hearing should be held wherein all interested parties may comment on the proposed decree").

4.     For the foregoing reasons, this Joint Motion does not require that the Court answer at this time the ultimate questions of the adequacy of the proposed settlement. Rather, the Court need only determine now whether the proposed settlement is "within the range of possible approval" such that it should be submitted to class members for their consideration. *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. at 350; *Armstrong*, 616 F.2d at 314; *Horton*, 855 F. Supp. at 827. Preliminary approval of a proposed settlement before the final approval

3

hearing is appropriate when the court finds that settlement negotiations occurred at arm's length, there was sufficient discovery, and that the proponents of the settlement are experienced in similar litigation. 2 Newberg & Conte, *Class Action Litigation*, § 11.41, at 11-9.

5.      The Parties submit that the proposed settlement in this action more than meets the standard for granting preliminary approval.   A summary of the factual and procedural background for the three related matters that are being consolidated for the purposes of the class action settlement is set forth below and further illuminates the multitude of reasons which support the granting of preliminary approval:

### The *Brent* Action

In response to a debt collection action filed against her in the Court of Common Pleas for Erie County, Ohio, Brent filed class action counterclaims on behalf of herself and a class of similarly situated individuals in, against Defendants Midland Funding, LLC and Midland Credit Management, Inc.  The Action was then removed to the United States District Court for the Northern District of Ohio, Western Division.  (ECF Dkt. #1)  In her counterclaims, which she later amended (ECF Dkt. #22), Brent alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Ohio Consumer Sales Practice Act, Ohio Rev. Code Ann §1345 *et seq.* ("OCSPA").  Specifically, Brent alleged that Defendants filed debt collection lawsuits using affidavits that contained false attestations of personal knowledge by affiants, and thereby used unfair and deceptive means to collect debts in violation of the FDCPA and OCSPA.  Brent sought to recover statutory damages, as provided for by 15 U.S.C. § 1692k, for herself and a class of individuals, as well as actual damages.

In February 2009, Brent filed a motion for summary judgment on her claim that Midland violated the FDCPA and OCSPA by attempting to collect debts using false affidavits.  On

4

August 11, 2009, the Court granted summary judgment for Brent and against Midland on these claims (ECF Dkt. #50). In connection with its ruling, on September 23, 2009, the Court modified its earlier summary judgment order and entered an injunction against Midland under the OCSPA, which enjoined Midland from "using form affidavits that falsely claim to be based on the affiant's personal knowledge." (ECF Dkt. 56).

On November 4, 2010, the Court entered an order certifying the following class in the Brent Action:

> (a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) where a form affidavit, such as Form 400, was filed with a court in which affidavit an MCM employee falsely swore that the statements contained in the affidavit were based upon personal knowledge, and (e) the suit was filed on or after June 16, 2007, the date one year prior to the commencement of this action.

(ECF Dkt. #104)

Also on November 4, 2010, the Court granted partial summary judgment in favor of Midland and against Brent on Brent's claims for actual damages. (ECF Dkt. #104)

**The *Franklin* Action**

In December 2009, Franklin (along with a co-Plaintiff, Thomas Hyder) filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital Group in the Ohio Court of Common Pleas for Erie County, Ohio which was then removed to the United States District Court for the Northern District of Ohio, Western Division. On behalf of herself and an alleged nationwide class, Franklin alleged that Midland filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge. The *Franklin* Action stated a single claim for "Unintentional and/or Intentional Misrepresentations Resulting in Individual and Class Damages" and sought certification of a nationwide class. The Court dismissed Plaintiff Franklin's (along with co-Plaintiff Hyder's) case, with prejudice. (ECF

5

Dkt. # 9). Franklin's appeal remains pending before the U.S. Sixth Circuit Court of Appeals, Case No. 10-4363.

**The *Vassalle* Action**

In January 2011, Vassalle and Johnson filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital Group in the United States District Court for the Northern District of Ohio, *Vassalle v. Midland Credit Management, Inc. et al.*, No. 3:11-cv-96 (the "*Vassalle* Action"). In the *Vassalle* Action, Vassalle and Johnson allege that Midland regularly filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge. The *Vassalle* Action sets forth three common law causes of action: Fraudulent Misrepresentation (Count I); Negligence (Count II), and Unjust Enrichment (Count III). On behalf of themselves and the putative class, Vassalle and Johnson seek actual damages, punitive damages, costs and reasonable attorneys' fees.

6.     As set forth above, the Parties have litigated Plaintiffs' claims for nearly three years. During this time, significant motions addressing substantive legal issues have been resolved and extensive discovery has been conducted which relates to the overlapping claims in the *Brent, Franklin*, and *Vassalle* cases. Moreover, the parties participated in four mediation sessions with former Federal Judge Richard McQuade and an extended settlement conference with this Court. (ECF Dkt. #'s 57-61, 94, 98 (and several "Non-Document" orders from January 31, 2011 – February 3, 2011)). In short, the proposed settlement resulted from arm's-length negotiations following a full evaluation of both the legal and factual basis of the Plaintiffs' claims. The proponents of the settlement, both Plaintiffs and Settling Defendants, are represented by counsel experienced in similar litigation.

7.     A class has been certified in the *Brent* Action.  For the purpose of settling the *Brent*, *Franklin*, and *Vassalle* Actions only, and in lieu of the class certified in *Brent*, the Agreement provides that a Settlement Class will be certified pursuant to F.R.C.P. 23(b)(2) and (b)(3), as follows:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

8.     The Agreement further provides that the Settling Defendants will pay $5.2 million into an interest bearing fund, when the Court grants final approval of this Settlement Agreement. Plaintiffs' attorneys' fees of no more than $1.5 million, and the costs of administration, will be paid out of the fund, and the remainder of the fund (the "Settlement Fund") shall be used to make payments to class members who timely return a claim form and are determined to be eligible by the claims administrator (the "Eligible Class Members").  The payments shall be made as follows:

(a)     If the Settlement Fund is sufficient to pay every Eligible Class Member $10, then each Eligible Class Member shall receive $10.  Any funds remaining after all of the Eligible Class Members receive $10 shall be distributed as follows:  (i) the named plaintiffs will collectively receive $8,000, to be divided among them by Class Counsel; (ii) Class Counsel will be reimbursed for out of pocket expenses of up to $9,000; and (iii) any remaining funds shall be awarded *cy pres* to an organization to be determined by Class Counsel with approval of the Court.

(b)     If the Settlement Fund is insufficient to pay every Eligible Class Member $10, Midland shall pay into the Fund an additional amount equal to the lesser of (i) the amount necessary to make the Fund cover a payment of $10 per Eligible Class Member; or (b) $500,000.  If Midland has paid $500,000 pursuant to this provision and the Settlement Fund is still insufficient to pay every eligible class

7

member $10, then the Settlement Fund shall be distributed *pro rata* among the Eligible Class Members. In no event shall Midland deposit more than $500,000 pursuant to this provision, and in no event shall Midland pay more than $5.7 million pursuant to this settlement agreement.

9.  When seeking entry of the Final Approval Order, the Parties will also jointly request that the Stipulation and [Proposed] Order for Injunction (the "Stipulated Injunction"), be entered by the Court. Pursuant to the Stipulated Injunction:

(a)  Defendants, throughout the United States, will create and implement written procedures for the generation and use of affidavits in debt collection lawsuits (the "Affidavit Procedures"). These procedures shall be reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. Defendants shall also appoint a person responsible for ensuring compliance with the Affidavit Procedures.

(b)  The Parties shall jointly request the appointment of Hon. Richard McQuade as Special Master to monitor Defendants' compliance with the Stipulated Injunction.

(c)  Within thirty (30) days of entry of the Stipulated Injunction, Defendants shall submit their Affidavit Procedures to Special Master McQuade for review.

(d)  Upon review of the Affidavit Procedures, Special Master McQuade shall make findings as to whether the Affidavit Procedures are reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. In the event that Special Master McQuade finds that the Affidavit Procedures are not reasonably assured

8

to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit, Defendants shall have thirty (30) days to revise the procedures so as to cure any defects identified by Special Master McQuade.

(e)     The Stipulated Injunction will lapse and expire 12 months after the Effective Date.

(f)     At the end of the 12-month Stipulated Injunction, Defendants shall submit to Special Master McQuade a declaration from the responsible person confirming that the Affidavit Procedures approved by Special Master McQuade have been implemented.

10.     This is, by all accounts, an excellent recovery for the Class Members in the context of this case, including the status of the case, extensive work that remains, and the uncertainties of litigation. The claims asserted on behalf of the class against the Defendants are under the FDCPA, the common law and state consumer statutes.  The FDCPA is a federal statute which provides for both individual actions and class actions.  In an individual FDCPA action, the person bringing the suit under the FDCPA may recover (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $1,000.  In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members and (ii) the lesser of 1% of the defendant's net worth or $500,000.  The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party.  In either an individual or a class action, the person bringing the suit can also seek to recover actual damages and attorney's fees and the expenses of prosecuting the suit.  Various state common law and/or consumer

9

statutes may offer additional recovery, but any such recovery could be limited for the same reasons that this Court dismissed Brent's damage claims and Franklin's damage claims. In sum, this settlement will afford Class Members the opportunity to recover more than they would have in a typical nationwide class action, given the above noted statutory caps and limited possibility of actual damage awards.

In addition to payments to class members, Defendants have agreed in the settlement to a stipulated injunction requiring them to implement procedures for generating and using affidavits in debt collection lawsuits, which procedures shall be reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. Pursuant to the stipulated injunction, the Defendants' affidavit procedures must be reviewed and approved by the Hon. Richard McQuade, who shall be appointed as a Special Master to oversee this portion of the settlement. Prior to the settlement, Defendants implemented procedures that they believe comply with this requirement.

Courts have consistently approved settlements involving recoveries far less attractive to the Class Members than this settlement. See, e.g., *Newman v. Stein*, 464 F.2d 689 (2d Cir. 1971) (settlement award resulting in a recovery of less than 14% of actual alleged damages deemed fair); *In Re DPL, Inc., Sec. Litig.*, 307 F. Supp. 2d 947, 951 (S. D. Ohio 2004) (noting, "the available literature indicates that the average securities fraud class action settles for less than 15% of damages suffered by the class"); *In re General Instrument Securities Litigation*, 209 F. Supp.2d 423 (E.D. Pa. 2001) (court approved class action settlement in which class members would receive approximately 11% of the high-end of the range of damages); *In re Ikon Office Solutions, Inc. Securities Litigation*, 194 F.R.D. 166 (E.D. Pa. 2000) (settlement award resulting in a recovery between approximately 5-9% of damages was fair).

10

11.    As the record before this Court reflects, this case has been hard fought from the beginning and involves numerous legal issues that ultimately may be subject to appeal absent a settlement. Moreover, many factual and legal issues remain. In addition to the inherent risks involved in further litigation as well as any subsequent appeals, there inevitably will be significant delay before any litigated outcome would provide benefits to the Class Members. For all of the foregoing reasons, the proposed settlement is fair and reasonable and in the best interests of the Class Members.

12.    Notice shall be in the form attached hereto as Exhibit B and sent by first class mail, postage prepaid, to Class Members at their last known address reflected in the Settling Defendants records, as well as by publication. The Agreement provides that the parties shall submit to the Court proposed procedures for notice to the Class and claims administration, including proposed claim forms, and the Court shall make the final determination as to which procedures will apply. Disagreement with the Court's decision shall not be grounds for withdrawing from the Agreement.

13.    The notice advises Class Members of the terms of the proposed settlement, that they will be bound by the judgment to be entered in the event the Court approves the settlement, that they have the right to opt out of the settlement, that a Final Approval Hearing will be held to consider final approval of the settlement, the proposed plan of distribution and class counsel's application for attorneys' fees and expenses and Class Representative's compensation, and that they have a right to individually intervene in this action and/or present the Court with any objection they have to the proposed settlement, the plan of distribution or to the application for attorneys' fees and expenses and Class Representative's compensation.

14.     There are currently multiple pending and threatened lawsuits, including pending class actions, in various jurisdictions which arise out of or relate to the Settling Defendants' use of affidavits in debt collection lawsuits.     These cases include Rubio v. Midland Credit Management, Inc., et. al., Eastern District of Virginia Case No. 3:10-cv-464 (HEH); Lauber v. Encore Capital Group Inc., et. al. (consolidated with Gray v. Suttell & Associates, et. al.), Eastern District of Washington Case Nos. 09-251 EFS and 10-5132 EFS; Thompson v. Midland Funding LLC, Northern District of Mississippi Case No. 1:10CV312-A-D; Reimann v. Erica L. Brachfeld, et. al., Superior Court of California, County of Alameda Case No. 10-529702; and Midland Funding, LLC v. Vallow (and related counterclaim), Circuit Court of the Third Judicial Circuit, Madison County, Illinois Case No. 10-SC-885. To prevent these actions, as well as any others that may be filed, from impairing this Court's ability to oversee the orderly and efficient management of this proposed nationwide settlement, the parties have agreed that, concurrently with this motion, they will jointly apply to the court for an order preliminarily enjoining all class members from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp, unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.  The preliminary injunction shall become permanent upon entry of the final judgment and order following the Final Approval Hearing.

15.     If the Court enters the proposed order (Exhibit C hereto) certifying a Settlement Class and preliminarily approving the proposed settlement, the parties suggest that the Court schedule a hearing for Final Approval Hearing as soon as practicable but not earlier than 120 days following entry of that Order in order to give the Class Administrator time to mail the notices to the Class Members (30 days), time to re-mail as necessary (15 days) and a meaningful opportunity for Class Members to decide whether to exclude themselves from the Settlement Class and whether to object to the proposed settlement (45 days).  In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), the United States Attorney General and States Attorney Generals must be allowed 90 days from receipt of Notice to respond to the proposed settlement.

WHEREFORE, the Parties move the Court to enter an order pursuant to Fed. R. Civ. P. 23(e) in the form attached hereto as Exhibit C (a separate copy of which is provided for entry by the Court) certifying a settlement class and preliminarily approving the Settlement, approving the form and manner of providing notice to the Class Members, and setting a date for the Final Approval Hearing and related matters.

Respectfully Submitted:                          Respectfully Submitted:

/s/ Dennis E. Murray, Sr. (w/permission)        /s/ Theodore W. Seitz
Dennis E. Murray, Sr.                            Theodore W. Seitz
Donna Jean Evans                                 Dykema Gossett PLLC
Murray and Murray CO. LPA                        Counsel for Midland Funding, LLC and
Counsel for Andrea Brent                         Midland Credit Management, Inc.
111 East Shoreline Drive                         Capitol View
Sandusky, OH 44871-0019                          201 Townsend Street, Suite 900
Tele: (419) 624-3000                             Lansing, MI 48933
dms@murrayandmurray.com                          Tele: (517) 374-9149
                                                 tseitz@dykema.com

\\LA - 036745/000010 - 484123 v1

## PROOF OF SERVICE

I hereby certify that on March 9, 2011 a copy of the foregoing was filed electronically in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to parties by operation of the court's electronic filing system and non-ECF users were served via first class mail.

*/s/ Theodore W. Seitz*
Theodore W. Seitz

14