IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding, LLC, | ) | CASE NO.: 3:08-cv-01434 |
| | ) | |
| Plaintiff/Counterclaim Defendant | ) | HON. DAVID A. KATZ |
| | ) | |
| vs. | ) | |
| | ) | **And Related Cases:** |
| Andrea Brent, | ) | |
| | ) | Case No. 3:11-cv-0096, N.D. Ohio |
| Defendant/Counterclaim Plaintiff | ) | Case No. 3:10-cv-0091, N.D. Ohio |
| | ) | |
| vs. | ) | |
| | ) | |
| Midland Credit Management, Inc., | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |

## CLASS SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") dated March 4, 2011, is

entered between Plaintiffs Andrea Brent ("Brent"), Martha Vassalle ("Vassalle"), Jerome

Johnson ("Johnson") and Hope Franklin ("Franklin") (collectively "Plaintiffs"), individually and

on behalf of the Class Members, as defined in § V.A, below, on the one hand, and Defendants

Midland Funding, LLC, Midland Credit Management, Midland Funding NCC-2 Corporation,

MRC Receivables Corporation Inc., and Encore Capital Group Inc., formerly known as MCM

Capital Group, Inc., (collectively "Defendants"), on the other hand.   This Agreement is

intended to fully, finally, and forever resolve and settle the Released Claims, as defined below,

subject to the terms and conditions set forth herein.

## I.     History of the Litigation

### A.     The *Brent* Action

In response to a debt collection action filed against her in the Court of Common Pleas for Erie County, Ohio, Brent filed class action counterclaims on behalf of herself and a class of similarly situated individuals, against Defendants Midland Funding, LLC and Midland Credit Management, Inc.    The Action was then removed to the United States District Court for the Northern District of Ohio, Western Division.    In her counterclaims, Brent alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Ohio Consumer Sales Practice Act, Ohio Rev. Code Ann §1345 *et seq.* ("OCSPA").    Specifically, Brent alleged that Defendants filed debt collection lawsuits using affidavits that contained false attestations of personal knowledge by affiants, and thereby used unfair and deceptive means to collect debts in violation of the FDCPA and OCSPA.    Brent sought to recover statutory damages, as provided for by 15 U.S.C. § 1692k, for herself and a class of individuals, as well as actual damages.

In February 2009, Brent filed a motion for summary judgment on her claim that Midland violated the FDCPA and OCSPA by attempting to collect debts using false affidavits.    On August 8, 2009, the Court granted summary judgment for Brent and against Midland on these claims.    In connection with its ruling, on September 23, 2009, the Court entered an injunction against Midland under the OCSPA, which enjoined Midland from "using form affidavits that falsely claim to be based on the affiant's personal knowledge."

On November 4, 2010, the Court entered an order certifying the following class in the Brent Action:

(a) all natural persons (b) sued in the name of Midland or MCM (c) in an Ohio court (d) where a form affidavit, such as Form 400, was filed with a court in which affidavit an MCM employee falsely swore that the statements contained in the affidavit were based upon personal knowledge, and (e) the suit was filed on or after June 16, 2007, the date one year prior to the commencement of this action.

Also on November 4, 2010, the Court granted partial summary judgment in favor of Midland and against Brent on Brent's claims for actual damages.

### B.      The *Franklin* Action

In December 2009, Franklin (along with a co-Plaintiff, Thomas Hyder) filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital Group in the Ohio Court of Common Pleas for Erie County, Ohio which was then removed to the United States District Court for the Northern District of Ohio, Western Division.    On behalf of herself and an alleged nationwide class, Franklin alleged that Midland filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge. The *Franklin* Action stated a single claim for "Unintentional and/or Intentional Misrepresentations Resulting in Individual and Class Damages" and sought certification of a nationwide class. The Court dismissed Plaintiff Franklin's (along with co-Plaintiff Hyder) case, with prejudice.    Franklin's appeal remains pending before the U.S. Sixth Circuit Court of Appeals, Case No. 10-4363.

### C.      The *Vassalle* Action

In January 2011, Vassalle and Johnson filed a class action lawsuit against Midland Funding, Midland Credit Management, and Encore Capital Group in the United States District Court for the Northern District of Ohio, *Vassalle v. Midland Credit Management, Inc. et al.*, No.

3:11-cv-96 (the "*Vassalle* Action").    In the *Vassalle* Action, Vassalle and Johnson allege that Midland regularly filed affidavits in state courts throughout the United States that contained false attestations of personal knowledge.    The *Vassalle* Action sets forth three common law causes of action:    Fraudulent Misrepresentation (Count I); Negligence (Count II), and Unjust Enrichment (Count III).    Vassalle and Johnson seek certification of a class consisting of all natural persons (a) sued in the name of Midland, an MCM related company, or a company directly or indirectly controlled by Encore, (b) in any state court, (c) where a form affidavit, such as Form 400 was filed with a Court in which affidavit an MCM employee swore untruthfully that the statements contained in the affidavit were based on personal knowledge, (d) in which a default judgment was granted and (e) the affidavit used in the suit was filed on or after four years prior to December 9, 2009.    On behalf of themselves and the putative class, Vassalle and Johnson seek actual damages, punitive damages, costs and reasonable attorneys' fees.

### D.    The Parties' Efforts To Resolve The Litigation

In 2009 and 2010, the parties participated in four mediation sessions with the Hon. Richard McQuade as the mediator, but were unsuccessful in resolving this litigation.    On January 28, 2011, the parties participated in a settlement conference with the Hon. David A. Katz.    The settlement negotiations that had begun at the January 28 settlement conference continued over the next two weeks, and on Friday, February 11, 2011, the parties reached an agreement-in-principle to resolve the litigation on the terms set forth herein.

## II.    Compromise of Disputed Claims; No Admission of Liability

Defendants deny any and all liability to Plaintiffs and to the Class Members.    In order to resolve the *Brent, Vassalle,* and *Franklin* Actions, and in order to avoid further expense and

burdensome, protracted litigation, and to put to rest all claims, known or unknown, that have been or might be asserted by Plaintiffs or the class members (as defined below in § V.A) against Defendants, arising out of the use of affidavits in state court collection actions throughout the United States, Defendants have agreed to settle the *Brent, Vassalle and Franklin* Actions on the terms and conditions set forth in this Agreement.

### III.  Class Counsel

In this Agreement, "Class Counsel" shall refer to the law firm of Murray and Murray Co., LPA, Dennis E. Murray, Sandusky, Ohio. Total fees to Class Counsel shall not exceed $1.5 million, as set forth in Section V.C.3, below.

### IV.  Opinion of Class Counsel

Class Counsel have investigated the facts available to them and the applicable law, including but not limited to: (a) the facts developed through discovery; (b) the Court's holdings in the *Brent* Action that the Defendants are liable for violating the FDCPA and OCSPA; (c) the Court's holding in the *Brent* Action that Brent has no actual damages; and (d) the Court's dismissal of the *Franklin* Action.   Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the class members, Class Counsel consider it to be in the best interest of the class members to enter into this Agreement.

### V.  Settlement Terms

In consideration of the foregoing and other good and valuable consideration, Plaintiffs and Defendants stipulate and agree that the claims of the named Plaintiffs and the Class Members against Defendants should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions:

## A. Class Certification

A class has been certified in the *Brent* Action.   For the purpose of settling the *Brent*, *Franklin*, and *Vassalle* Actions only, and in lieu of the class certified in *Brent*, the parties stipulate to the Certification of a class (the "Class"), pursuant to F.R.C.P. 23(b)(2) and (b)(3), as follows:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

Individuals falling within the above class definition shall be referred to herein as the "Class Members."   This stipulation is for settlement purposes only.   If this Agreement is not approved by the Court or for any reason does not become effective, this stipulation shall not constitute an admission by either party that the above class definition would meet the requirements for a litigation class under F.R.C.P. 23.

## B. Effective Date

This Agreement shall be effective only when all of the following have occurred: (1) the Court has entered the Preliminary Approval Order; (2) the Court has entered a Final Judgment and Order of Dismissal; and (3) The Judgment and Order of Dismissal have become final, meaning that the time for appeal or appellate review of the Judgment and Order has expired; or, if there has been an appeal, (a) that the appeal has been decided without causing a material

\\\LA - 036745/000010 - 484121 v1

6

change in the Judgment or Order, or (b) that the Judgment or Order has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

## C.    Relief to Plaintiffs and the Class

### 1.    Settlement Fund

In consideration for the dismissal with prejudice of the Actions, and the releases set forth in § V.D., below, Defendants will pay $5.2 million into an interest bearing fund when the Court grants final approval of this Settlement Agreement.   Plaintiffs' attorneys' fees of no more than $1.5 million, and the costs of administration will be paid out of the fund, and the remainder of the fund (the "Settlement Fund") shall be used to make payments to class members who timely return a claim form and are determined to be eligible by the claims administrator (the "Eligible Class Members").   The payments shall be made as follows:

(a)     If the Settlement Fund is sufficient to pay every Eligible Class Member $10, then each Eligible Class Member shall receive $10.   Any funds remaining after all of the Eligible Class Members receive $10 shall be distributed as follows:   (i) the named plaintiffs will collectively receive $8,000, to be divided among them by Class Counsel; (ii) Class Counsel will be reimbursed for out of pocket expenses of up to $9,000; and (iii) any remaining funds shall be awarded *cy pres* to an organization to be determined by Class Counsel with approval of the Court.

(b)     If the Settlement Fund is insufficient to pay every Eligible Class Member $10, Midland shall pay into the Fund an additional amount equal to the <u>lesser</u> of (i) the amount necessary to make the Fund cover a payment of $10 per Eligible Class

Member; or (b) $500,000. If Midland has paid $500,000 pursuant to this provision and the Settlement Fund is still insufficient to pay every eligible class member $10, then the Settlement Fund shall be distributed *pro rata* among the Eligible Class Members. In no event shall Midland deposit more than $500,000 pursuant to this provision.

(c)    The payments to Eligible Class Members and Class Counsel under this Agreement shall be made within 30 days of the Effective Date.

(d)    The payments to Eligible Class Members pursuant to this Section shall be in the form of a check which will become void 180 days from the date of issue. The date of issue shall be the same date as the date the check is mailed to each participating class member. Once a check issued to an Eligible Class Member pursuant to this Section becomes void, Defendants shall have no further obligation to such Class Member.

(e)    All payments due under this Agreement, including payments to Plaintiff, payments to the Eligible Class Members and payments due for attorney's fees and costs shall be issued by or on behalf of Defendants.

(f)    Any checks that have not been cashed thirty (30) days after the void date will be treated the same as the cy pres standard set forth herein.

(g)    In the event that a Class Member entitled to a check is deceased, the Defendants shall send or cause to be sent, a check to the person(s) reasonably believed to be

the person(s) entitled thereto, and the release in § V.D of this Agreement shall be effective as to such Class Member(s), notwithstanding any failure to comply with laws relating to probate or marital property.

2.  Stipulated Injunction; Appointment of Special Master

When seeking entry of the Final Approval Order, the Parties will jointly request that a Stipulation and [Proposed] Order for Injunction (the "Stipulated Injunction") be entered by the Court.  Pursuant to the Stipulated Injunction:

(a)  Defendants, throughout the United States, will create and implement written procedures for the generation and use of affidavits in debt collection lawsuits (the "Affidavit Procedures").  These procedures shall be reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit.  Defendants shall also appoint a person responsible for ensuring compliance with the Affidavit Procedures.

(b)  The Parties shall jointly request the appointment of Hon. Richard McQuade as Special Master to monitor Defendants' compliance with the Stipulated Injunction.

(c)  Within thirty (30) days of entry of the Stipulated Injunction, Defendants shall submit their Affidavit Procedures to Special Master McQuade for review.

(d)  Upon review of the Affidavit Procedures, Special Master McQuade shall make findings as to whether the Affidavit Procedures are reasonably assured to prevent

the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit.    In the event that Special Master McQuade finds that the Affidavit Procedures are not    reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit, Defendants shall have thirty (30) days to revise the procedures so as to cure any defects identified by Special Master McQuade.

(e)    The stipulated injunction will lapse and expire 12 months after the Effective Date.

(f)    At the end of the 12-month Stipulated Injunction, Defendants shall submit to Special Master McQuade a declaration from the responsible person confirming that the Affidavit Procedures approved by Special Master McQuade have been implemented.

(g)    During the 12-month term of the Stipulated Injunction, both parties have the right to seek relief from, or modification of, the Stipulated Injunction based on an unfair burden on the business, or a change in the law.    Any request for alteration or modification of the Stipulated Injunction shall be made to Special Master McQuade.    Any alteration or modification of the Stipulated Injunction shall not extend the length of the 12-month injunction.    Any alteration or modification of the Stipulated Injunction shall only apply prospectively for the remainder of the 12-month injunction.

3. Attorney's Fees

Class Counsel will request approval of payment of attorney's fees and costs of $1,500,000.00 to be paid from the fund described in § V.C.1, above. Defendants agree not to oppose Class Counsel's application for attorney's fees in an amount not to exceed $1,500,000.00.

4. Maximum Payment

Notwithstanding anything contained herein, or anything that may occur prior to the final approval by the Court of this Settlement Agreement, Midland shall not pay more than $5.7 million pursuant to this Settlement Agreement.

**D. Releases**

1. Class Release

As of the Effective Date, each Class Member not opting out as of the Effective Date, and his or her heirs, executors, administrators, successors, assigns, and/or all those legally or equitably entitled to take by and/or through him or her, do hereby release and forever discharge Encore Capital Group, Inc., Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp., and all of their parent, subsidiary, and/or affiliated corporations, shareholders, directors, officers, agents, representatives, employees, partners, joint venturers, attorneys, affiliates, predecessors, successors, administrators, assigns, trustees, receivers, insurers and/or all those legally or equitably entitled to take by and/or through them ("the Released Parties"), from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, based on state or federal law, which the class now has,

ever had or hereafter may have against the Released Parties, arising out of or relating to the Released Parties' use of affidavits in debt collection lawsuits.

The Class Members, and their heirs, executors, administrators, successors, assigns, and/or all those legally or equitably entitled to take by and/or through them further agree to waive the provisions of any statute, regulation, common law, and/or equitable principle that would in any way operate to preclude this Release from being a full, final, and complete release as to any of the Released Parties, or as to any other person or entity recognized at law, whether known or unknown, and whether identified or not identified in this Release, for and/or with respect to claims arising out of or relating to the Released Parties' use of affidavits in debt collection lawsuits.

 2. Plaintiffs' Release

As of the Effective Date, Plaintiffs Brent, Vassalle, Johnson, and Franklin, and their heirs, executors, administrators, successors, assigns, and/or all those legally or equitably entitled to take by and/or through them, do hereby release and forever discharge Encore Capital Group, Inc., Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp., and all of their parent, subsidiary, and/or affiliated corporations, shareholders, directors, officers, agents, representatives, employees, partners, joint venturers, attorneys, affiliates, predecessors, successors, administrators, assigns, trustees, receivers, insurers and/or all those legally or equitably entitled to take by and/or through them ("the Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, based on state or federal law, under any legal theory.

Plaintiffs Brent, Vassalle, Johnson, and Franklin, and their heirs, executors, administrators, successors, assigns, and/or all those legally or equitably entitled to take by and/or through them, agree to waive the provisions of any statute, regulation, common law, and/or equitable principle that would in any way operate to preclude this Release from being a full, final, and complete release as to any of the Released Parties , or as to any other person or entity recognized at law, whether known or unknown, and whether identified or not identified in this Release, for and/or with respect to all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity, based on state or federal law, under any legal theory.

The foregoing releases are conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

Defendants shall release the debts owed to Midland by Brent, Franklin, Johnson, and Vassalle that were the subject of the collection lawsuits described in their complaints in the above-captioned actions.   Nothing herein shall prevent Defendants from continuing to attempt to collect the debts owed by the other Class Members.

## VI.    **Agreement Not Approved**.

If this Agreement is not approved by the Court or for any reason does not become effective, or if any portion of this Agreement is modified or declared invalid by a court on appeal, the entire Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**VII.** **Court Required Changes To Settlement Agreement Or Attachments At Preliminary Or Final Approval Stage**

In the event that the Court conditions its preliminary or final approval of this Agreement on certain changes to the Agreement (including changes to the attachments thereof), the Parties shall in good faith consider such changes and consent to such changes if they do not substantively alter the obligation of the party. Changes that shall be deemed to substantively change the obligation of a party include, but are not limited to, changes that affect (a) the monetary payments such party is to pay or receive, (b) the scope of the release to be granted, (c) the definition of the Class or class members subject to the Agreement and final judgment or order, or (d) a provision expressly noted as material in this Agreement. A change shall not be deemed to substantively change the obligation of a party of if it merely alters the wording or appearance of any notice or order or if it reasonably modifies the timing of any contemplated event.

**VIII.** **Notice To The Class; Claim Procedures**

The Claims Administrator shall cause notice to be provided to the class, and shall administer the class settlement, pursuant to the notice and claim procedures approved by the Court. Prior to the hearing for preliminary approval referenced in Section IX, below, the parties shall submit to the Court proposed class action administrators and proposed procedures for notice to the Class and claims administration, including proposed claim forms, and the Court shall make the final determination as to which procedures will apply. Disagreement with the Court's decision shall not be grounds for withdrawing from this Agreement.

## IX.   <u>Preliminary Approval; Litigation Bar</u>

On or before March 10, 2011, the parties shall make application to the court for an order which:

(a)    Preliminarily approves this Agreement.

(b)    Schedules a hearing for final approval of this Agreement by the court.

(c)    Approves the form of notices to the Class; and

(e)    Sets deadlines for exclusions, and objections to the Agreement.

Concurrently with the above-referenced application for preliminary approval, the Parties will jointly apply to the Court for an order preliminarily enjoining all Class Members and all persons with actual notice of the order from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp, unless and until such time as the Class Member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

## XI.   <u>Final Approval</u>

At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, Class Counsel and Defendants shall request that the Court enter a Final Order (a) approving the terms of this agreement as fair,

reasonable and adequate, (b) providing for the implementation of those terms and provisions, (c) finding that the notice given to the class members satisfies the requirements of due process and Rule 23, (d) finding that the parties have complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, (e) dismissing the claims of the named Plaintiffs and the Class with prejudice and without costs, (f) dismissing the *Brent* and *Vassalle* Actions; and (g) permanently enjoining all Class Members who did not timely and validly exclude themselves from the Class from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp.

The Order will further provide that the dismissal of the *Brent* and *Vassalle* actions become with prejudice after such time as the parties can fully implement the provisions of this Agreement.    Franklin will also dismiss her appeal in the *Franklin* Action.

## XII.    Release of Attorney's Lien

In consideration of this Agreement, Class Counsel, hereby waive, discharge and release the Released Parties as defined in §V.D above of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

## XIII.    Other Claims

As of the date of execution of this Agreement, Class Counsel represents that they know of no class members who intend to opt out of the Settlement Agreement.

\\\LA - 036745/000010 - 484121 v1

16

## XIV.   Procedure if Settlement Not Approved or Appealed

In the event that the Court does not approve the settlement as set forth in this Agreement, the Agreement shall be null and void unless the Parties jointly agree to appeal the order.   In the event that the Court approves the settlement as set forth in this Agreement but the final judgment or order is appealed and that order is reversed on appeal, the Agreement is null and void.   If the Agreement becomes null and void, the *Brent, Vassalle and Franklin* Actions shall be reinstated and continue, and any and all orders entered pursuant to this Agreement shall be vacated.

## XV.   Cooperation

The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

## XVI.   No Admission

This Agreement is for settlement purposes only.   Therefore, whether or not this Agreement is consummated and effectuated, it is expressly agreed and understood that this Agreement and its exhibits do not constitute and in no event be construed as, or deemed to be, an admission or concession on the part of any party of any liability or wrongdoing, or any lack of liability or wrongdoing whatsoever.

## XVII.   Objections

Any notices of objections or requests for exclusion to this Agreement shall be sent, via first class mail, to:

Dennis Murray
Murray and Murray Co, LPA
111 East Shoreline Drive

\\\\LA - 036745/000010 - 484121 v1

Sandusky, OH 44871-0019
(Counsel for Plaintiffs)

Counsel for Plaintiffs shall be responsible for providing, via first class mail and electronic mail, copies of any objections within 7 calendar days of receipt to Counsel for the Defendants:

Theodore W. Seitz
DYKEMA GOSSETT PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, MI 48933
TSeitz@dykema.com
(Counsel for Defendants)

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

## XVIII. **Right of Exclusion.**

Any Class Member may seek to be excluded from this Agreement and from the Class within the time and manner provided by the Court.   Any Class Member so excluded shall not be bound by the terms of this Agreement nor entitled to any of its benefits.

## XIX. **"Opt Out" Threshold**

In the event it is determined, within 10 days of the "opt-out" deadline, that more than two (2) percent of the Class Members have submitted valid requests for exclusion, Defendants may, by notifying Class Counsel in writing, unilaterally void and terminate this Agreement.

## XX. **Entire Agreement**

The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and supersedes all prior written or oral agreements and may not be

modified or amended except in writing, signed by all parties hereto, and approved by the Court.

**XXI.**   **Counterparts**

This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes.   The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.   Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

**XXII.**   **Binding on Successors and Assigns**

Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiffs and the members of the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

**XXIII. Governing Law**

This Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on March 9, 2011.

Individually and as Class Representative:

_Andrea Brent Schwarzentraub_
Andrea Brent

Individually and as Class Representative:

_Martha Vassalle_

Martha Vassalle

Individually and as Class Representative:

_Jerome John_

Jerome Johnson

Individually and as Class Representative:

_Hope Franklin_

Hope Franklin

Attorneys for Plaintiffs Andrea Brent, Martha Vassalle, Jerome Johnson, Hope Franklin and the Class:

_Dennis Murray_

Dennis Murray
Murray and Murray CO. LPA
111 East Shoreline Drive
            Sandusky, OH 44871-0019

WLA - 036745/000010 - 484121 v1

20

MIDLAND CREDIT MANAGEMENT, INC.

BY:

_____
Its duly authorized representative


MIDLAND FUNDING, LLC

BY:

_____
Its duly authorized representative


ENCORE CAPITAL GROUP, INC.

BY:

_____
Its duly authorized representative


MRC RECEIVABLES CORP.

BY:

_____
Its duly authorized representative

MIDLAND FUNDING NCC-2 CORP.

BY:

_____
Its duly authorized representative


\\\LA - 036745/000010 - 484121 v1