# YOU MAY BE ENTITLED TO MONEY
## A Federal court authorized this notice.
## This is not a solicitation from a lawyer.

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO WESTERN DIVISION

**If Midland Credit Management, Inc., Midland Funding, LLC, or
Encore Capital Group, Inc., or their affiliates, filed a lawsuit against you,
you may benefit from this class action settlement.**

The case is titled: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.*
Case No. 3:08-cv-01434;
and related cases:
*Martha Vassalle, et al v. Midland Funding, LLC, et al*, Case No. 3:11-cv-0096; and
*Hope Franklin and Thomas Hyder v. Midland Funding, LLC et al*, Case No. 3:10-cv-0091

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **RETURN A CLAIM FORM POSTMARKED BY** _____. | If you submit a claim form postmarked by _____, you will remain in the settlement class and you will be entitled to receive a cash payment from the settlement fund. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing you will still be bound by the terms of the settlement agreement and any order the Court issues, but you will NOT receive a cash payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

### 1. Why did I get this notice?

Andrea Brent, Hope Franklin, Martha Vassalle and Jerome Johnson (collectively "Plaintiffs"), filed class action lawsuits alleging that Defendants, Midland Credit Management, Inc. Midland Funding, LLC and Encore Capitol Group, Inc. (collectively "Defendants" or "Midland"), violated the Fair Debt Collection Practices Act, ("FDCPA"), as well as state common law and consumer statutes (also collectively "the Law"), by filing lawsuits against Plaintiffs with an affidavit that allegedly contained false information. You received this notice because you have been identified from the Defendants' records as a person whom Defendants filed a lawsuit that

1

may have included an affidavit between January 1, 2005 and [DATE THE ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT].

### 2. What is this lawsuit about?

In this lawsuit, the Plaintiffs claimed that Defendants violated the law by filing collection lawsuits against Plaintiffs with an affidavit that allegedly contained false information as to the personal knowledge of the affiant. The Court has already ruled that Midland violated the FDCPA and an Ohio consumer statute by filing these affidavits. The Court has also entered an injunction against Midland, which may be extended as part of this proposed settlement. However, the Court also dismissed a more recent related lawsuit brought against the Defendants that contained similar claims regarding affidavits filed in collection lawsuits. The Defendants continue to deny that their use of any of their affidavits violated the law. Finally, the Court has not held any of the underlying debts in the collection lawsuits to be invalid.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Andrea Brent, Hope Franklin, Martha Vassalle and Jerome Johnson), sue on behalf of a group (or a "Class") of people who have similar claims.

### 4. Why is there a settlement?

In order to avoid the cost, risk, delay of litigation and uncertainty of trial, the parties agreed to settle.

### 5. How do I know if I am a part of the settlement?

The Court has decided that everyone falling under the following definition is a Class Member:

> All natural persons (a) sued in the name of Midland, (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

You have been identified as a potential member of this class.

## YOUR BENEFITS UNDER THE SETTLEMENT

### 6. What can I get from the settlement?

If you return the claim form at the end of this notice, postmarked by _____ you will receive a portion of the class settlement fund (the "Settlement Fund") established by the Defendants. The fund will be distributed among those class members who timely return a claim form. The payments are anticipated to be $10.00 per class member.

### 7. When will I receive these benefits?

If you return a claim form, you will receive these benefits approximately forty (40) to forty-five (45) days after the settlement has been approved.

### 8. I want to be a part of the settlement and receive these benefits. What do I do?

You must return the claim form attached to the end of this notice in order to receive a cash payment from the settlement fund. It must be postmarked by _____.

### 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendants and their affiliates a "release." A release means you can't sue or be part of any other lawsuit against Defendants about the claims or issues in this lawsuit, or any other claims arising out of affidavits attached or executed in support of collection complaints filed against Class Members by Defendants or any of their subsidiaries or affiliates.

### 10. How much will the Class Representative receive?

The Defendants have agreed to pay up to $8,000 to Plaintiffs from the Settlement Fund for their alleged damages and for their service as the Class Representatives. This award is subject to the Court's Approval. Defendants agree to pay this amount, but deny that their use of the affidavit violated the Law. In addition, Defendants deny that their use of affidavits caused Plaintiffs to suffer any actual damages.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the Defendants, then you must take steps to get out. This is called excluding yourself.

### 11. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096 Case No. 3:10-cv-0091 (N.D. Ohio). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked **no later than** _____ and sent to the following address:

[CLASS ADMINISTRATORS]

You must also send a copy of your request for exclusion to Murray & Murray, 111 East Shoreline Drive, Sandusky, OH 44870-2517. Be sure to include the name and number of the case.

### 12. If I exclude myself, do I still receive benefits from this settlement?

No, but you will have the right to assert your own claims against the Defendants. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has named the law firm of Murray & Murray as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by _____.

### 14. How will the lawyers be paid?

The Defendants have agreed not to oppose, and the Court has preliminary approved, the payment to Class Counsel in the amount of $1.5 million as attorney fees, subject to any final approval after the Fairness Hearing.

## CLASS COUNSEL'S VIEW ABOUT THE SETTLEMENT

### 15. Is this a fair settlement?

Class Counsel believes that this settlement is fair. The claims asserted on behalf of the class against the Defendants are under the FDCPA, the common law and state consumer statutes. The FDCPA is a federal statute which provides for both individual actions and class actions.

In an individual FDCPA action, the person bringing the suit under the FDCPA may recover (i) any actual damages suffered, if proven, and (ii) statutory damages of between $0 and $1,000. In a class action, the maximum possible recovery is (i) any actual damages suffered by the Class members and (ii) the lesser of 1% of the defendant's net worth or $500,000. The Court, in its discretion, may award anything from $0 up to the maximum amount to a prevailing party. In either an individual or a class action, the person bringing the suit can also seek to recover actual damages and attorney's fees and the expenses of prosecuting the suit. Various state common law and/or consumer statutes may offer additional recovery.

In this case, class members who timely return a claim form will receive approximately $10.00 per person. In addition to these payments, Defendants have agreed in the settlement to implement procedures for generating and using affidavits in debt collection lawsuits, to ensure that they do not use affidavits that contain false information as to the personal knowledge of the affiant. The settlement agreement provides that these new procedures must be reviewed and approved by a Retired Federal Judge. Prior to the settlement, Defendants implemented procedures that they believe comply with this requirement.

In light of the violations alleged, and the fact that Defendants have already changed their procedures to ensure that they do not use affidavits that contain false information as to the personal knowledge of the affiant, class counsel believes this is a fair settlement.

**16. What is the Defendants' view of this settlement?**

As stated above, by settling this lawsuit, the Defendants are not admitting that they have done anything wrong. The Defendants expressly deny the claims asserted by the plaintiff and deny all allegations of wrongdoing and liability.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do or do not agree with the settlement or some part of it.

**17. How do I tell the Court that I do or not like the Settlement?**

If you are a Class Member, you can comment on the settlement. In order to object to the settlement you must send a letter (or legal brief) stating that you object and state the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Midland Funding, LLC v. Andrea Brent v. Midland Credit Management, Inc.* Case No. 3:08-cv-01434; Case No. 3:11-cv-0096 Case No. 3:10-cv-0091 (N.D. Ohio), your name, address, telephone number and your signature. You must mail any written objection so that it is postmarked no later than June 1, 2011 to: Judge David A. Katz at 1716 Spielbusch, 210 U. S. Courthouse, Toledo OH 43624-1363. Regardless of whether you submitted a written objection, you may appear at the fairness hearing (explained below in answer to question no. 18).

**[INSERT INFORMATION]**

You must also send a copy of your objection to Murray & Murray, 111 East Shoreline Drive, Sandusky, OH 44870-2517. Be sure to include the name and number of the case on your written comment.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

| 18. Where and when is the fairness hearing? |
|---|

The Court will hold a fairness hearing on June 23, 2011 in the courtroom of _____. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

## GETTING MORE INFORMATION

| 19. How do I get more information? |
|---|

You can call **[CLASS ADMINISTRATORS]** at _____ if you have any questions. Before doing so, please read this full notice carefully. You can also send and e-mail to Murray & Murray or obtain information through its website at tobedetermined@murraandmurray.com.

| 20. What if I have a new address? |
|---|

If this notice was sent to you at your current address, you do not have to do anything more to receive further notices concerning this case. However, if this notice was forwarded to you, or if it was otherwise sent to you at tan address that is not current, you should immediately send a letter to:

**[ADD INFORMATION]**

DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

FOR OFFICIAL USE ONLY

Midland Funding, LLC v. Andrea Brent v. Midland
Credit Management, Inc.
Case No. 3:08-cv-01434
United States District Court
For the State of Ohio, Western Division

# CLAIM FORM

\*123456789\* -000

<<NAME>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY>><<ST>><<ZIP CODE>>

## I. INSTRUCTIONS

If you are a member of the class, as defined in the attached notice of pendency of class action settlement, then, in order to receive a distribution you must return this form, **POSTMARKED no later than** _____, to the following address:

Midland Settlement Administrator

## II. CLAIMANT INFORMATION

Please fill in the following information and sign below.

A. Name of Claimant: _____
     Last          First          Middle Initial

B. Claimant's Address: _____
     Street          State          Zip Code

C. Claimant's Day Time Phone Number: (___) ___-____

## III. ELECTION CONCERNING PARTICIPATION

**Please check one of the following elections related to this lawsuit:**

☐  I want to be included in the class action and receive any recovery to which class members are entitled. I confirm that Midland filed a lawsuit against me.

☐  I do not want to be included in the class.

Dated: __/__/____          By:

                           Signature of Claimant: _____

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE CASE TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

\*MIDL\*          \*1-1\*

W\LA - 036745/000010 - 484177 v1