IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | |
| Plaintiff/Counter-Defendant, | ) ) ) | CASE NO.: 3:08-cv-01434 |
| vs. | ) ) | HON. DAVID A. KATZ |
| Andrea Brent, | ) ) ) | **And Related Cases:** Case No. 3:11-cv-0096 |
| Defendant/Counterclaimant, | ) ) | Case No. 3:10-cv-0091 |
| vs. | ) ) | |
| Midland Credit Management, Inc., | ) ) | |
| Counterclaim Defendant. | ) ) | |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the Parties' Joint Motion for Preliminary Approval of a Class Settlement Agreement ("Agreement"), the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. The Court hereby certifies the following class:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

The Defendants will compile a list identifying the potential class members.

3.  The Court provisionally certifies the stipulated Class and appoints Murray & Murray as class counsel. With respect to the Class and for settlement purposes only, this Court finds and concludes that:

   a.  Class members are ascertainable and so numerous that joinder of all members is impracticable;

   b.  There are questions of law or fact common to be the Class, and there is a well defined community of interest among Class members with respect to the subject matter of the Litigation;

   c.  The claims of the Plaintiffs are typical of the Class members;

   d.  Plaintiffs have fairly and adequately protected the interests of the Class members;

   e.  A class action is superior to other available methods for an efficient adjudication of this controversy; and

   f.  The law firm of Murray & Murray is qualified to serve as counsel for the Class.

4.  A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by counsel for the class will be held before this Court on June 23, 2011.

5.  The Court approves the proposed form of notice to the class members, to be distributed by publication and mail to the last known address of the class members as shown on defendants' records. The third-party Class Administrator, Class Action Administration will publish and mail, or cause to be mailed, notice to class members on or before

_____. The Class Administrator will have the notice sent by first class U.S. mail and will re-mail any notice that is returned with a forwarding address within five (5) business days.

6. The Court finds that mailing of the class notice and the other measures specified above to notify members of the class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

7. Class members shall have until June 1, 2011 to submit a claim form, a request for exclusion or an objection to the proposed settlement. Any class member who desires to exclude him or herself from the action must mail a request for exclusion to counsel for plaintiff by that date. Class Counsel shall forward all opt out requests to Counsel for defendants. Any class members who wish to object to the settlement must submit an objection in writing, prior to June 1, 2011 to the Clerk of the United States District Court for the Northern District of Ohio, Western Division, and must serve a copy of such objection on counsel for Plaintiffs prior to that date. Any objection must include: 1) the name and number of the case; 2) the name and address of the objector ; and 3) a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class. Objectors, if they desire to appear and be heard by the Court will be limited to the reasons set forth in their written objection.

8. Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than _____.

DATE:_____     ENTER:_____
                                    The Honorable David A. Katz

\\LA - 036745/000010 - 483904 v3
\\LA - 036745/000010 - 484151 v1