FAIRFAX COUNTY GENERAL DISTRICT COURT

## BEST PRACTICES: DEFAULT JUDGMENTS/DEBT BUYERS

Preamble: The National Judicial College reports that, with the changing economic climate, there has been a significant increase in the number of secondary consumer debt cases. As a result, judges nationwide have been required to exercise their role as gatekeeper with greater frequency. These "best practices" are principally a reiteration of the guidelines set forth in the Court's Administrative Procedures Manual. In addition, they also reflect the basic legal principle that an Assignee, standing in the shoes of the Assignor, may produce **no less information** than what would have been required of its predecessor in interest.

Style of the Case: Notwithstanding Va. Code §8.01-13 (Assignee may sue in own name), the Court deems it a best practice to file suit in the name of the current creditor as assignee of the original creditor,( i.e. We Own The Debt Now, Inc., Assignee of We First Loaned The Money, Inc., Plaintiff v. I Don't Owe A Thing, LLC., Defendant) for the reason that this is one mechanism to apprise the defendant of the basis for the lawsuit.

Proceeding on a Sworn Claim : If the basis for the lawsuit is a contract for the payment of money, express or implied, and the defendant is served with (1) an affidavit signed by the plaintiff or his agent, verifying the amount of the plaintiff's claim and (2) *a copy of the account if there be one*, the plaintiff is entitled to judgment without further evidence unless the defendant denies the claim under oath. If the affidavit and the account are attached to the warrant or motion, the combined papers shall be served as a single paper. Va. Code § § 16.1-88 & 8.01-28. The Court deems it a best practice that the affidavit **not** be signed by plaintiff's counsel.

Judgment on the Affidavit: In order to complete a large volume of civil cases in a timely manner, the General District Court judges do not have the luxury of checking each case for completeness and accuracy during the calling of the return docket. Therefore, the request by a party for a judgment on the affidavit shall be noted by the judge during the call of the docket and entered or denied by the judge on review of the file in Chambers. If the file is later found to be incomplete or incorrect, the judgment is vacated and the case is dismissed without prejudice *at that time*. The Civil Clerk's Office does not notify a party when a judgment is vacated unless the file contains a self addressed/stamped postcard (in a form acceptable to the Court) which postcard will be placed in the mail and/or Attorney File Folder as directed by counsel.

Production of Written Agreement:
When a suit is brought on a written contract, note or other instrument, the original document *shall* be tendered to the court for entry of judgment thereon unless production of the original is excused by the court for good cause or by statute. Rule 7B:5 . If the original document cannot be located, a lost document affidavit is acceptable. Va. Code 8.01-32.
Because, attorney's fees are not recoverable by a prevailing party absent a specific contractual or statutory provision, Mullins v Richlands National Bank, 241 Va.

447 (1991), all requests for attorney's fees must be supported either by the original signed contract or by a lost document affidavit with a copy of the signed contract attached. A money judgment entered in a contract action shall carry interest at the rate charged *on the contract* or at the judgment rate (6%), whichever is higher. Va. Code § 6.1-330.54 . When requesting attorney's fees or contractual interest in excess of the judgment rate, the applicable areas of the signed agreement must be tabbed, highlighted or circled on the document.

Notwithstanding any law or regulation limiting the time during which documents must be retained and/or permitting the destruction of said documents, a request for attorney's fees and/or interest exceeding the judgment rate must be supported by a signed application or a signed credit card receipt reflecting an agreement to be bound by the terms and conditions of the account.

*Variable Rate Interest*: Absent a contractual provision setting a minimum rate of interest and/or a default rate of interest, the plaintiff is limited to the judgment rate.

*Compound Interest Not Allowed* : A system whereby a finance charge is computed and imposed on the previous balance, including any previous finance or carrying charges already added to the balance, is compound interest and not allowed under Virginia law unless (1) provided by the contract between the parties, applicable provision to be highlighted and submitted to the court, or (2) Virginia law is preempted by a specific federal law or regulation or by exportation of the laws of the home state per federal law, in which case the preemption must be documented for the Court, preferably by "Memorandum of Law Supporting Award of Compound Interest". Absent (1) or (2) above, the plaintiff must demonstrate to the court that all accrued interest and/or finance charges have been deducted from the principal amount claimed in the Warrant in Debt.

Practice Tip: It is permissible to request judgment in an amount that includes finance charges so long as post judgment interest is assessed only on that portion of the debt that is principal, i.e. judgment requested for $2,500.00, inclusive of finance charges, with interest on $2,300.00 only.

Open Accounts:

Even if the contract theory is abandoned and suit is filed instead on an open account, many of the problems listed above still persist. While verification, as required by the FDCPA, may require nothing more than the debt collector "confirming in writing that the amount being demanded is what the creditor is claiming is owed", Chaudhry v. Gallerizzo, 174 F. 3d 394 (4th Cir., 1999), the entry of a judgment on the affidavit requires *a copy of the account if there be one* . Va. Code §16.1-88. The Court deems this language to mean a copy or copies of billing statements generated by the original creditor or, in the absence of that, other records with sufficient indicia of reliability to establish *the account*, which could include electronic files so long as they contain detailed information such as the date the account was open, with whom, the original account number assigned, debit/payment histories, the date the account was charged off, and the amount due on the account.

Attorney's fees: With no signed cardholder agreement, attorney's fees will not be allowed.

Interest: With no signed cardholder agreement, any interest awarded will be at the Virginia judgment rate unless plaintiff can establish that the Virginia rate is

preempted by a by a specific federal law or regulation or by exportation of the laws of the home state per federal law, in which case the preemption must be documented for the Court, preferably by "Memorandum of Law Supporting Award of Interest Claimed."
    Compound Interest: See above.

Affidavit
    The Court deems it a best practice for the affidavit to contain sufficient allegations of fact (1) to inform the defendant as to the basis of the plaintiff's claim (who was the original creditor and how did this plaintiff obtain possession of the account) and (2) to satisfy the court's growing concern that lawsuits are being filed/prosecuted without proper documentation and not in compliance with the laws governing the court.

Continuance For *Ex Parte* Proof
    The filing of an action by an attorney constitutes a certification by that attorney that (1) he or she has looked into the matter and has seen or has access to sufficient documentation to establish both the debt and the creditor's right to collect it, and (2) a continuance for *ex parte* proof is not interposed for the purpose of determining whether such documentation exists, which determination the Court believes should be made prior to suit being filed. Transitionally, and thereafter in the sole discretion of the presiding judge, in lieu of proceeding by a sworn claim, the plaintiff, upon default of any appearance by the defendant, may ask the court to note the default on the file and schedule the matter for a hearing on the 2A docket for the presentation of *ex parte* proof. If the authenticity of the debt cannot be established at the *ex parte* hearing, the lawsuit will be dismissed without prejudice.