\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Midland Funding, LLC, | : | Case No. 3:09CV2248 |
| Plaintiff/Counter Defendant, | : | **MOTION TO INTERVENE WITH MEMORANDUM IN SUPPORT** |
| vs. | : | |
| | | HON. DAVID A. KATZ |
| Andrea Brent, | : | |
| Defendant/Counterclaimant, | : | |
| vs. | : | |
| Midland Credit Management, Inc., | : | |
| Counterclaim Defendant. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, proposed intervenor Ladon Herring (or "Intervenor") will and hereby does move the Court for an order granting her request to intervene in the above-entitled action. Intervenor has a vital interest in the subject matter of this proceeding and is so situated that the disposition of this action may, as a practical matter, impair or impede his ability to protect those interests.

Herring seeks intervention on the ground that this Court's preliminary injunction bars her and other Virginia consumers from asserting a claim under the law of the state of Virginia. That claim will be barred by the statute of limitations on April 13, 2011, long before this Court decides whether or not to approve the proposed settlement. Intervenor requests leave to intervene to ask this Court to modify its proposed injunction to toll all claims against Midland based upon false affidavits, whether or not pled in *Brent*, until such time as the Court rules on the fairness of the proposed settlement.

As is set forth more fully in the attached Memorandum in Support, Intervenor is entitled to intervene in this action as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Alternatively, Intervenor respectfully requests that this Court permit Intervenor to intervene under Rule 24(b)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

By /s/ Reginald S. Jackson, Jr.
Reginald S. Jackson, Jr. (0003558)
E-Mail: rjackson@cjc-law.com
Adam S. Nightingale (0079095)
E-Mail: anightingale@cjc-law.com
CONNELLY, JACKSON & COLLIER LLP
405 Madison Avenue, Suite 1600
Toledo, Ohio 43604
Telephone: (419) 243-2100
Facsimile: (419) 243-7119

and

Leonard A. Bennett, VSB # 37523
(pending admission *pro hac vice*)
E-Mail: lenbennett@clalegal.com
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile

          and

          Matthew J. Erausquin, VSB # 65434
          (pending admission *pro hac vice*)
          E-Mail: matt@clalegal.com
          Consumer Litigation Associates, P.C.
          1800 Diagonal Road, Suite 600
          Alexandria, VA 22314
          (703) 273-7770
          (888) 892-3512 facsimile

          *Counsel for Intervenor Ladon Herring*

## **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

On March 11, 2011, this Court granted preliminary approval to a proposed settlement of class action claims between plaintiffs Andrea Brent, Martha Vassalle, Jerome Johnson, and Hope Franklin (together, "Plaintiffs") and defendants Midland Funding LLC, Midland Credit Management, Inc., Midland Funding NCC-2 Corporation, MRC Receivables Corporation Inc., and Encore Capital Group Inc., (together, "Midland") [D.E. 111]. Ladon Herring moves to intervene in this action to urge the Court to amend its preliminary approval order, its preliminary injunction order and to revise the proposed notice to the class. Therefore, pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, Herring respectfully requests that her motion be granted.

### I. SUMMARY OF ARGUMENT

The proposed intervenor is a resident of Newport News, Virginia. She was sued by Midland in April of 2010 in a lawsuit involving a paid debt. The lawsuit was ultimately dismissed against her, but not until after Midland had filed its now fraudulently supported action, served her process and publically contacted members of her family. The statute of limitations as

3

to her Midland "false affidavit" Fair Debt Collection Practices Act claim arguably expires on April 13, 2011.

On March 11, 2011, this Court considered the expedited request of the *Brent* parties to grant preliminary approval to their proposed settlement. The Court granted preliminary approval of the following class:

> All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

(Docket No. 111, ¶2)

The Court also issued a preliminary injunction against parallel litigation (Docket No. 110). Under the terms of that injunction, persons such as Intervenor are enjoined from "…filing, intervening in[1], commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates…." Id. pp 2-3.

Intervenor falls within the proposed class definition preliminarily certified by the Court. Under this Court's preliminary injunction, Intervenor is prohibited from asserting a claim based upon Midland's false affidavit. The statute of limitations on Intervenor's claim will expire on April 13, 2011 before this Court conducts a Fairness Hearing to decide whether it will approve the proposed settlement. Further, her and other class member claims beyond that pled in Brent

---

[1] Intervenor does not believe that the Court's Order was intended to prevent a proper motion for intervention in *this* proceeding. To the extent that the literal terms of the Order provide otherwise, Intervenor requests leave of the Court's Order to make the instant application.

4

are not tolled at all. If the Court decides not to approve the settlement, or even if it approves the settlement, but does not bar claims not otherwise pled in *Brent*, Intervenor and others like her will have lost their right to assert a claim against Midland and will not receive any benefits from the proposed settlement.

Herring now seeks to intervene to urge this Court to amend its Preliminary Injunction to provide that all claims by putative class members will be tolled until this Court issues an order following the final fairness hearing. As she meets all of the requirements of Rules 24(a) and (b) of the *Federal Rules of Civil Procedure*, Intervenor respectfully requests that this motion be granted.

## II. INTERVENOR MEETS THE REQUIREMENTS FOR BOTH MANDATORY AND PERMISSIVE INTERVENTION

### A. Proposed Intervenor Meets The Requirements Of Fed. R. Civ. Proc. 24(a)(2) For Intervention As A Matter Of Right

Intervention as a matter of right is governed by Fed. R. Civ. P. 24 (a). This rule provides as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit employs a four-part test to establish intervention as a matter of right: (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the

Court. *Fed. R. Civ. P*. 24(a)(2); *Michigan State AFL-CIO v. Miller*, 103 F. 3d 1240, 1245 (6th Cir 1977).

The rules relating to intervention as a matter of right are liberally construed for the benefit of the proposed intervenors, and *any* doubts are resolved in their favor. *See*, *Fed. Savings & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F. 2d 211, 216 (11th Cir. 1993). Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion. *Id.* at 215. As demonstrated below, all prerequisites are met here.

### 1. **The Present Application Is Timely**

A class member's intervention into an overlapping class case is timely if the class member acts promptly once he or she learns of potential shortcomings in the putative class representative's representation of the class member's interests. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394, 53 L. Ed. 2d 423, 97 S. Ct. 2464 (1977) (intervention by a member of the class is timely when the intervenor acts "as soon as it [becomes] clear . . . that the interests of the unnamed class members would no longer be represented by the named class representatives"). When class actions overlap, there is no need to intervene until class members suspect that the representative (or putative representative) is not acting in the best interests of the class. *Crawford v. Equifax Payment Service,* 201 F.3d 877, 880 (7th Cir. 2000); *see also*, *Beckert v. TPLC Holdings, Inc. (In re Telectronics Pacing Sys.)*, 221 F.3d 870, 882 (6th Cir. 2000) (class action objectors' intervention motions filed before the Fairness Hearing were timely).

Here, plaintiffs have proposed a settlement that they represent to be in the best interest of the proposed class. The Court will not consider the fairness of the proposed settlement until July 11, 2011 when the Court holds a Fairness Hearing. However Intervenor's rights are being

6

impaired *now* as are the rights of all other class members whose claims will be barred between now and the Fairness Hearing unless tolled by this Court. Intervenor accordingly seeks the Court's permission to intervene and urge the Court to amend its Preliminary Injunction, preliminary approval order and the notice to be sent to class members.

Intervenor has acted promptly, filing these papers immediately after learning of the Court's rulings. Thus, Intervenor's application is timely under Rule 24.

### 2. Intervenor Has A Sufficient Interest To Intervene as of Right

This Court should permit Herring to intervene because she has a strong interest in this proceeding. The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). (citations omitted). For example, "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994). Under Rule 24, an intervenor need only claim an interest in the property or transaction that is the subject of the action. The Sixth Circuit court generally construes that interest "liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

Intervenor's interests are plainly sufficient to meet this standard. Intervenor has specific, easily definable interests in the subject matter of this lawsuit. She was sued by Midland, and Midland used an affidavit falsely claiming to be based upon personal knowledge. She has a claim against Midland that will be barred by the statute of limitations before the date of the Fairness Hearing. She is subject to this Court's preliminary injunction and is barred by the terms

of that order from asserting her claim against Midland. Intervenor plainly has a sufficient interest in these proceedings to warrant intervention.

### 3. Intervenor's Interests May Be Impaired Absent Intervention

This requirement is easily satisfied here as well. To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991). Under Rule 24 (a), proposed intervenors need not establish "that impairment will inevitably ensue from an unfavorable disposition; the would-be intervenors need only show that the disposition '*may* . . . impair or impede [their] ability to protect [their] interest.'" *Id*. As the Sixth Circuit has emphasized, "[t]his burden is minimal." *Michigan State v. Miller*, 103 F.3d 1240, 1247 (6th Cir. Mich. 1997).

Here, this Court's injunction prohibits Intervenor from filing a claim against Midland. These claims will be barred by the statute of limitations by the time this Court conducts its Final Fairness Hearing. Intervenor believes that thousands of other putative class members are similarly situated, having claims that will be barred by the applicable statute of limitations, although this Court's injunction prohibits them from asserting any such claim. Intervenor plainly has an interest in this litigation that will be impaired if intervention is denied.

### 4. The Existing Parties Do Not Adequately Represent Intervenor's Interests

Finally, this Court should permit intervention because the named plaintiffs in this action do not adequately represent Intervenor's interests. A proposed intervenor need only show that its interests in the action *may* be inadequately represented by the existing party; "the burden of making that showing should be treated as minimal." *Trbovic v. United Mine Workers of*

8

*America*, 404 U.S. 528, 538 n. 10 (1972); see also, *Linton v. Commissioner of Health & Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992); *Michigan State v. Miller, 103 F.3d 1240, 1247 (6th Cir. 1997)* ("it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments"). Thus, even where the parties' interests are technically aligned, but they have different perspectives and approaches to the litigation, intervention should be permitted. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989) ("The fact that the interests are similar does not mean that approaches to litigation will be the same.")

Here, Intervenor's interests are not identical to those of the named plaintiffs. The named plaintiffs will receive a full release of all debt that they owe to Midland. [*See*, D.E. 107, Exhibit A, ¶ D2]. The settlement is abundantly clear, however, that absent class members such as Intervenor, do not enjoy the same benefit: "Nothing herein shall prevent Defendants from continuing to collect the debts owed by the other Class Members." Id. The named plaintiffs proposed the injunction that Intervenor now seeks to modify. [D.E.108]. Thus, the named plaintiffs do not share the same interest as Intervenor because their rights will not be impaired by the injunction [D.E., ¶10] Intervenor's interests are not adequately represented in this litigation and her motion to intervene should be granted.

### B. Intervenor Also Meets The Requirements Of Fed. R. Civ. Proc. 24(b) For Permissive Intervention

Under Rule 24(b)(1)(B), intervention may be permitted by the Court:

> (2) has a claim or defense that shares with the main action a common question of law or fact.

9

Pursuant to the terms of Rule 24 c itself, "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Here, Intervenor's claims have questions of law and fact in common with the claims that Plaintiffs assert. Moreover, intervention will not unduly delay or prejudice the rights of the original parties. On the contrary, it is appropriate for class members to intervene to bring to the Court's attention any issues the Court must consider in deciding whether the settlement is fair, reasonable and adequate.

### 1. Intervenor has a Claim that Shares Common Questions Of Law And Fact With This Action

The allegations of the *Brent/Franklin/Vassalle/Johnson* complaints demonstrate that these actions share common questions of law and fact with the claim possessed by Intervenor. Each plaintiff alleges that he or she was sued by a Midland entity. See, e.g., Brent Second Amended Counterclaim, [D.E. 54]. Each plaintiff alleges that Midland filed an affidavit falsely claiming to have personal knowledge of the underlying debt in support of a default against the plaintiff. These are the same allegations that are asserted by Intervenor.

Indeed, plaintiffs and Midland have asked the Court to stay the "parallel litigation" to prevent Intervenor from taking any action to vacate the fraudulent Midland judgment or to file to protect her and other Virginia consumers who have claims against either Midland or a third party not tolled by the Brent case, but based on the overlap in issues with the instant action. Plaintiffs' request was premised on the fact that the pending state and federal cases in other states are "parallel" and "related" litigation. [D.E. 108]

Courts are generally amenable to permissive intervention when, as here, the subject matter of the litigation and the claims of the intervenor are similar. *Jones v. Blinziner*, 536 F. Supp. 1181, 1189 (N.D. Ind. 1982). Where the parties share common questions of law or fact and have a real economic stake in the outcome of the litigation, intervention is justified. *Textile Workers Union of America, CIO v. Allendale Co.*, 226 F.2d 765, 769 (C.A.D.C. 1955) (allowing intervention where same issues, both of law and fact, were involved). Thus, under the circumstances presented in this case, intervention is plainly permissible.

### 2. **Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties**

The Court has set for July 11, 2011, the hearing to determine whether the proposed settlement should be approved. Notice need not be sent to the class until April 22, 2011. [D.E. 111, ¶5]. Intervenor has filed this motion in sufficient time so that action may be taken without altering the deadlines set forth in this Court's orders. The parties can claim no prejudice in changing the orders they submitted for this Court's approval to prevent harm to those that the named plaintiffs seek to represent.

Intervenor meets all of the requirements for permissive intervention under Rule 24 (B). She therefore requests that her motion to intervene be granted.

### III. CONCLUSION

As set forth above, Ms. Herring requests that this Court allow her to intervene in these proceedings to urge the Court to amend its preliminary approval order, its preliminary injunction order and to revise the proposed notice to the class. As she meets all of the requirements for intervention, she respectfully requests that her motion be granted.

Respectfully submitted,

By /s/ Reginald S. Jackson, Jr.
Reginald S. Jackson, Jr. (0003558)
E-Mail: rjackson@cjc-law.com
Adam S. Nightingale (0079095)
E-Mail: anightingale@cjc-law.com
CONNELLY, JACKSON & COLLIER LLP
405 Madison Avenue, Suite 1600
Toledo, Ohio 43604
Telephone: (419) 243-2100
Facsimile: (419) 243-7119

and

Leonard A. Bennett, VSB # 37523
(pending admission *pro hac vice*)
E-Mail: lenbennett@clalegal.com
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile

and

Matthew J. Erausquin, VSB # 65434
(pending admission *pro hac vice*)
E-Mail: matt@clalegal.com
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 facsimile

*Counsel for Intervenor Ladon Herring*

## PROOF OF SERVICE AND CERTIFICATION

This is to certify that a copy of the foregoing has been electronically filed with the Court on this 28th day of March, 2011. Notice of the filing will be sent to the parties by the operation of the court's electronic filing system. The parties may access this filing through the Court's system. This matter has been assigned to the Court's standard track, and the forgoing memorandum complies with the page limitations applicable to the Court's standard track.

By /s/ Reginald S. Jackson, Jr.
*Counsel for Intervenor Ladon Herring*