\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| Midland Funding, LLC, | : | Case No. 3:09CV2248 |
| Plaintiff/Counter Defendant, | : | **MOTION TO MODIFY, AMEND, OR CLARIFY PRELIMINARY** |
| vs. | : | **INJUNCTION WITH MEMORANDUM IN SUPPORT** |
| Andrea Brent, | : | |
| | | HON. DAVID A. KATZ |
| Defendant/Counterclaimant, | : | |
| vs. | : | |
| Midland Credit Management, Inc., | : | |
| Counterclaim Defendant. | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Proposed intervenor Ladon Herring (or "Intervenor") respectfully moves the Court for an

Order modifying, amending, or clarifying the preliminary injunction entered in the above-

captioned matter.  A memorandum in support of this motion follows.

Respectfully submitted,

By   /s/ Reginald S. Jackson, Jr.
Reginald S. Jackson, Jr. (0003558)
E-Mail: rjackson@cjc-law.com
Adam S. Nightingale (0079095)
E-Mail: anightingale@cjc-law.com

CONNELLY,  JACKSON & COLLIER LLP
405 Madison Avenue, Suite 1600
Toledo, Ohio 43604
Telephone:  (419) 243-2100
Facsimile:    (419) 243-7119

and

Leonard A. Bennett, VSB # 37523
(pending admission *pro hac vice*)
E-Mail: lenbennett@clalegal.com
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 facsimile

and

Matthew J. Erausquin, VSB # 65434
(pending admission *pro hac vice*)
E-Mail: matt@clalegal.com
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 facsimile

*Counsel for Intervenor Ladon Herring*

## MEMORANDUM IN SUPPORT OF
## MOTION TO MODIFY, AMEND, OR CLARIFY PRELIMINARY INJUNCTION

The Court has issued a preliminary injunction against parallel litigation  (Docket No.

110).  Under the terms of that injunction, persons such as Intervenor are enjoined from "…filing,

intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum

arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital

Group, Inc., and/or its subsidiaries and affiliates…."  *Id*. pp 2-3.  By its terms, the injunction does

not appear to limit itself to the claims actually pled in *Brent* – a violation of the Fair Debt

Collection Practice Act (FDCPA), 15 U.S.C. § 1692, *et seq*.  It also does not appear to limit itself to claims against the Defendants in *Brent* and its companion cases.  Instead, it would also bar the filing of otherwise entirely independent actions against third party debt collection firms to which Midland may have assigned collection of the debts so long as they "relate" to the use of affidavits in debt collection lawsuits.

Even more troublesome is the possibility that the present injunction (and the settlement agreement's release) could prohibit consumers from filing defensive actions in state court to vacate the fraudulent Midland judgments.  And oddly, it would appear from the language of Midlands injunction that Midland itself is prohibited from filing garnishment or other actions in these fraudulent affidavit collection cases – a prohibition Defendant is certainly not following as its Virginia debt collection firms continue to file and prosecute the affidavit related collection judgments against Virginia consumers.

The result of this overbreadth is that class members are placed in a harshly unjust "Catch-22" in which they are enjoined from acting to preserve their claims, but they are not protected by any viable tolling of their statute of limitations periods.

Accordingly and to correct this due process defect, Intervenor asks the Court to modify, amend or clarify that the preliminary injunction and the preliminary approval order such

(1.)     To toll the statute of limitations *for all claims* that any consumer within the *Brent* settlement class definition may have against Midland, Encore or any affiliate or subsidiary, whether or not pled in the present action;

(2.)     That the preliminary injunction does not prohibit the Intervenor or other consumer within the *Brent* settlement class definition from acting to vacate, appeal or set aside an existing Midland collection judgment or to defend (including the filing of counterclaims or affirmative

defenses related to Midland's fraudulent affidavit use) against any pending or later filed lawsuit, garnishment or other action filed by Midland or its agents; and

(3)     That the preliminary injunction and settlement agreement are inapplicable to and do not restrict the prosecution of any claim by any consumer within the *Brent* settlement class definition against a third party that is not connected to Encore or Midland by shared ownership or direct employment.

As the Court is aware, Herring's Virginia counsel, Leonard Bennett, has asked Defendants for a tolling agreement while this case is pending.  During the March 23, 2011 telephone conference with the Court, Midland's lead (out of state) counsel refused.  Absent this Court's action to modify, amend or at least clarify the present injunction and proposed settlement release, significant claims of the Intervenor and other consumers in Virginia and nationally will be substantially prejudiced.

## ARGUMENT

### A.     The Present Injunction and Release are Overbroad.

The injunction's title suggests that it is intended to prevent "parallel litigation."  The findings to support the injunction recite that there is evidence of multiple pending lawsuits, including putative class actions, which could seriously impair the proposed settlement.  The language of the injunction, however, is far broader than is necessary to accomplish this purpose.

The injunction does not simply prohibit injured parties from commencing lawsuits. Indeed, the injunction prohibits all persons from "continuing and/or litigating" any such lawsuit. Thus, if such a lawsuit has been filed, the party injured by the false affidavit must stop litigating immediately.  However, by their ongoing garnishment and collection actions in Virginia, Encore and Midland have expressed their own belief that the injunction does not prohibit them in any

regard. To put more simply -- Under the terms of the injunction, Encore believes that it may take action in any pending lawsuits but the opposing party may not respond.

Another egregious example of overbreadth is that the injunction applies to "all class Members *and* all persons with actual notice of this Order." Non-class members are not before this Court. The Court does not have jurisdiction over "all persons with actual notice of this Order". There is no reason whatsoever to enjoin persons with knowledge of the Order if they are not class members. *See, e.g*., Fed Rule Civ. Proc 65 (d) (injunction binds parties, their officers, agents, servants, employees, attorneys and those who in active concert or participation with them). In fact, by its terms, the injunction – drafted by Midland – would enjoin state Attorneys General and the Federal Trade Commission from acting in these matters. This is not merely an academic matter. Various states may well act against Midland and Encore. As an example of which the Court will likely be aware by the time of filing -- as of today, the State of Minnesota now has filed action against Encore and Midland for its fraudulent affidavits, but will need to come before this Court regarding this Injunction.

http://www.startribune.com/business/118777379.html last viewed on March 28, 2011.

According to the Wall Street Journal,

> [Attorney General] Swanson said she is seeking "clarification" about whether a pending federal-court settlement in Ohio by Encore "was not intended" to block Minnesota officials from taking enforcement action against the company.

http://online.wsj.com/article/SB10001424052748704559904576228711951354244.html?mod=googlenews_wsj#printMode last viewed on March 28, 2011.

The injunction is also overbroad in defining the subject matter of any proscribed lawsuit and vague in describing the parties. Thus, it prohibits persons from "filing . . . any lawsuit . . . arising out of . . . the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc.

and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding, LLC, MRS Receivables corp., and Midland Financing NCC-2 Corp. . .." Even with ellipses, this language is vague and much broader than need be.  As a preliminary matter, the only affidavits at issue in the *Brent* matter, are affidavits that Midland files in support of a default judgment.  The injunction, however, would apply to *any* lawsuit about *any* Midland affidavit in a collection lawsuit.  Such overbreadth is not justified under the circumstances.

Worse yet, the injunction applies to any lawsuit by Encore Capital Group, Inc. or its "affiliates."  The word "affiliates" plainly refers to entities other than Midland Credit Management, Inc., Midland Funding, LLC, MRS Receivables corp., and Midland Financing NCC-2 Corp., as these entities are included without limitation.   If Midland cannot be bothered to name all of the "affiliates" that it wishes to be included in the Court's injunction, then that language should be stricken entirely.  Litigants should not be forced to guess whether they are violating the Court's injunction.

Finally, the injunction prohibits all persons from "intervening" in any such lawsuits. However, that would prevent someone from intervening in *this* lawsuit.  Such a result is most certainly unintended, as the Court would evaluate any such request in accordance with FRCP 24.

**B.      Significant Claims of Class Members are Enjoined, but not Tolled.**

In the March 23, 2011 telephone conference, counsel for the settling parties suggested his general impression that there would be a reason that the claims of class members are tolled. There was no explanation offered and Midland's counsel refused the offer to a general tolling agreement while the injunction remains in effect.  Despite the self-interested optimism of counsel for the settling parties, as a matter of law, major class member claims are not tolled and will be jeopardized if the injunction is not modified or at least interpreted such that the injunction and

release will not impair or restrict these non-*Brent* claims.

Two issues that affect consumers' substantive rights arise under the Court's injunction for which Intervenor respectfully requests a modified order clarifying the extent to which the limitations period on class members' claims are tolled. Specifically, the Court should enter an Order declaring that all state law and federal claims arising from or related to the operative facts alleged in the Counterclaim are tolled. It would be no surprise otherwise if Midland later took a position that claims not pled in Brent were not tolled. In fact, that may well be true. Because the class is defined broadly to all claims that "relate to" Midland's use of collection affidavits, the Injunction appears to apply to additional claims never filed or even considered in *Brent*, for instance under California's consumer protection statutes, or Virginia's common law, against these Defendants and others. At the same time, the law is not clear that the Injunction alone would cause such claims that *class members and other plaintiffs are enjoined from filing* to be tolled in this particular proceeding.

Intervenor takes a cautious view of the breadth of the Injunction, a view which the Defendants have not disabused. The Injunction calls into question the extent to which it tolls the statutes of limitations for class members who have claims that weren't raised in the Counterclaim, whose claims aren't available under Ohio law, or who have claims against defendants not joined in this action. At best, the law is not entirely settled on the issues presented by the Injunction in this case, thus the Order should be clarified.

> **1.** **Class member claims against non-Encore companies and employees are enjoined, but not tolled.**

Under the circumstances of other class actions, the general rule would be that "the commencement of a class action suspends the applicable statute of limitations as to all asserted

members of the class who would have been parties had the suit been permitted to continue as a

class action." *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 353-354 (1983)*; American

Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974); *accord Vaccariello v. Smith & Nephew

Richards, Inc*., 94 Ohio St.3d 380, (Ohio 2002); *Thornton v. State Farm Mut. Auto Inc. Co., Inc.,*

1:06CV00018, 2006 WL 3359448, at * (N.D. Ohio Nov. 17, 2006).  The limitations period is

tolled until the certification is denied, at which time former class members may choose to file

individual suits or intervene as plaintiffs in the pending action. *Crown, Cork & Seal,* 462 U.S. at

354; *Chancellor v. Coca-Cola Enters. Inc.*, 1:08CV65, 2008 WL 3307131, at * (S.D. Ohio Aug.

7, 2008).   However, "class action tolling does not apply to a defendant not named in the class

action complaint." *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.,* 413 F.3d 553, 567-568 (6th

Cir. 2005) (citing cases). Under this rule, the only claims that are tolled are those claims against

the defendants named in this suit, and no others. Indeed, the Supreme Court has also held that the

statute of limitations is not tolled on claims that are different from those that are asserted in the

complaint. *Crown, Cork & Seal,* 462 U.S. at 355.

Both the Sixth Circuit and the Ohio Supreme Court have held the federal class action

tolling doctrine is applicable to both state and federal causes of action.  *Wyser-Pratte Mgmt. Co.,

Inc. v. Telxon Corp.,* 413 F.3d at 567-68.   The courts have observed

> The case law is clear, however, that <u>*American Pipe*</u> tolling does not apply to parties
> that were not named in the class action complaint.  *Arneil v. Ramsey*, 550 F.2d 774,
> 782 n. 10 (2d Cir. 1977)("Nothing in *American Pipe* suggests that the statute must be
> suspended from running in favor of a person not named as a defendant in the Class
> suit, and we decline so to extend the rule.  A different conclusion would not comport
> with reason."); *Prieto v. John Hancock Mut. Life Inc. Co.*, 132 F.Supp.2d 506, 517-
> 19 (N.D. Tex. 2001)(finding that Texas's class action tolling law does not extend "to
> defendants who were not parties to the class action suit"); *Lidner Dividend Fund. Inc.
> v. Ernst & Young*, 880 F.Supp.2d 49, 54 (D.Mass. 1995)(finding that federal class
> action tolling does not apply to defendants not named in a class action complain even
> if named in other, earlier individual suits.  Indeed, the only Sixth Circuit case, albeit

> an unreported one, addressing this issue concludes just this:  Because RAA was not
> included as a defendant in any class action until the present case, non of the tolling
> principles discussed above apply to the suit against RAA. Therefore, the statute of
> limitations was never tolled with respect to the RAA, and the present action against
> RAA was not timely tolled.  *Highland Park Assoc. of Bus. and Enter. v. Abramson*,
> 91 F.3d 143, 1996 WL 382252, at \*4 (6th Cir. July 3, 1996).

*Wyser-Pratte Mgmt. Co., Inc.*, 413 F.3d at 567-68 (Emphasis added).   The policy underlying this

tolling limitation is well-established,

> The Court noted in *American Pipe* that a tolling rule for class actions is not
> inconsistent with the purposes served by statutes of limitations. 414 U.S., at 554.
> Limitations periods are intended to put defendants on notice of adverse claims and to
> prevent plaintiffs from sleeping on their rights, *see  Delaware State College v. Ricks,*
> 449 U.S. 250, 256-257 (1980); *American Pipe,* 414 U.S., at 561 (concurring
> opinion); *Burnett v. New York Central R. Co.,* 380 U.S. 424, 428 (1965), but these
> ends are met when a class action is commenced.

*Crown, Cork & Seal*, 462 U.S. at 353.  Claims are not tolled against unnamed parties bcause it

would cause a legal prejudice to a later defendant who has not been put on notice of claims

against them.

The *Brent* action has been prosecuted solely against Midland/Encore – the purported

owner of the collection debts at issue.  But these are only a subset of the parties exposed for

violating the strict liability FDCPA and comparable state statutes.  Just as if not more commonly,

a FDCPA action is brought against the local "collection mill" law firm that is using the

fraudulent affidavit in state court.  In fact, in one such pending class action in the State of

Washington, *Gray v.  Suttell and Associates, P.S. and Midland Funding, LLC*, CV 09-251 (E.D.

Wa.), the two defendants are represented by different counsel, have different insurance policies

and Midland has taken the position that the collection law firm acted independently and without

contact and supervision by Midland.  (Deposition of Suttell and Associates employee Tu Uyen

Huynh, August 4, 2010.)

Similarly, the California case prosecuted by the National Consumer Law Center, of counsel on this pleading, and now also enjoined, alleges separate claims against the California collection mill law firm and "focuses on the misconduct perpetrated via Midland's collaboration with the Brachfeld Law Group, a California law firm specializing in the mass filing of debt collection lawsuits based on minimal to nonexistent documentary evidence."  (Exhibit "3" to the attached Declaration of Charles Delbaum, ¶3).

Brent's counsel did not prosecute such an action and it would be difficult for them to have done so in this case as the same attorneys that violated the FDCPA are counterclaim defendants' counsel in the case.   Regardless, it is now too late to do so as the one year statute of limitations has long expired.  But this is not true for other class members, many of whom have available FDCPA actions against the non-Encore owned debt collectors and their insurance separate and apart from Encore's because the violations occurred only within the last year.  And it is not true for consumers in states such as Washington and California who have state statutory claims with periods of limitation greater than the FDCPA.

> 2.      **Class Member claims not pled in *Brent* are enjoined, but likely not tolled.**

Beyond the difficulty posed by the Injunctions restriction of claims against third parties, it also enjoins without tolling other state and federal claims not otherwise pled in the *Brent* second amended counterclaim complaint.  For all non-Ohio consumers, that could mean every claim (FDCPA and otherwise) as the Ohio-only *Brent* putative class did not toll the statute of limitations periods for any non-Ohio consumers.  *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).  It even more likely would not toll non-FDCPA claims not pled, and for state law claims outside Ohio, not pleadable.  Where the Injunction appears to cover claims that weren't specifically pled in the Counterclaim, yet are enjoined from being brought in any type of

action, the purpose of the tolling doctrine is thwarted.

In this case, the Injunction presents a conundrum to the principles of limitations and tolling: class members *and* others who are neither class members nor parties to the suit are prevented from taking action to enforce their rights against Defendants *and* others not party to the suit. The Injunction appears to be crafted to provide maximum protection to the Defendants to the settlement of the claims as to a nationwide class, however, the requirements of the Injunction do not fit neatly within the principles of tolling that have been engrossed in law.

Only claims expressly alleged are automatically subject to tolling under existing jurisprudence. *In re Vertue Mktg. & Sales Practice Litig.*, 712 F.Supp.2d 703, 718-19 (N.D. Ohio 2010). Even claims that were alleged in a motion for leave to amend a complaint, ultimately denied, were not subject to tolling even though defendants arguably had notice of the claims and plaintiffs attempted to secure the right to sue on such a claim. *Id*. at 718. At the same time, there is jurisprudence that admonishes courts to "'look to the actual nature or the subject matter of the case, rather than to the form in which the action is pleaded'" to determine that actual applicable statute of limitations for a particular claim. *Metz v. Unizan Bank*, 5:05CV1510, 2008 WL 2017574 (N.D. Ohio May 7, 2008)(quoting *Lawyer's Coop. Pub. Co. v. Muething*, 603 N.E.2d 969, 973 (1992)). While not directly on point, the principle that a set of operative facts informs the court which limitations period it should impose, could be analogized to this case. A set of operative facts that give rise to both federal and state law claims in Ohio, the forum where initially brought, obviously could give rise not only to the federal claims but other state law claims in the various jurisdictions where any individual member of the class resides.

There are in fact significant non-FDCPA claims available to class members, but given counterclaim plaintiff's counsel's limited state practice, not likely known to Brent. In Virginia,

11

Herring would seek to preserve her claims for common law civil conspiracy, violation of the Virginia Consumer Protection Act, and federal RICO.  In Washington, expected objectors are prosecuting a claim under Washington's state statute.  In California, the state class action prosecuted by the now enjoined National Consumer law Center, *Judith Reimann et al. v. Eric Brachfeld, Midland Funding LLC, Midland Credit Management, LLC, et al.*, was filed in California Superior Court, County of Alameda, on August 5, 2010 (Case No.10-529702).  The case is premised exclusively on California law, consisting of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("Rosenthal Act"), and California's Unfair Competition Law (California Business and Professions Code § 17200 et seq.).  (Exhibit "3", Declaration of Charles Delbaum, ¶1).  "A key aspect of California law is the availability of extensive equitable relief."  *Id.*, ¶6.

When viewed in the context of all the claims that could be raised on the same operative facts depending on the jurisdiction of the individual class member, it is clear that the Injunction must either be narrowed or the availability of tolling be broadened.   Defendants have argued that no one can opt-out of the class until they are served with class notice and have filled out a special form provided to them, which is expected to be mailed in several weeks time.  Defendants have also refused to agree that claims are tolled for the potential plaintiffs who have claims available to them, but not pled in this case.  Meanwhile, the clock ticks down with uncertainty for class members, lawyers and other plaintiffs who are enjoined from acting on their claims against these and other defendants, not knowing whether their claims are tolled *vel non*.

**C.**     **Injunction and Settlement Release should be modified to clarify (1.) that claims against third parties are not enjoined and (2.) that all class member claims against defendants are tolled until such time as the Court can consider objections that the proposed settlement is unfair and inadequate.**

Due to the breadth of the Injunction, Intervenor must argue for its modification to impose comparably and identically broad tolling of claims in order to preserve the rights of all consumers who have been victimized by these very Defendants, but who also have additional claims, perhaps against additional defendants, including under the consumer protection laws of other states.    There would be no unjust harm to Defendants.  Limitations periods are established to put defendants on notice of claims against them to prevent unfair surprise.  *Chancellor v. Coca-Cola Ent. Inc.*, 1:08CV65, 2008 WL 3307131 (S.D. Ohio Aug. 7, 2008). In this case, it is reasonable and consistent that Defendants Encore and Midland – named defendants – are on notice of the claims against them therefore tolling the statute of limitations concerning the Counterclaim's claims is supported by the case law.  However, the language of the Injunction "including but not limited to" the Encore and Midland defendants appears on its face to enjoin class members and others from filing suits against third parties.  This set of facts is inapposite to the rules that have been established to protect the rights of defendants under the limitations doctrine and the rights of plaintiffs under the tolling doctrine.   Because the Defendants are expected to argue that the expansive language is necessary to protect the nationwide class settlement, it is a fair and a just solution for the court to toll the running of the statute of limitations for claims raised in the Counterclaim or arising from the operative facts but not otherwise pled against third parties.

Respectfully submitted,


By   /s/ Reginald S. Jackson, Jr.
    Reginald S. Jackson, Jr. (0003558)
    E-Mail: rjackson@cjc-law.com
    Adam S. Nightingale (0079095)
    E-Mail: anightingale@cjc-law.com
    CONNELLY, JACKSON & COLLIER LLP
    405 Madison Avenue, Suite 1600
    Toledo, Ohio 43604
    Telephone:  (419) 243-2100
    Facsimile:   (419) 243-7119

    and

    Leonard A. Bennett, VSB # 37523
    (pending admission *pro hac vice*)
    E-Mail: lenbennett@clalegal.com
    Consumer Litigation Associates, P.C.
    12515 Warwick Boulevard, Suite 100
    Newport News, VA 23606
    (757) 930-3660
    (757) 930-3662 facsimile

    and

    Matthew J. Erausquin, VSB # 65434
    (pending admission *pro hac vice*)
    E-Mail: matt@clalegal.com
    Consumer Litigation Associates, P.C.
    1800 Diagonal Road, Suite 600
    Alexandria, VA 22314
    (703) 273-7770
    (888) 892-3512 facsimile

    *Counsel for Intervenor Ladon Herring*

## **PROOF OF SERVICE AND CERTIFICATION**

      This is to certify that a copy of the foregoing has been electronically filed with the Court on this 28th day of March, 2011.  Notice of the filing will be sent to the parties by the operation of the court's electronic filing system. The parties may access this filing through the Court's system.  This matter has been assigned to the Court's standard track, and the forgoing memorandum complies with the page limitations applicable to the Court's standard track.

      By   /s/ Reginald S. Jackson, Jr.

      *Counsel for Intervenor Ladon Herring*