# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Midland Funding, LLC, ) | CASE NO.: 3:08-cv-01434 |
| ) | |
| Plaintiff/Counterclaim Defendant ) | HON. DAVID A. KATZ |
| ) | |
| vs. ) | |
| ) | **And Related Cases:** |
| Andrea Brent, ) | |
| ) | Case No. 3:11-cv-0096, N.D. Ohio |
| Defendant/Counterclaim Plaintiff ) | Case No. 3:10-cv-0091, N.D. Ohio |
| ) | |
| vs. ) | **DECLARATION OF KATHRYN** |
| ) | **GRACE** |
| Midland Credit Management, Inc., ) | |
| ) | |
| Counterclaim Defendant. ) | |

## DECLARATION OF KATHRYN GRACE

Kathryn Grace, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly licensed to practice law in the Commonwealth of Virginia, and an associate with the law firm of Wilson Elser Moskowitz Edelman & Dicker LLP, counsel of record for Midland Funding, LLC and Midland Credit Management, Inc. in *Rubio v. Midland Funding LLC*, currently pending in the United States District Court for the Eastern District of Virginia, Richmond Division, Case No. 3:10-cv-464. I have personal knowledge of the facts stated below, and would testify to them under oath if called upon to do so.

2. Attached here as Exhibit A is a true and correct copy of an email string between counsel in the *Rubio* matter and United States Magistrate Judge Hannah M. Lauck, dated March 14-17, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of April 1, 2011, in McLean, Virginia.

_____
Kathryn Grace

1

# EXHIBIT A

### Grace, Kathryn A.

**From:** Leonard Bennett [lenbennett@clalegal.com]
**Sent:** Thursday, March 17, 2011 12:20 PM
**To:** Grace, Kathryn A.
**Cc:** Matt Erausquin; Hannah_Lauck@vaed.uscourts.gov; Appler, Thomas L.
**Subject:** Re: Rubio v. Midland, 3:10-cv-464

Judge:

Ms. Rubio has opted-out of the sham settlement in Ohio. The "injunction" in that case - which of course does not enjoin this Court - states:

Class members shall have until June 1, 2011 to submit a claim form, a request for exclusion or an objection to the proposed settlement. **Any class member who desires to exclude him or herself from the action must mail a request for exclusion to counsel for plaintiff by that date**. Class Counsel shall forward all opt out requests to Counsel for defendants.

We have objectively satisfied this requirement. Matt forwarded the opt out already sent by Ms. Rubio.

Regardless, Ms. Grace makes the correct point below - if there are any such issues, they are properly addressed elsewhere. We have proposed a reasonable way to get the case back on track - Plaintiff will commit to file an amended complaint within 2 days of the Court's order and will thereby remove the class allegations that are delaying this litigation. Defendant could then answer one week later. The case could be set for trial and we get it off of Judge Hudson's docket. Midland has not indicated why this is a bad idea.

Respectfully,
Len Bennett


On Mar 17, 2011, at 11:47 AM, Grace, Kathryn A. wrote:

> Judge Lauck:
>
> We respectfully disagree with plaintiff's counsel's views concerning the scope of the injunction and the validity of Ms. Rubio's purported "opt out." However, these issues are properly addressed by the District Court in Ohio, which has jurisdiction over the settlement. Plaintiff's counsel appears to be suggesting that this Court should decide these issues, and that it should rule in a way that has the potential to disrupt a complex, nationwide class settlement that the parties and the District Court in Ohio have spent substantial time and effort bringing to fruition. This is a very serious matter, and one that should not be litigated via email. If this Court believes plaintiff's arguments have any merit, then we request the opportunity to submit formal briefing, so that we can thoroughly set forth the authority for our position that

these issues are appropriately decided by the District Court in Ohio.

We appreciate your attention to this matter. Thank you again for your time.

-----Original Message-----
From: Matt Erausquin [mailto:matt@clalegal.com]
Sent: Wednesday, March 16, 2011 8:38 PM
To: Leonard Bennett; Grace, Kathryn A.
Cc: Hannah_Lauck@vaed.uscourts.gov; Appler, Thomas L.
Subject: RE: Rubio v. Midland, 3:10-cv-464

Judge: Plaintiff's opt-out form is attached. By the terms of the Ohio order, to the extent she is bound by it at all, she has now opted out and may proceed as she chooses.

Kathryn: Please confirm that you have withdrawn your request for a stay in this case, your agreement to the proposed timeframe for our filing of an Amended Complaint, and the threats of immediate contempt motions that you made to Mr. Bennett and I earlier today.

Regards,
Matt


From: Leonard Bennett [lenbennett@clalegal.com]
Sent: Wednesday, March 16, 2011 8:21 AM
To: Grace, Kathryn A.
Cc: Hannah_Lauck@vaed.uscourts.gov; Matt Erausquin; Appler, Thomas L.
Subject: Re: Rubio v. Midland, 3:10-cv-464

Judge,

Midland's ongoing effort to delay (and delay) is inappropriate, particularly on our EDVA docket. Regardless however, the only objection stated below is as to the process pre-opt out, a concern inapplicable to Ms. Rubio. Rubio has already signed and forwarded her Ohio opt out. Matt will email Ms. Grace a copy of the Rubio opt out as it appears the Midland "national" counsel has kept them out of the loop.

By July the Ohio "settlement" will be long gone, after the Ohio court hears an alternate set of facts from the multiple consumer groups and advocates to appear there. Our non-Rubio clients' objections objectively dispositive. Regardless of that battle, however, Rubio - now an Ohio opt out and not bound by the injunction, even if enforceable, should be to trial by then, not frozen forever to accommodate Midland's games. As the Court may or may not know - we have significant experience opposite this particular Defendant, including a 2011 jury verdict for 723k in Alabama based on its multiple misrepresentations regarding whether or not an account was owed. In that case, pre-trial Midland believed the case valued at 2500 for the

consumer. Similarly its optimism in Ohio and in our multiple Virginia cases is similarly unrealistic. Ms. Rubio's right to a trial (or to obtain dispositive relief) should not be held up by that same defense irrationality in this case.

Respectfully,
Len Bennett



On Mar 16, 2011, at 7:57 AM, Grace, Kathryn A. wrote:


Dear Judge Lauck:


Mr. Bennett's proposal violates the injunction entered in the Northern District of Ohio. The injunction bars class members and persons with actual notice of the order (including Mr. Bennett and his client) from:


participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp, unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

As reflected in the preliminary approval order, class notice will be mailed no later than April 22, 2011, and the opt-out deadline is June 1, 2011. Ms. Rubio cannot file an amended complaint until she has validly opted out of the national class settlement. We propose that this matter be stayed until June 1, 2011, at which point Ms. Rubio can decide whether to opt out and proceed accordingly.

Thank you.


Kathryn A. Grace
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
703-852-7869 (Direct)
703-245-9300 (Main)

4/1/2011

703-245-9301 (Fax)
kathryn.grace@wilsonelser.com<mailto:kathryn.grace@wilsonelser.com>

<http://www.wilsonelser.com/>

---

From: Leonard Bennett [mailto:lenbennett@clalegal.com]
Sent: Tuesday, March 15, 2011 2:08 PM
To: Hannah_Lauck@vaed.uscourts.gov<mailto:Hannah_Lauck@vaed.uscourts.gov>
Cc: Grace, Kathryn A.; Matt Erausquin; Appler, Thomas L.; Susan M. Rotkis
Subject: Re: Rubio v. Midland, 3:10-cv-464

Judge:

Defendant's counsel is correct regarding the filing of the "injunction" in Ohio. (Though counsel's statement regarding "mass opt out" issues is an inaccurate statement of the Order's content). While we and our clients are not parties to that case, learning of the reverse auction settlement only as did this Court, we are rationally cautious about the potential to violate any court's order. We will be appearing in that case on behalf of non-Rubio clients shortly.

However, for the present with Rubio, we suggest that the Court should order the following, with Plaintiff's concurrence -

"Rubio shall by Thursday, March 17, 2011, file an Amended Complaint, which Amended Complaint shall remove class allegations under Rule 23. Defendant shall file its Answer within five business days thereafter. If the Amended Complaint is not filed on or before March 17, 2011, the Court shall dismiss the case without prejudice, with the statute of limitations period tolled pending further decision in Brent v. Midland"

This would allow the case to continue on the docket (as an individual case) without risk that Plaintiff's counsel would violate the Ohio Order - whether or not it is enforceable. It would allow the case to proceed to a new trial date without continuing to run the clock on Judge Hudson's docket.


Respectfully,
Len Bennett


On Mar 15, 2011, at 10:52 AM,
Hannah_Lauck@vaed.uscourts.gov<mailto:Hannah_Lauck@vaed.uscourts.gov> wrote:

What is Plaintiff's position on this?

---

M. Hannah Lauck
United States Magistrate Judge
Eastern District of Virginia
701 East Broad Street, Suite 5212
Richmond, VA 23219
(804) 916-2890
(804) 916-2899 fax
hannah_lauck@vaed.uscourts.gov<mailto:hannah_lauck@vaed.uscourts.gov>

---

From: Grace, Kathryn A.
Sent: Monday, March 14, 2011 7:54 PM
To: Hannah_Lauck@vaed.uscourts.gov<mailto:Hannah_Lauck@vaed.uscourts.gov>; Leonard Bennett
Cc: Matt Erausquin; Appler, Thomas L.
Subject: RE: Rubio v. Midland, 3:10-cv-464

Judge Lauck -

Please see the enclosed letter and related attachments for an update in the above referenced matter. Thank you.

This communication was not intended or written to be used, and it cannot be used by any taxpayer, for the purpose of avoiding tax penalties. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

*****************************************************

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices. Thank you.

[attachment "Brent preliminary approval order.pdf" deleted by Hannah

4/1/2011

Lauck/VAED/04/USCOURTS] [attachment "Brent Order re Injunction.pdf" deleted by Hannah Lauck/VAED/04/USCOURTS] [attachment "MCDOCS01-#232531-v1-3-13-11_Letter.pdf" deleted by Hannah Lauck/VAED/04/USCOURTS]

4/1/2011