UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| ANN RUBIO | ) |
| Plaintiff, | ) |
| v. | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) CASE NO. 3:10CV464 (HEH) |
| SERVE: Corporation Service Company<br>2730 Gateway Oaks Drive<br>Suite 100<br>Sacramento, CA 95833 | ) |
| MIDLAND FUNDING, LLC | ) |
| SERVE: Corporation Service Company<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808 | ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

COMES NOW the Plaintiff, Ann Rubio (hereafter, "Rubio" or "Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

1. This is a class action for actual and statutory damages, costs, and attorney's fees brought pursuant to and 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA").

**JURISDICTION**

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k.

**PARTIES**

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Midland Credit Management, Inc., (hereafter, "Midland, Inc."), is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

5. Defendant Midland Funding, LLC, (hereafter, "Midland, LLC") is a foreign corporation with its principal place of business located in San Diego, California and which regularly conducts business in Virginia. The Defendant's principal business purpose is the collection of debts.

## STATEMENT OF FACTS

6. In or around the winter of 2008, Plaintiff fell behind on her scheduled monthly payments to Chase / Circuit City ("Chase").

7. Chase then charged off and then sold the debt to Defendant Midland, LLC.

8. Upon information and belief, following Midland, LLC's purchase of Plaintiff's alleged Chase account, Midland, LLC was provided with a computer tape that contained only scant information regarding Plaintiff's alleged debt.

9. The account information Chase provided to Midland, LLC was loaded into the Midland, Inc. computer system.

10. Upon information and belief, neither the data nor any document Chase provided to Midland, LLC regarding Plaintiff's alleged debt included any written credit card agreements, account statements, or information pertaining to any interest rate that was part of the alleged agreement between Plaintiff and Chase.

11. Midland, Inc., as servicer of the alleged Midland, LLC account, transferred the account to outside counsel to continue collection efforts.

2

12. In September of 2009, Defendant Midland, LLC sued Plaintiff for $5,544.71 in the General District Courts of the Commonwealth of Virginia in an attempt to collect the alleged debt.

13. In this state court collection case, and in accordance with its standard business practice, Defendant Midland, LLC filed numerous affidavits and other documents that were false and/or misleading on their face. In these affidavits, Midland, LLC falsely claimed to have personal knowledge regarding the Plaintiff and her dealings with Chase.

14. Defendant Midland, LLC filed these affidavits despite having been enjoined *just one month earlier* by a U.S. District Judge in the Northern District of Ohio from filing identical false form affidavits ("Form-400s") in its efforts to collect debts from consumers.

15. At the time of the initiation of the state court collection case, Defendant Midland, LLC filed and served on the Plaintiff a sworn statement titled "Affidavit – Default Judgment," which made certain representations as to the Plaintiff's military status and Defendant's supposed knowledge as to the same, and in support of its entitlement to a default judgment.

16. At the time that Defendant Midland, LLC filed and served the Affidavit in Support of Default Judgment upon the Plaintiff, she was not in default.

17. Upon information and belief, as part of its standard litigation strategy, Defendant Midland, LLC files and serves the document titled "Affidavit – Default Judgment" at the same time that it files its initial pleading in its collection cases in an attempt to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

18. In the alternative, and regardless of the Defendant's intent, the filing and service upon the consumer of this document would serve to confuse and/or mislead the least sophisticated consumer into believing that he or she is in default.

3

19. These efforts are largely successful in that Defendant Midland, LLC has obtained default judgments in the vast majority of its collection lawsuits filed in Virginia.

20. In its "Form 400," a representative of Defendant Midland, Inc., Elizabeth Neu, states that she has personal knowledge regarding Plaintiff's account. These facts include that she had personal knowledge that Plaintiff owed a balance of $5,544.71 as of April 7, 2008 and that the amount of $5,544.71 was due and owing to Defendant Midland, LLC.

21. "Form 400" further avers that Ms. Neu had personal knowledge that Plaintiff failed to make payments on the account, and that Defendant Midland, LLC made a demand to Plaintiff that she make payment of the balance owing in the account more than thirty (30) days prior to the date of the affidavit.

22. As referenced in paragraph 14, this sworn statement by a Midland affiant claiming to have personal knowledge of these facts *is precisely the type of false statement* that Defendant Midland, LLC was enjoined from making by the clear language of the Northern District of Ohio ruling.

23. Each of these sworn statements as described in paragraphs 20 and 21 was false. Defendant Midland, LLC did not contact Plaintiff prior to its filing the General District Court case against her, and her principal account balance was not $5,544.71 as of April 7, 2008 when Defendant allegedly purchased the account.

24. Upon information and belief, the "Form 400" affidavits are generated automatically by Defendant Midland, Inc.'s computer systems and are routinely provided to Midland, Inc. employees such as Ms. Neu. The signature pages are then sent to a printer, and the substantive first page of the affidavit is generated separately and without the affiant's review.

4

25. Upon information and belief, after Midland, Inc. employees sign the affidavits, they are given to other Midland, Inc. employees to notarize, and the notaries do not personally witness the signatures as required by law.

26. Upon information and belief, Ms. Neu had not even reviewed Defendant Midland's business records regarding the Plaintiff prior to signing the "Form 400" affidavit.

27. Depositions taken of the Defendant in the Ohio litigation make clear that the Defendant's 10 collection employees sign at least 200 to 400 such affidavits every day, without reviewing them for substantive accuracy and without signing them the presence of a notary.

28. Upon information and belief, Midland, LLC and Midland, Inc. filed this suit in an attempt to collect a debt using deceptive and misleading affidavits as the only evidentiary basis to support their claims.

29. Upon information and belief, Midland, LLC and Midland, Inc. filed this suit against the Plaintiff without attaching any account records from the original creditor, because they did not have any, and while knowing that they could not establish that Plaintiff owed the alleged debt.

30. Upon information and belief, Midland, LLC and Midland, Inc. file virtually identical form affidavits in their state court collection cases, despite that at least one federal court has explicitly ordered them not to do so.

### COUNT ONE:
### VIOLATION OF 15 U.S.C. § 1692e
(Class Action Allegations)

31. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 30 above as if fully set out herein.

32. In its false and deceptive statements and misrepresentations contained in the "Form 400" as described herein, Midland, LLC and Midland, Inc. violated 15 U.S.C. § 1692e.

33. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class ("the FDCPA class") of similarly situated individuals initially defined as follows:

> All natural persons sued in the name of Midland Funding, LLC or Midland Credit Management, Inc. in a Virginia court where a "Form 400" affidavit was filed with the Court on or after a date one year prior to the commencement of this action.

Excluded from the class definition are any employees, officers, directors of Midland, LLC and Midland, Inc., and any legal representatives, heirs, successors, and assignees of GC Services, and any judge assigned to hear this action.

34. **Numerosity.** Fed. R. Civ. P 23(a)(1) Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Midland, LLC and Midland, Inc., and the class members may be notified of the pendency of this action by published and/or mailed notice.

35. In any event, the size of the class as defined in paragraph 33 exceeds 100 natural persons.

36. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2) Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members.

37. **Typicality.** Fed. R. Civ. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

38. **Adequacy of Representation.** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic to, the interests of the members of the putative class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she had and intends to continue to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the putative class.

39. **Superiority.** Fed. R. Civ. P. 23(b)(3) Questions of Law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Midland, LLC and Midland, Inc.'s conduct. Even if the members of the class themselves could individually afford such litigation, it would be an unnecessary burden on the Courts. Furthermore, the individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Midland, LLC and Midland, Inc.'s conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

40. **Declaratory Relief Appropriate for the Class.** Fed. R. Civ. P. (b)(2) Class certification is appropriate, because Midland, LLC and Midland, Inc. have acted on grounds generally applicable to the class, making injunctive relief appropriate with respect to Plaintiff and the putative class members.

41. Based on Defendants Midland, LLC and Midland, Inc.'s filing and service of "Form 400" affidavits in violation of § 1692e, the Defendants are liable to Plaintiff and each of the putative class members for statutory damages of $1,000.00 per person, and attorney's fees and costs pursuant to 15 U.S.C. § 1681n and 1681o.

### COUNT TWO:
### VIOLATION OF 15 U.S.C. § 1692f
### (Plaintiff Rubio Individually)

42. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 43 above as if fully set out herein.

43. The false statements set forth by the Defendants in the collection affidavit submitted to the Court constituted the use of unfair and unconscionable tactics to collect a debt, in violation of 15 U.S.C. §1692f.

44. Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, and such other relief the Court deems just, equitable, and proper. The Plaintiff also seeks an Order of this Court pursuant to its inherent equitable power, enforcing the Orders entered in the Northern District of Ohio and specifically enjoining the Defendant from continuing to file false collection affidavits in the courts of the Commonwealth of Virginia.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
ANN RUBIO

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
matt@clalegal.com