**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Midland Funding, LLC, | ) CASE NO.: 3:08-cv-01434 |
| Plaintiff/Counterclaim Defendant | ) HON. DAVID A. KATZ |
| vs. | ) |
| Andrea Brent, | ) **And Related Cases:** |
| Defendant/Counterclaim Plaintiff | ) Case No. 3:11-cv-0096, N.D. Ohio |
| | ) Case No. 3:10-cv-0091, N.D. Ohio |
| vs. | ) **DEFENDANTS' OPPOSITION TO** |
| Midland Credit Management, Inc., | ) **LADON HERRING'S MOTION TO** |
| | ) **INTERVENE** |
| Counterclaim Defendant. | ) |

## I. INTRODUCTION

Ladon Herring purports to be a member of the conditionally-certified national settlement class in this action. She claims that Midland used an allegedly false affidavit in a debt collection lawsuit against her, and that she is prevented from suing Midland by this Court's Order Preliminarily Enjoining Parallel Litigation (the "Preliminary Injunction"). According to Herring, the statute of limitations on her potential FDCPA claim against Midland expired on April 13, 2011, so she is at risk of losing her right to assert it in the event that this Court does not approve the settlement. In the instant motion, Herring seeks permission to intervene in this case in order to ask the Court to modify its Preliminary Injunction so as to toll all class members' claims against Midland based on allegedly false affidavits until after the final fairness hearing.

Herring's motion fails for multiple reasons. First, the entire premise on which it is based is incorrect. As a matter of law, when a party is enjoined from filing a claim, the statute of limitations on that claim is <u>tolled</u> while the injunction is in place. Thus, Herring's right to assert

1

a claim in the future is protected – as are the rights of all class members who are temporarily barred from filing suit while the Preliminary Injunction is in place. Second, as the Court is aware, Herring's counsel has already raised the same concerns about tolling that Herring wishes to address, and Herring's counsel will be filing a brief directed to that issue next week. On these facts, Herring cannot establish a right to intervention. She cannot satisfy the Sixth Circuit's test for mandatory intervention under F.R.C.P. 24(a) because she cannot show either that she has a substantial legal interest in the case that will be impaired if she cannot intervene, or that her interests are not adequately represented by the parties in the case. Likewise, the Court should reject Herring's request for permissive intervention under F.R.C.P. 24(b), because intervention would serve no purpose and would only delay this action and prejudice the parties currently before the Court.

In the event that the Court elects to exercise its discretion and allow Herring to intervene in this case so that it can consider her pending motion to modify, amend, or clarify the preliminary injunction (the "Motion to Amend"), Dkt. No. 118, Midland respectfully requests that the Court make clear that intervention is being granted exclusively for that purpose, and that Herring is not entitled to otherwise participate in this case. This will mitigate the risk of delay and prejudice, and avoid any later confusion as to her role in this litigation.

## II. AS A MATTER OF LAW, THE STATUTE OF LIMITATIONS IS TOLLED AS TO ALL CLAIMS ENJOINED BY THIS COURT'S PRELIMINARY INJUNCTION

Herring's belief that she needs to intervene in order to prevent her claims against Midland from becoming time-barred is incorrect. There is <u>no risk</u> that the statute of limitations will run on <u>any</u> claim that Herring – or anyone else – is preventing from filing due to this Court's Preliminary Injunction. The reason is simple: When an injunction prevents a party from filing a claim, the statute of limitations as to that claim is <u>tolled</u> while the injunction is in place. *See* 54

*Corpis Juris Secundum, Limitations of Actions,* § 180 (March 2011) ("In the absence of statute to the contrary, the issuance of an injunction that prevents maintenance or prosecution of an action ordinarily suspends the running of the statute of limitations with respect thereto."); *Davis v. Wilson,* 349 F. Supp. 905, 906 (E.D.Tenn.1972) *aff'd without opinion,* 471 F.2d 653 (6th Cir. 1972) ("[T]here is a broad rule that, whenever some paramount authority prevents a person from exercising his legal remedy, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right."); *In re Parmalat Sec. Litig*., 493 F. Supp. 2d 723, 731-32 (S.D.N.Y. 2007) (limitations period was equitably tolled where plaintiffs were enjoined from bringing their claims as the result of a preliminary injunction in a separate proceeding); *Young v. United States,* 535 U.S. 43, 49-50 (2002) (holding that limitations period for IRS's action to collect unpaid taxes was tolled during bankruptcy stay; unless tolling would be inconsistent with the text of the relevant statute, a limitations period is subject to equitable tolling during a period in which a plaintiff is legally incapable of bringing his or her claim); *United States v. Forbes*, 740 F. Supp. 2d 334, (D. Conn. 2010) (same, citing *Young*, 535 U.S. at 49-50).

The statute of limitations is not only tolled as to Herring's FDCPA claim; it is also tolled as to any Virginia state law claims that Herring cannot file while the Preliminary Injunction is in place. *See* Va. Code § 8.01-229(C) ("When the commencement of any action is stayed by injunction, the time of the continuance of the injunction shall not be computed as any part of the period within which the action must be brought."). Accordingly, there is no need for her to intervene in this case to protect her interest in preserving her claims against Midland – they are already preserved as a matter of law.

### III. HERRING HAS NOT ESTABLISHED THAT SHE IS ENTITLED TO INTERVENE IN THIS CASE AS A MATTER OF RIGHT

Based on her incorrect assumption that the statute of limitations on her FDCPA claim against Midland could expire while the Preliminary Injunction is in place, Herring contends that she is entitled to intervene as a matter of right under F.R.C.P. 24(a). F.R.C.P. 24(a) allows a non-party to intervene in a case if she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." F.R.C.P. 24(a).

The Sixth Circuit has interpreted Rule 24(a) to require four elements, each of which must be satisfied before intervention as of right will be granted: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (internal citations and quotation marks omitted)); *Gamby v. Equifax Information Services*, LLC, 2009 WL 963118 at *1 (E.D. Mich. Apr. 8, 2009). "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Stupak-Thrall*, 226 F.3d at 471(internal citations and quotation marks omitted).

Here, Herring's motion to intervene must be denied because, at minimum, she has not established and cannot establish the third and fourth elements of this test. Specifically, Herring argues that her interests in this litigation may be impaired if she cannot intervene because her claims against Midland will be barred by the statute of limitations by the time this Court conducts its final fairness hearing on July 11, 2011. Motion, p. 8. As explained above, however, Herring's claims are tolled. Additionally, even if there were some question about whether claims subject to the Preliminary Injunction would be tolled – which there is not – that issue is being

briefed right now by Herring's counsel in connection with a motion for relief from the injunction that they filed on behalf of other class members. So Herring's participation in this case is not necessary to ensure that her rights are protected.

Nor has Herring established that her interests are not adequately represented by the current class representatives. Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). This requires "overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit ... have the same ultimate objective." *Id*. (quoting *Wade v. Goldschmidt,* 673 F.2d 182, 186 n. 7 (7th Cir.1982) (per curiam)). An applicant for intervention fails to meet his burden of demonstrating inadequate representation "when no collusion is shown between the representative and an opposing party, when the representative does not have or represent an interest adverse to the proposed intervenor, and when the representative has not failed in the fulfillment of his duty." *Id*.

Herring does not even attempt to make this showing. Instead, she simply asserts that her interests are not identical to those of the class representatives because their debts were released in the settlement, while hers were not. But mere dissatisfaction with the terms of a proposed class action settlement is insufficient to prove that the interests of class members are not adequately represented by their class representatives. *Id*.; *see also Bailey v. AK Steel Corp.*, 2008 WL 148941 (S.D. Ohio Jan. 14, 2008) (same); *In re Domestic Air Transportation Antitrust Litigation,* 148 F.R.D. 297, 336 (N.D. Ga. 1993) ("The fact that the proposed intervening party would have reached different conclusions on individual aspects of a settlement does not alone establish inadequacy of representation."). Likewise, disagreement with the parties' litigation strategy does not establish inadequacy of representation. *Bradley*, 828 F.3d at 1192.

Although Herring emphasizes that Rule 24 should be liberally construed in favor of potential intervenors, "this does not mean that Rule 24 poses no barrier to intervention at all." *Stupak-Thrall*, 226 F.3d at 472; *see also In re Domestic Air Transportation Antitrust Litigation*, 144 F.R.D. 421, 423 (N.D. Ga. 1992) ("The mere assertion that you should be permitted to intervene as of right does not create an entitlement to intervention."). Since Herring has not satisfied at least two elements of the test for mandatory intervention, she is not entitled to intervene as a matter of right under F.R.C.P. 24(a).

### IV. HERRING SHOULD NOT BE PERMITTED TO INTERVENE UNDER F.R.C.P. 24(b)

Herring argues that if she is not entitled to intervene by right under F.R.C.P. 24(a), then this Court should permit her to intervene under F.R.C.P. 24(b), which grants district courts discretion to permit anyone to intervene in a case if she "has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b). This rule also provides that "[i]n exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." F.R.C.P. 24(b).

Herring argues that she meets the standard for permissive intervention because she has a potential "false affidavit" claim against Midland, which is the same type of claim that was asserted by the *Brent* plaintiffs in this action. But permissive intervention is not appropriate here. Intervention is "concerned with protecting an interest which can only be protected through intervention in the current proceeding." *Hatton v. County Bd. of Ed. of Maury County, Tenn.*, 422 F.2d 457, 461 (6th Cir. 1970). Here, Herring's interest in tolling the statute of limitations is already protected as a matter of law, and even if this were not the case, her counsel has been given leave to brief the issue in connection with another pending motion. *See Bradley*, 828 F.2d at 1194 (affirming denial of permissive intervention where the court had already taken steps to protect the intervenors' interests); *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. at 423

(denying permissive intervention where denial of intervention would not prejudice objectors' ability to protect their interests by objecting to class action settlement at fairness hearing).

Further weighing against permissive intervention is the fact that Herring's participation in this case would delay this action and prejudice the parties. For example, Herring asserts that she wishes to challenge the form of the class notice. Motion, p. 3. Class notices have already been printed and many have been mailed; per the Preliminary Approval Order, all of the notices will have been mailed by April 22, 2011. Reprinting and re-mailing the notices at this stage would necessitate postponing the July 11, 2011 Fairness Hearing. Additionally, Herring's counsel has openly attacked the settlement both in this Court and in other fora, and if one of their clients is permitted to intervene in this case, it is highly likely that they will attempt to interfere with the settlement by attempting to relitigate already-decided issues. For example, even though Herring claims that her only purpose in intervening is to request that the Preliminary Injunction include a tolling order, her proposed Motion to Amend is not limited to that issue. Her motion also attacks this Court's jurisdiction – an issue already litigated by the same lawyers on behalf of other class members. Motion to Amend, Dkt. 118, p. 5. And she has even asked the Court to revise the settlement agreement so as to exempt certain third parties from the class release. *Id*., p. 13. If Herring is permitted to intervene in this case, there are undoubtedly more similar motions to come. The Court may properly deny permissive intervention under these circumstances. *See Bradley*, 828 F.2d at 1194 (When it appears that the proposed intervenors may attempt to have the court reconsider its prior rulings, as in the instant case, concern over delay and prejudice to the parties is particularly apparent.).

### IV. IF HERRING IS PERMITTED TO INTERVENE, HER PARTICIPATION IN THIS CASE SHOULD BE LIMITED TO PRESENTING HER CONCURRENTLY-FILED MOTION TO AMEND

Herring states in her motion that she is seeking leave to intervene "to ask this Court to modify its proposed injunction to toll all claims against Midland based upon false affidavits . . . until such time as the Court rules on the fairness of the proposed settlement." Motion, p. 2. Herring has not indicated that she wishes to participate in this case at all beyond seeking the relief delineated in her Motion to Amend. However, to avoid any confusion about Herring's role in this case, Midland respectfully requests that, if she is permitted to intervene, her role in the case should be limited to presenting the issues raised in her Motion to Amend.

There is ample authority for the Court to limit Herring's participation in this fashion. Rule 23 gives the district court broad discretion in handling class actions, authorizing orders that "impose conditions . . . on intervenors." *Moulton v. United States Steel Corp.*, 581 F.3d 344, 353 (6th Cir. 2009); *see also* F.R.C.P. 23(d)(1)(C). For example, the court may "limit the intervenors' right to participate in the action only with respect to certain issues." 7B Wright & Miller, Federal Practice & Procedure, § 1794 (3d ed. 2010); *see also Shore v. Parklane Hosiery Co.*, 606 F.2d 354, 356-57 (2d Cir. 1979) (district court denied full intervention but granted intervention for the limited purpose of participating in a hearing on the proposed settlement).

### V. CONCLUSION

For the foregoing reasons, Midland respectfully requests that Herring's motion to intervene be denied. In the event the motion is granted, Midland requests that the Court limit her right to participate in the case to presenting the issues raised in her pending motion to modify, amend, or clarify the injunction.

Date: April 14, 2011　　　　　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　　　*/s/ Theodore W. Seitz*
　　　　　　　　　　　　　　　　　　　　Theodore W. Seitz
　　　　　　　　　　　　　　　　　　　　Dykema Gossett PLLC
　　　　　　　　　　　　　　　　　　　　Counsel for Midland Funding, LLC and
　　　　　　　　　　　　　　　　　　　　Midland Credit Management, Inc.
　　　　　　　　　　　　　　　　　　　　Capitol View
　　　　　　　　　　　　　　　　　　　　201 Townsend Street, Suite 900
　　　　　　　　　　　　　　　　　　　　Lansing, MI 48933
　　　　　　　　　　　　　　　　　　　　Tele: (517) 374-9149
　　　　　　　　　　　　　　　　　　　　tseitz@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record. I hereby certify that I have mailed by United States Postal Service the same to any non-ECF participants.

　　　　　　　　　　　　　　　　　　　　*/s/ Theodore W. Seitz*
　　　　　　　　　　　　　　　　　　　　Theodore W. Seitz

LAN01\233864.1
ID\TWS - 097356/0045