**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Midland Funding LLC, ) | |
| ) | CASE NO.: 3:08-cv-01434 |
| Plaintiff/Counter Defendant, ) | |
| ) | HON. DAVID A. KATZ |
| vs. ) | |
| ) | **And Related Cases:** |
| Andrea Brent, ) | Case No. 3:11-cv-0096 |
| ) | Case No. 3:10-cv-0091 |
| Defendant/Counterclaimant ) | |
| ) | **REPLY MEMORANDUM IN** |
| vs. ) | **SUPPORT OF MOTION FOR** |
| ) | **CLARIFICATION OF ORDER** |
| Midland Credit Management, Inc., ) | **GRANTING PRELIMINARY** |
| ) | **INJUNCTION AGAINST** |
| Counterclaim Defendant ) | **PARALLEL LITIGATION** |
| ) | |

The State of Minnesota, by and through its Attorney General, Lori Swanson, submits this reply memorandum in support of its motion for clarification of the Court's March 11, 2011 Order Granting the Joint Motion for an Order Enjoining (1) Parallel Litigation of Claims to Be Released by Proposed Settlement and (2) Any Attempted Mass Opt Out.

Defendants and Class Counsel both recognize that the Court's Order Granting Preliminary Injunction Against Parallel Litigation (the "Order") does not preclude the State of Minnesota from bringing an enforcement action against Defendants in Minnesota State Court for violations of Minnesota law. Midland concedes "the right of the State of Minnesota to bring an enforcement action for alleged violations of Minnesota law." (Doc. 145 at 2; *see also id.* at 3 (acknowledging that the Court cannot enjoin the State from bringing an enforcement action so long as the State does not seek restitution)).

1

Similarly, Class Counsel state that they "recognize the right of the State of Minnesota to file an action to assure compliance with the laws of that State." (Doc. 139 at 1.) This is the relief the State of Minnesota seeks and this should end the analysis.

Both Midland and Class Counsel, however, ask for "clarification" of the relief sought by Minnesota in its enforcement action and "assurance" that it is not duplicative of the relief provided in the Proposed Settlement. Their request for additional clarification should be rejected. The case law is clear that the State need only establish, as it has done, that its action is an exercise of its core statutory enforcement powers for sovereign immunity to apply. *See In re Baldwin United*, 770 F.2d 328, 341 (2d Cir. 1985) (holding that state regulatory actions, unlike a state action that asserts personal claims of its citizens, are brought in the state's capacity as sovereign and, therefore, protected by the Eleventh Amendment). Thus, the State is not required to provide clarification about the relief it seeks. Further, the law is clear that the State is acting in its sovereign capacity as a state law enforcer in the state where much of Defendants' fraudulent and unlawful activity occurred, and its enforcement action should not be enjoined.

First, in its motion for clarification, the State of Minnesota explained that, in light of the Court's Order, it will not attempt to obtain restitution or monetary recovery for members of the stipulated national class provisionally certified by this Court. (Doc. 120 at 2.) The State attached a copy of its Complaint to further show that it intends to proceed in its sovereign capacity to vindicate the rights of the State rather than in a representative capacity.

Second, Defendants' and Class Counsel's concern over the State's request for disgorgement of profits is not a basis on which to deny or limit the State's enforcement action. The State seeks to punish Defendants for violating Minnesota law through their illegal debt collection activities. MCM employees "robo-signed" thousands of false affidavits at MCM's office in St. Cloud, Minnesota. Midland filed these affidavits in collection actions in courts in Minnesota and throughout the nation to obtain fraudulent judgments against citizens. Disgorgement is punitive in nature and not a form of restitution. *See, e.g., SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985) (stating that the "purpose of disgorgement is to force a 'defendant to give up the amount by which he was unjustly enriched' rather than to compensate the victims of fraud" (quoting *SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978)). As with any civil penalties the State collects from Defendants, disgorged profits would be deposited in the State's general fund rather than distributed to individual members of the provisionally certified national class. *See* Minn. Stat. § 8.31 (providing that civil penalties recovered by the attorney general shall be deposited in the general fund). Minnesota's request for disgorgement of profits is consistent with its intention to bring an enforcement action in its sovereign capacity against Defendants for their fraudulent and unlawful conduct occurring in Minnesota. Furthermore, such disgorgement, if granted in whole or in part by a Minnesota court, will not affect Defendants' ability to fund the class settlement, given the companies reported finances and profits.[1]

---

[1] Defendants' parent, Encore Capital Group, Inc., has paid $1.8 billion to purchase $54.7 billion of debt involving 33 million consumer accounts. (State's Complaint at ¶ 13.) It currently has a $410.5 million line of credit. (*Id.*) Its profits for 2011 totaled $49 million. (*Id.* at ¶ 21.)

Third, there is simply no support for the notion, suggested by Defendants and Class Counsel, that the Minnesota Attorney General's ability to obtain injunctive relief is, or in any way can be, limited by the Proposed Class Settlement. A state is only subject to an order by a federal court if it is acting in a "representative capacity" — in other words, attempting to recover restitution for its citizens. *See In re Baldwin United*, 770 F.2d at 341. If a state is exercising its core enforcement powers, the principals of sovereign immunity bar a federal court from enjoining such action. *Id.* (stating that "state criminal or regulatory actions . . . are brought in a state's capacity as sovereign" and that a "state's right to pursue such remedies is therefore within the protection of sovereign immunity").

The power to obtain an injunction is at the core of the Minnesota Attorney General's regulatory enforcement power. Minnesota Statutes Section 8.31 provides that the Attorney General shall be entitled, on behalf of the State, to sue for and obtain injunctive relief in any court of competent jurisdiction against any violation or threatened violation of the laws of this State respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade. *See also* Minn. Stat. § 332.39 (stating that the Attorney General may apply for an injunction in district court to enjoin any violations of Minnesota's Collection Agencies Act or any prohibited practices under the Act, and that any such court may issue temporary or permanent injunctions as the circumstances shall require). The State's request for injunctive relief is based on Minnesota law, to be heard in a Minnesota court, against Defendants who conduct business in Minnesota and executed and filed many of their false affidavits in Minnesota. Such action falls squarely under the sovereign immunity protection afforded to states under the Eleventh Amendment.

Additionally, there is no need for perfect harmony between the class injunctive relief and the injunctive relief requested by the State of Minnesota. Defendants already are subject to the unique collection laws, and court rules and procedures, of each of the different states in their collection efforts and court actions. Even if a state court in Minnesota orders Defendants to follow more rigorous standards than the class settlement, this does not unduly burden Defendants, which already must comply with the different laws of the various states.

The Attorney General of the State of Minnesota respectfully requests that the Court clarify its Order to confirm that it does not enjoin the sovereign State of Minnesota from filing its Complaint in Minnesota State Court. The Complaint seeks contempt and civil penalties and injunctive relief against Defendants. The plain text of the Order, the Eleventh Amendment protections afforded the State acting in its capacity as sovereign, the case law interpreting the All Writs Act, and all equitable principles support that the State of Minnesota's enforcement action should not be enjoined, and Minnesota requests clarification accordingly.

Dated: April 18, 2011 Respectfully submitted,

LORI SWANSON
Attorney General
State of Minnesota

NATHAN BRENNAMAN
Deputy Attorney General

*/s/ David Cullen*
DAVID CULLEN
Assistant Attorney General
Atty. Reg. No. 0338898
445 Minnesota St., #1200
St. Paul, MN 55101-2130
(651) 757-1221 (Voice)
(651) 296-1410 (TTY)
david.cullen@state.mn.us

ATTORNEYS FOR
STATE OF MINNESOTA

## PROOF OF SERVICE AND CERTIFICATION

This is to certify that a copy of the foregoing has been electronically filed with the Court on this 18th day of April 2011. Notice of the filing will be sent to the parties by the operation of the Court's electronic filing system. The parties may access this filing through the Court's system. This matter has been assigned to the Court's standard track, and the foregoing memorandum complies with the page limitations applicable to the Court's standard track.

*/s/ David Cullen*
DAVID CULLEN

AG: #2807611-v1