**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **MIDLAND FUNDING LLC** | Case No. 3:08-CV-1434 |
| Plaintiff/Counterclaim Defendant, | |
| vs. | |
| | Judge David A. Katz |
| **ANDREA L. BRENT** | |
| | <u>**And Related Cases:**</u> |
| Defendant/Counterclaim Plaintiff | |
| vs. | Case No. 3:11-cv-0096, N.D. Ohio |
| | Case No. 3:10-cv-0091, N.D. Ohio |
| **MIDLAND CREDIT MANAGEMENT, INC.** | |
| Counterclaim Defendant | |

**CLASS MEMBERS' RESPONSE TO INTERESTED PARTIES' MOTION TO DISSOLVE PRELIMINARY INJUNCTIOM AND DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Interested Parties Kelli Gray and Marla Herbert raise a legal proposition that *could* be of some significance in some other cases.  Here, however, it is of no significance.  Their legal proposition pertains to this Court's jurisdiction over the *Midland Funding, LLC v. Brent* upon removal from the Sandusky, Ohio Municipal Court.  The entire argument is premised upon their contention that the preliminary injunction against parallel litigation is improper, because, so their theory goes ---- this Court does not have subject-matter jurisdiction over *Brent*.

However, they choose to totally ignore the two additional cases that form the Class in the Class Settlement Agreement.  The preliminary injunction against parallel litigation is part of the settlement of *Midland Funding LLC v. Brent*, Case No.: 3:08-cv-01434, **and** *Franklin v.*

1

*Midland Funding LLC*, Case No.: 3:10-cv-0091 **and** *Vassalle v, Midland Funding LLC*, Case No.: 3:11-cv-0091. Because the injunction is filed in *Franklin* and *Vassalle*, cases for which this Court's jurisdiction is not questioned, as well as *Brent*, regardless of the merits of their arguments, the preliminary injunction against parallel litigation stands.[1]

When a district court has jurisdiction over a pending case, the presence of other claims over which the court may not have jurisdiction does not have any effect on the validity of an injunction order. *In re: The Prudential Insurance Co. of America Sales Practices Litigation*, 314 F.3d 99, 103 (3rd Cir.2002) ("The injunction does not turn on the propriety of the removal…. The removal issue goes only to the court's authority to dismiss plaintiffs' claims with prejudice, an issue related to – but distinct from – the court's authority to issue the injunction.").

Furthermore, it would never be appropriate to dismiss a matter removed from a state court, even if a district court had no jurisdiction. The removal statute clearly states that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In this instance, the matter is still an active controversy which would simply be remanded. The parties have agreed to settle the claims asserted, along with those in *Franklin* and *Vassalle,* in the *Brent* action.

This Court has unquestionable original subject matter jurisdiction over the claims asserted in the *Franklin* and *Vassalle* cases. Therefore, the Court had such jurisdiction to enter the Order preliminarily approving the Class Settlement Agreement. Under the All Writs Act, this Court also has the authority to issue the Order Granting Approval of the Preliminary

---

[1] *Franklin v. Midland Funding LLC, et al*, was originally filed in the Court of Common Pleas, Erie County, Ohio on December 9, 2009. The Midland Defendants removed the case to this Court on January 15, 2010, pursuant to the jurisdiction conferred by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). This Court granted Defendants' Motion to Dismiss on October 6, 2010 and an appeal was taken by Franklin to the Sixth Circuit Court of Appeals on October 22, 2010, which is still pending, and has or shortly will again be remanded to this Court. *Vassalle v. Midland Funding LLC, et al.* was filed in this Court on January 17, 2011 and remains pending. This Court has original federal subject-matter jurisdiction over this case, based on CAFA, as well.

Injunction Against Parallel Litigation. See *Scardelletti v. Rinckwitz*, 68 Fed. Appx. 472, 478 (2003) citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28 (2002) and *Clinton v. Goldsmith*, 526 U.S. 529 (1999) ("While these cases establish that the All Writs Act does not itself confer subject matter jurisdiction, there is no question that the district court had jurisdiction to adjudicate the class action at issue here. The All Writs Act merely authorized the district court to enter an order to protect a judgment it had entered in a case over which it already had jurisdiction").

If remand is appropriate, despite the analysis above, one resolution is to engage in one simple series of simultaneous actions. Upon a joint motion to remand, Midland would, in the state court, dismiss its debt collection claim and file a motion to realign the parties to coincide with the remaining FDCPA counterclaims asserted by Brent. Brent would file an amended complaint by joint agreement, to assert these FDCPA claims, as the plaintiff, against the defendant Midland entities, as has been reflected in the history of this litigation. The Midland defendants may then again remove *Brent* to be again joined with *Franklin* and *Vassalle*.

This scenario has been thoughtfully utilized by Judge O'Malley in her recent opinion, *Hrivnak v. NCO Portfolio Management, Inc.*, 723 F. Supp.2d 1020 (N.D. Ohio, 2010). *Hrivnak*, just like *Brent*, started as a debt collection action in a municipal court. Hrivnak, the defendant, filed an answer, a counterclaim asserting a claim under the FDCPA and added new parties as counterclaim defendants. When the original debt-collector plaintiff dismissed its complaint leaving only the counterclaims, a motion was filed to realign the parties, and Hrivnak was instructed to "file a complaint asserting his affirmative claims for relief." *Id.* at 1021. The amended complaint now properly listed Hrivnak, the original defendant, as the plaintiff, and the original plaintiff and original counterclaim defendants as the defendants. These defendants, now

3

"true" defendants, then removed the case to the district court. In a well-reasoned analysis, Judge O'Malley held that the district court had subject matter jurisdiction in this situation.

> Although the word "defendant," as used in § 1446(b) is inarguably limited to true defendants – not counterclaim defendants, and surely not plaintiffs – jurisdiction is to be measured by a federal court at the time of removal. At the time this action was removed, it was removed by state court defendants, and § 1446(b) does not contemplate that a court will peer back through the history of the state court litigation: indeed, it appears to demand that the Court not.
>
> * * * *
>
> The Court can arrive at this same conclusion, too, in another way. This Court must exercise its own judgment to determine whether parties are truly opposed to each other, and it would be a strange limitation on this rule to hold that the Court must nevertheless consider the party who asserted all of the affirmative claims pending in this action at the time of removal to be a defendant, and that it must ignore the state court's formal assessment of the parties' roles in the litigation when doing so.
>
> In sum, although it is true that the complaint that was removed to this Court was at one time, prior to removal, a counterclaim, the *only* dispute in controversy at the time of removal was one consisting of claims asserted by Hrivnak as a plaintiff against the Defendants. * * * That the Defendants were not defendants at some point in the past does not change their status at the time of removal, which is the question the Court must answer.

*Hrivnak*, 723 F.Supp.2d at 1028 (internal citations omitted) (emphasis in original).

This similar realignment after remand would formally recognize the actual litigation of the parties in *Brent,* as has been apparent from the time that it was initially removed.

Interested Parties' Motion to dissolve the injunction and dismiss the case should be overruled. They seek a relief that is not appropriate. This Court has subject matter jurisdiction to issue the preliminary injunction in its unquestioned jurisdiction to effectuate the settlement in *Franklin* and *Vassalle*. Even if an action was improperly removed, it must not be dismissed, but must be remanded. Any alleged jurisdictional deficiencies in *Brent* could easily be remedied, as discussed above. Interested Parties' Motion should be denied.

4

5

Respectfully submitted,

_____
Dennis E. Murray, Sr., Esq. (0008783)
dms@murrayandmurray.com
Donna J. Evans, Esq. (0072306)
dae@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky OH 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Defendant/Counterclaim Plaintiff

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing **Class Members' Response to Interested Parties' Motion to Dissolve Preliminary Injunction and Dismiss for Lack of Subject-Matter Jurisdiction** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic system and a copy has been forwarded to the following by electronic mail:

David M. Cullen
Office of the Attorney General
State of Minnesota
david.cullen@state.mn.us
Ste. 1200
445 Minnesota Street
St. Paul, MN 55101

A copy of the forgoing has also been forwarded by ordinary mail to the following:

Michael D. Kinkley
Scott M. Kinkley
Law Office of Michael D. Kinkley
Ste. 914
4407 North Division Street
Spokane, WA 99207

On this 11th day of May, 2011.

                                */s/Dennis E. Murray, Sr.*
                                Dennis E. Murray, Sr., Esq. (0008783)
                                Donna J. Evans, Esq. (0072306)

                                Attorneys for Defendant/Counterclaim Plaintiff