## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS is made on this 27th day of April, 2011 by and between RENEE JONES ("JONES") and Midland Credit Management, Inc. ("MCM").

**Definitions**

A. **"JONES-Related Persons"** shall mean JONES's spouse, family, successors, assigns, agents, servants, heirs, executors, administrators, representatives, insurers, employees, attorneys, beneficiaries and all others through HER.

B. **"MCM-Related Persons"** shall mean MCM's predecessors, successors, assigns, parent corporations (including, but not limited to, Encore Capital Group, Inc.), subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees, and Midland Funding LLC.

C. **"Agreement"** shall mean this Confidential Settlement Agreement and Release of Claims.

D. **"Parties"** shall mean JONES and MCM.

E. **"Lawsuits"** shall mean the cases titled *MIDLAND FUNDING LLC v. RENEE JONES*, No. GV10013720-00, filed on or about June 18, 2010 in the Newport News, Virginia General District Court and its counter-claim, *RENEE JONES v. MIDLAND FUNDING LLC*, No. GV10020841-00, filed on or about August 26, 2010 in the Newport News, Virginia General District Court.

F. **"Claims"** shall mean all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature.

G. **"Credit Bureaus"** shall mean the following national credit reporting agencies: Equifax, Experian and TransUnion.

H. The **"MCM Account"** shall mean the MCM Account 8532166030 that is the subject of the Lawsuits that was formerly a First North American National Bank Account bearing account number 4146820003718291.

In consideration of the covenants contained herein, the Parties acknowledge, promise and agree as follows:



1. In exchange for the consideration provided for in Paragraph two (2) below, JONES releases MCM and MCM-Related Persons (the "Released Parties") from any and all Claims related to the MCM Account. The Released Parties shall release JONES from any and all Claims related to the MCM Account. Further, JONES shall not initiate any complaint, investigation or proceeding against the Released Parties with the Federal Trade Commission, any Attorney General, Better Business Bureau or any other federal, state or local law enforcement, regulatory or administrative commission, group, board or person, whether public or private regarding any acts, failure(s) to act, omissions, facts, events, misrepresentations, transactions, occurrences or other matters which relate to this Agreement or the Lawsuit.

2. Within ten (10) business days of receipt of this Agreement fully executed by JONES and her attorney and a W-9 from JONES's attorney, MCM shall issue one check in the amount of Twenty-five thousand dollars ($25,000) payable to JONES's attorney, Consumer Litigation Associates, P.C. JONES shall indemnify and hold the Released Parties and their attorneys harmless for any taxes, claims, penalties, interest and/or attorneys' fees incurred by JONES in connection with this payment. The Released Parties make no representations regarding tax consequences, if any, of the payment made pursuant to this Agreement. The Parties shall pay their own court costs and attorneys' fees.

3. Within seven (7) business days of the payment set forth in Paragraph two (2), the parties shall dismiss the Lawsuits in their entirety with prejudice and shall file forthwith the requisite dismissals with prejudice with the requisite court and withdraw any related claims pending before any tribunals, courts or administrative bodies. JONES shall cause a conformed copy of the request for dismissal with prejudice of the Lawsuit to be delivered to J. ANTHONY LOVE, c/o KING & SPALDING LLP, 1180 Peachtree Street, N.E., Atlanta, GA 30309, within ten (10) business days after the payment set forth in Paragraph two (2).

4. MCM represents that an MCM-Related Person is the sole creditor with respect to the MCM Account and that MCM has complete authority to act on any MCM-Related Person's behalf other than the Credit Bureaus. As further consideration for this Agreement, MCM hereby releases JONES from any and all Claims related to the MCM Account. MCM further agrees to cease all collection activity regarding the MCM Account and will not assign, sell or transfer any rights in connection with the MCM Account to any person or entity. It is specifically understood that this Agreement shall be applicable solely to the MCM Account referenced above, and will not apply to any other accounts currently owned or hereinafter acquired by MCM-Related Persons.

5. After receipt of the signed Agreement, MCM will request that the Credit Bureaus delete MCM's reporting of the trade lines associated with JONES's MCM Account. JONES agrees and acknowledges that MCM has no ability to delete the trade lines of the original or other owners of the MCM Account, and that MCM's sole obligation shall be to submit the request to delete MCM's reporting of the trade line associated with JONES's MCM Account.

6. JONES acknowledges that the Credit Bureaus are separate entities from MCM. Accordingly, JONES acknowledges that MCM cannot guarantee, warrant or take responsibility for the performance of the Credit Bureaus with respect to changing, deleting, suppressing or

making entries regarding any credit information or other information regarding JONES or JONES's MCM Account. JONES represents that she understands the limitations on MCM in this regard and that any action, omission and/or error by the Credit Bureaus shall not constitute a breach of this Agreement.

7. JONES acknowledges that the Credit Bureaus' processes for acting on MCM's request may take time, and that MCM shall have no obligation to follow-up with the Credit Bureaus to ensure deletion. Provided that MCM has requested deletion of MCM's reporting of the trade line associated with JONES's MCM Account, JONES hereby waives any and all claims, whether arising in contract or tort, common law or statute and/or federal or state law (including, but not limited to, claims for any damages, attorneys' fees and/or costs) against MCM that may arise subsequent to the date of this Agreement and which arise out of or relate to actions required to be taken by MCM pursuant to Paragraph five (5) above.

8. This Agreement is the result of compromise, and is entered into in good faith for the purpose of fully and finally settling all disputes arising out of the facts alleged in or capable of being alleged in the Lawsuit, and to avoid the expense and uncertainty of further litigation. JONES acknowledges that the consideration set forth in Paragraph two (2) of this Agreement is valuable and is provided for, among other things, the purpose of termination with prejudice, and obviating further involvement in litigation based upon disputed claims raised by JONES in the Lawsuit and is provided without any admission or concession whatsoever by the Released Parties or that they engaged in any wrongful or unlawful act, or violated any federal, state or local statute, ordinance, law or regulation which the Released Parties expressly deny.

9. This Agreement covers and includes all claims that JONES has against the Released Parties up to and including the date of this Agreement, whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise.

10. JONES warrants that she has read this Agreement and has consulted with her attorney regarding the contents and significance of this Agreement. In executing this Agreement, JONES does so with full knowledge of any and all rights she may have, and the contents of this Agreement and its meaning, which have been fully explained to her by her attorney. JONES understands the contents and significance of this Agreement and enters into this Agreement voluntarily of her own free will. JONES further represents and warrants that no person other than herself has any interest or right in the matters referred to in Paragraphs E and F above, that JONES has the sole right and exclusive authority to execute this Agreement and that JONES has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

11. The terms of this Agreement, its contents and the settlement amount set forth in Paragraph two (2) are confidential and shall not be disclosed by any party or their counsel except as required by legal process or by regulatory obligations. However, JONES shall be allowed to discuss the terms of this Agreement with her immediate family, tax professionals, and attorney(s). JONES shall notify MCM of any subpoena received regarding this Agreement, its terms or contents or the negotiations underlying this Agreement. JONES must provide this

notification, including copies of the subpoena within three (3) business days of her receipt of the subpoena.

12. The provisions of this Agreement shall inure to the benefit of, and shall be binding upon successors in interest, assigns and legal representatives of MCM, MCM-Related Persons, JONES and JONES -Related Persons.

13. Virginia law shall govern the validity and interpretation of this Agreement.

14. This Agreement sets forth the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous oral and/or written agreements or representations.

15. This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties.

16. Should any of the provisions set forth herein be determined to be invalid by any court, agency or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end the provisions of this Agreement are declared severable.

17. In the event that notice to one of the Parties must be provided under the terms of this Agreement, notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

    a.    For JONES:    Leonard A. Bennett
                                         Consumer Litigation Associates, P.C.
                                         12515 Warwick Boulevard, Suite 100
                                         Newport News, VA 23606

    b.    For MCM:    Midland Credit Management, Inc.
                                         Attn: Legal Department
                                         8875 Aero Drive, Suite 200
                                         San Diego, CA 92123

18. This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective April 27, 2011, regardless of the date on which such Agreement is signed.

MIDLAND CREDIT MANAGEMENT, INC.

By: _____

Name: _____

Title: _____

Date: _____

RENEE JONES

_____

Date: _____

APPROVED AS TO FORM:

_____
Leonard A. Bennett
Attorney for Plaintiff

## NOTARY

STATE OF _____

COUNTY OF _____

Subscribed and sworn to (or affirmed) before me on this _____ day of _____,

20 _____ by _____ , proved to me on the basis of satisfactory

evidence to be the person(s) who appeared before me.

SEAL

_____
Signature