# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARTHA VASSALLE, <br> 1426 Lindsley Street <br> Sandusky, Ohio 44870 <br><br> and <br><br> JEROME JOHNSON <br> 1601 North Larchmont Drive <br> Sandusky, Ohio 44870 <br><br>       Plaintiffs, <br><br> vs. <br><br> MIDLAND FUNDING, LLC <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> MIDLAND CREDIT MANAGEMENT, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br> and <br><br> ENCORE CAPITAL GROUP, INC. <br> 8875 Aero Drive <br> San Diego, California 92123 <br><br>       Defendants | Case No. 3:11-cv-0096, N.D. Ohio <br><br> HON. DAVID A. KATZ <br><br> **And Related Cases:** <br> Case No. 3:08-cv-1434, N.D. Ohio <br> Case No. 3:10-cv-0091, N.D. Ohio <br> Case No. 3:11-cv-1332, N.D. Ohio <br><br> **ORDER APPOINTING HON. RICHARD MCQUADE AS SPECIAL MASTER PURSUANT TO FED. R. CIV. P. 53** |

      This matter came before the Court for hearing pursuant to the Order Granting Preliminary Approval of Class Action Settlement, dated March 11, 2011 ("Preliminary Approval Order") as set forth in the Settlement Agreement dated March 7, 2011.

The Court held a Final Settlement Fairness Hearing on July 11, 2011, at which time all interested persons were given an opportunity to state any objections to the Settlement Agreement.

On August 12, 2011, the Court entered a Memorandum Opinion and Final Judgment (Dkt. 160), which approved the class settlement and made several holdings regarding enforcement of the injunctive relief, including the desire, consistent with the Settlement Agreement, to appoint the Hon. Richard McQuade, former federal district court judge, as a Special Master.

On September 14, 2011, Hon. Richard McQuade submitted an affidavit (Dkt. 169), pursuant to Fed. R. Civ. P. 53(a)(2) and (b)(3), which disclosed that there is no ground for disqualification under 28 U.S.C. § 455.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Based on the foregoing, Hon. Richard McQuade is hereby appointed as Special Master, pursuant to Fed. R. Civ. P. 53.

2. The Special Master, as an agent of the Court, shall function as the Court's representative and not on behalf of any party.

3. The Special Master shall serve until the expiration of the Court's jurisdiction to enforce the injunctive relief, or until the Court terminates his appointment (whichever comes first).

4. The Special Master shall proceed with all reasonable diligence and shall commence his duties immediately upon entry of this Order.

5. The Special Master shall perform his duties in the following manner:

(a) Conduct a review of the Defendants' Affidavit Procedures (Dkt. 160, pp. 34-35)(defining "Affidavit Procedures"), including making findings as to whether the Affidavit Procedures are reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit. In the event that the Special Master finds that the Affidavit Procedures are not reasonably assured to prevent the use of affidavits in debt collection lawsuits where the affiant does not have personal knowledge of the facts set forth in the affidavit, Defendants shall have thirty (30) days to revise procedures so as to cure any defects identified by the Special Master. Defendants shall submit to the Special Master a declaration from the responsible person confirming that the Affidavit Procedures approved by the Special Master have been implemented. A copy of such declaration shall be filed with this Court.

(b). The Special Master may meet directly with and may communicate directly with those representatives of Defendants who are responsible for compliance, as well as with Defendants' counsel and Plaintiffs' counsel. Of course, the Special Master may not in any way violate any party's right under the attorney client privilege to keep confidential communications with counsel nor encroach upon counsel's work product. If any party does assert a legal privilege to avoid providing information, the party shall do so in writing and if the other party or the Special Master chooses to contest that assertion, the parties shall forthwith file the parties' respective position papers with the Court.

(c). The Special Master shall have access to all information and documents that he requires to perform his job, unless such documents or information are protected

by privileges, other limitations on disclosure or any other provision of the Federal Rules of Civil Procedure.

(d). At his discretion, the Special Master may file periodic reports with the Court. They shall be public documents. As part of his reports and at other times as the Special Master deems necessary, the Special Master may make recommendations to the Court regarding the need for and nature of additional measures to enforce the Judgment and the Court's subsequent orders, as to the matters that led the Court to issue its August 12, 2011 Order.

6. Prior to the termination of his service, the Special Master shall also make and file findings regarding the matters assigned to him. The Special Master's findings shall be deemed final. However, the Special Master shall not have the power to enforce any findings, recommendations, the Judgment, nor the Court's subsequent orders.

7. (a) In order to carry out his duties, the Special Master may engage in ex parte communications with Plaintiffs' and Defendants' counsel, and employees of the Defendants. The Special Master shall treat as confidential all information specifically disclosed to him in confidence, much like as if he were functioning as a mediator. As to joint sessions (i.e., meetings or sessions where representatives of plaintiffs and defendant are present), the exchanges shall be subject to the provisions of Fed. R. Evid. 408.

(b) The Special Master also may engage in ex parte communications with the Court.

(c) The Special Master shall not engage in communications with the press or media absent advance authorization from the Court. If any state or federal agency seeks information or otherwise makes an inquiry, the Special Master shall notify the Court and

Defendants' counsel at least five days prior to providing any information in response to the request or inquiry.

8. The Special Master shall preserve all writings he or those employed by him generate in performing his duties under the terms of this order. "Writings" include, but are not limited to, correspondence; memoranda; records; reports; notes, including telephone conversations; work papers; drafts; bills; invoices; financial and accounting records; disks; emails; or other computer electronic or magnetic storage media; and all other printed recorded or photographic matter or sound reproductions.

9. <u>Compensation</u>:

(a). Defendants shall pay the Special Master's reasonable hourly fee (not to exceed $300.00 per hour) and expenses. Payment shall be made directly to the Special Master. Reasonable expenses shall include, but are not limited to, transcriptions, photocopy fees, mail, delivery costs, travel and related incidental expenses.

(b). The Special Master shall submit bills for his hourly fees and expenses to Defendants. Defendants shall approve payment within 30 days of receipt of the monthly billing. If Defendants dispute a bill from the Special Master, it shall have thirty days to review and submit objections and/or request additional clarifying information or documentation to the Special Master. The Special Master shall have fifteen days in which to respond and to provide the additional information and/or documentation requested. If within 45 days of presentation of the Special Master's bill to Defendants, there is still a dispute, Defendants and the Special Master shall submit the dispute to the Court for resolution. Defendants and the Special Master shall prepare a joint statement regarding the disputed payment for filing within 60 days of submission of the Special Master's bill

to Health Services. If Defendants dispute a bill in this fashion, Defendants shall still be obligated to approve reimbursement to the Special Master within 30 days of billing, unless the Court orders otherwise.

10. As to items that the Special Master is required to file, he may mail them directly to the Court's chambers, with proof of service on the counsel of record.

11. The parties are ORDERED to cooperate in good faith with the Special Master, pursuant to the foregoing provisions. In this regard, if to accomplish his duties the Special Master must undertake necessary measures not specifically referred to in the preceding provisions, the parties shall not object or resist merely because the measures were not specified.

*s/ David A. Katz*
Hon. David A. Katz
District Judge